Law Clerk's Copy

FILED
HARRISBURG
SEP 10 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CLARK, | : | NO.: 1:CV01-0764 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | (JUDGE CALDWELL) |
| MARTIN HORN, Secretary, | : | |
| Pennsylvania Department of | : | |
| Corrections; ROBERT MEYERS, | : | |
| Superintendent, State Correctional | : | JURY TRIAL DEMANDED |
| Institution at Rockview; | : | |
| WEXFORD HEALTH SOURCES, | : | |
| INC., Health Care Provider at | : | |
| the State Correctional Institution | : | |
| at Rockview; JOHN SYMONS, | : | |
| M.D., Medical Director, State | : | |
| Correctional Institution at | : | |
| Rockview; LARRY LIDGETT, | : | |
| Health Care Administrator, | : | |
| State Correctional Institution at | : | |
| Rockview, | : | |
| Defendants: | | |

### DEFENDANTS, JOHN SYMONS, M.D. AND WEXFORD HEALTH SOURCES, INC.'S WAIVER OF REPLY TO PLAINTIFF'S COMPLAINT

Defendants, John Symons, M.D. and Wexford Health Souces, Inc. by and through their counsel, Lavery, Faherty, Young & Patterson, P.C., and in accordance with the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997(e), as amended by §803(d) of the Prison Litigation Reform Act of 1995, hereby waive their right to reply to Plaintiff's Complaint in this action, which is brought pursuant to 42 U.S.C. §1983.  Pursuant to 42 U.S.C. §1997(e)(g), this waiver does not constitute an admission of any of the allegations contained in the Complaint.  Furthermore, Defendants, John Symons, M.D. and Wexford Health Sources, Inc. assert all available defenses to the Complaint, including, but not limited to the following:

<u>AFFIRMATIVE DEFENSES</u>

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint fails to state claims or causes of action upon which relief can be granted against Answering Defendants.

<u>SECOND AFFIRMATIVE DEFENSE</u>

At no time material hereto did Answering Defendants deprive Plaintiff of his federally protected rights and Answering Defendants'

2

actions do not rise to the level of a violation of the Constitution or laws of the United States.

### THIRD AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants ever show any deliberate indifference towards any legitimate and/or serious medical needs of the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was granted and afforded all rights and privileges available to prisoners at the SCI-Rockview in relation to medical treatment.

### FIFTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was granted reasonable and proper medical treatment in accordance with state and federal laws and the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants ever allow or administer unnecessary or wanton infliction of pain upon the Plaintiff.

3

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred and/or limited by Plaintiff's failure to exhaust administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

At no time material hereto, were the Constitutional or civil rights of Plaintiff violated by Answering Defendants in any manner whatsoever.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action for violation of Plaintiff's Eighth Amendment rights to the Constitution.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred and/or limited by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Any injuries and/or damages suffered by Plaintiff, which are specifically denied, were caused by other persons, entities or events over which Answering Defendants had no control, including Plaintiff himself.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has received proper and appropriate medical treatment from Answering Defendants at all times material hereto.

4

### THIRTEENTH AFFIRMATIVE DEFENSE

The treatment afforded the Plaintiff was, at all times material hereto, in accordance with the applicable medical standards and applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were the result of the condition from which Plaintiff suffered, his own actions, and/or his refusal to follow medical instructions.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege any cognizable claims for any punitive damages against the Answering Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege any claim or cause of action for any unconstitutional policy, practice, or custom against Answering Defendant, Wexford Health Sources, Inc. upon which relief can be granted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendants plead as an affirmative defense all limitations on causes of action, including any and all limitations on damages, imposed by the Prison Litigation Reform Act of 1995 as amended, U.S.C. 1997(e)(a).

WHEREFORE, Answering Defendants, John Symons, M.D. and Wexford Health Sources, Inc. respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice and enter judgment in their favor along with the allowable costs of this action.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: *(signature)*
James D. Young, Esquire
Atty No. 53904
301 Market St., Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Defendants
John Symons, M.D. and
Wexford Health Sources, Inc.

DATE: 9/10/01

6

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 10th day of September, 2001, I served a true and correct copy of the foregoing WAIVER OF REPLY TO PLAINTIFF'S COMPLAINT via U.S. First Class mail, postage prepaid, addressed as follows:

William Clark
#AY5585
SCI-Rockview
PO Box A
Bellefonte, PA 16823

John Talaber, Esquire
Office of Chief Counsel
PA Department of Corrections
55 Utley Drive
Camp Hill, PA 17011

_Linda L. Gustin_
Linda L. Gustin