**FILED**
**HARRISBURG**

FEB 0 4 2002

MARY E. D'ANDREA, CLERK
Per_____/DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,
: 
    Plaintiff,
: 
: Civil Action No. 01-CV-0764
v.
: 
: (Judge William W. Caldwell)
LARRY LIDGETT, et. al.,
: 
: JURY TRIAL DEMANDED
    Defendants.
:

## CORRECTIONS DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Martin Horn, Robert Meyers, and Larry Lidgett, by and through their attorney, John J. Talaber, Assistant Counsel, respectfully request this Honorable Court to grant them an enlargement of time until March 21, 2002 to respond to Plaintiff's Interrogatories and Request for Production of Documents. The following averments are made in support of this Motion:

Parties and Nature of Action:

1.     Plaintiff William Clark is an inmate currently incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"). See Complaint (doc. 1), ¶2.

2. Clark named the following Department of Corrections employees as Defendants ("Corrections Defendants"): (1) former Secretary of the Department, Martin Horn; (2) SCI-Rockview Superintendent, Robert W. Meyers; and (3) former SCI-Rockview Corrections Health Care Administrator, Larry Lidgett. See Complaint, ¶¶ 3, 4, 7.

3. Additionally, Clark named as Defendants the contracted medical provider at SCI-Rockview: (1) Wexford Health Sources, Inc ("Wexford'); and (2) Wexford Medical Director, Dr. John Symons. James D. Young, Esquire, represents both parties in this action. See Complaint, ¶¶ 5,6; see also Entry of Appearance (doc. 11).

4. This is a 42 U.S.C. § 1983 action alleging deliberate indifference to the treatment of Clark's Hepatitis C condition in violation of his Eighth Amendment rights under the United States Constitution. Clark also has pendent state claims of negligence and medical malpractice. Clark seeks compensatory and punitive damages, as well as, declaratory and injunctive relief. See Complaint, ¶¶ 8-58; Relief Requested, pp. 10-11.

Relevant Procedural History:

5. Clark filed the Complaint on May 2, 2001. (Doc. 1).

6. All the Defendants waived service of summons on August 2, 2001. (Doc. 12).

2

7. On September 10, 2001, Defendants Wexford and Dr. Symons waived reply to the Complaint pursuant to their rights under 42 U.S.C. §1997(e), as amended by §803(d) of the Prison Litigation Reform Act of 1995. (Doc. 13).

8. On September 14, 2001, the Corrections Defendants waived reply to the Complaint pursuant to their rights under 42 U.S.C. §1997(e), as amended by §803(d) of the Prison Litigation Reform Act of 1995. (Doc. 14).

9. Since September 2001, the parties have engaged in good-faith discovery.

10. On January 2, 2002, Clark served the following: (1) a Request for Production of Documents directed to all the Defendants; and (2) Interrogatories directed to Horn, Meyers, and Lidgett.

11. Accordingly, pursuant to Fed.R.Civ.P. 33(b), Fed.R.Civ.P. 34(b), in conjunction with Fed.R.Civ.P. 6(e)(allowing for three additional days when served by mail), responses to Clark's discovery requests are now due.

<u>Request for an Enlargement of Time:</u>

12. The Corrections Defendants, by and through the undersigned attorney, respectfully request an enlargement of time until March 21, 2002 to serve their responses to Clark's discovery requests.

3

13. Federal Rule of Civil Procedure 6(b) provides, in part, that "[w]hen by these rules ... an act required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... order the period enlarged if request therefore is made before expiration of the period originally prescribed ...."

14. This request for an enlargement of time is made so that the undersigned attorney can consult with his clients; specifically, Defendants Lidgett and Horn, both of who voluntarily terminated their employment with the Department of Corrections, regarding Clark's very detailed and specific interrogatories. Defendant Horn is now working in New York City. Defendant Lidgett has retired from SCI-Rockview, but is believed to be residing in the Commonwealth.

15. Additionally, regarding Clark's Request for Production of Documents, the undersigned attorney needs additional time so that he can coordinate with the Department of Corrections, Bureau of Health Care Services to obtain complete copies of the relevant materials requested, review the documents, and prepare the Response.

16. Since Clark served the discovery requests on the undersigned attorney, his schedule has been unusually busy, with a significant amount of time during January 2002 devoted to preparing another civil rights action for retrial on

4

February 11, 2002: <u>Ogden v. Stepanik, et al.</u>, USDC-MD, 96-CV-0435 (Judge Caputo). It was only on Friday, February 2, 2002, that a continuance of this matter was granted and the retrial was rescheduled for April 2002.

17. The undersigned attorney will work with the staff in his Office in obtaining the necessary information to respond throughout February and the beginning or March 2002; however, he will be away from the Office the last week of February to attend a professional conference that has been on his schedule since October 2001.

18. The Corrections Defendants' anticipate filing a motion for summary judgment soon after serving responses to Clark's outstanding discovery requests.

19. This motion is not submitted for purposes of needless delay or for the purpose of prejudicing the claim of Clark, or inconveniencing the Court or the Wexford Defendants.

**WHEREFORE**, for the reasons set forth above, the Corrections Defendants respectfully request the Court to grant them an enlargement of time until March 21, 2002 to respond to Plaintiff's Request for Productions of Documents and Interrogatories.

                                        Respectfully submitted,
                                        Pennsylvania Department of
                                        Corrections, Office of Chief Counsel

BY: _____
        John J. Talaber
        Assistant Counsel
        Attorney Id. No. 83279

        55 Utley Drive
        Camp Hill, PA  17011
        (717) 731-0444

Dated:     February 4, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CLARK, | : |
| Plaintiff, | : |
| | : Civil Action No. 01-CV-0764 |
| v. | : |
| | : (Judge William W. Caldwell) |
| LARRY LIDGETT, et. al., | : |
| | : JURY TRIAL DEMANDED |
| Defendants. | : |

## PROOF OF SERVICE

The undersigned hereby certifies that the Corrections Defendants' Motion for an Enlargement of Time to Respond to Plaintiff's Interrogatories and Request for Production of Documents was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

William Clark, AY-5585
SCI-Rockview
Box A
Bellefonte, PA 16823

James D. Young, Esquire
Lavery, Faherty, Young & Patterson, PC
The Kunkel Building
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245

*Jennifer J Schade*
Jennifer L. Schade
Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: February 4, 2002