# ORIGINAL

**FILED**
MAR 2 5 2002
PER _____
HARRISBURG, PA  DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,                    :
                                     :
      Plaintiff,                 :
                                       :    Civil No. 01-0764
                                       :
      v.                        :    (Judge William W. Caldwell)
                                       :
LARRY LIDGETT, et al.,            :
                                       :
      Defendants.                :

## SUPPORTING DOCUMENTS TO CORRECTIONS DEFENDANTS'
## MOTION FOR A PROTECTIVE ORDER

Request for Production of Documents to Defendants Horn,
Meyers, Symons and Lidgett.......................................................... Exhibit A

Plaintiff's Interrogatories to Defendant Lidgett........................................... Exhibit B

Plaintiff's Interrogatories to Defendants Horn and Meyers.......................... Exhibit C

Defendants' Response to Plaintiff's First Request for
Production of Documents.............................................................. Exhibit D

Respectfully submitted,
Office of General Counsel

BY: _____

John J. Talaber
Assistant Counsel
Pa. Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444
Attorney Id. No. 83279

Dated:        March 25, 2002

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,                          :       NO. 1:CV-01-0764
                                        :
                Plaintiff,              :       (JUDGE CALDWELL)
                                        :
vs.                                     :
                                        :
MARTIN HORN, Secretary,                 :
Pennsylvania Department of              :
Corrections; ROBERT MEYERS,             :
Superintendent, State Correctional      :
Institution at Rockview;                :
WEXFORD HEALTH SOURCES,                 :
INC., Health Care Provider at           :
the State correctional Institution      :
at Rockview; JOHN SYMONS,               :
M.D., Medical Director, State           :
Correctional Institution at             :
Rockview; LARRY LIDGETT,                :
Health Care Administrator,              :
State Correctional Institution at       :
Rockview,                               :       JURY TRIAL DEMANDED
                                        :
                Defendants.             :

## REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANTS HORN, MEYERS, SYMONS AND LIDGETT

NOW COMES the Plaintiff, William Clark, *pro se*, and respectfully requests the

following documents:

1. Please provide each and every copy of Plaintiff's request slips or grievances and any

and all responses to same from prison or medical department personnel relating to

Plaintiff's questions or requests pertaining to his hepatitis C.

RESPONSE:

2.   Please provide copies of all prior draft criteria established by the Commonwealth of Pennsylvania Department of Corrections and/or Wexford Health Sources, Inc., and state whether or not they were ever approved, put in force, or used to make any determination for treatment of individuals with Hepatitis C.

RESPONSE:

3.   Please state the date each such draft criteria was completed, and the names of any and all individuals who worked on, assisted, or in any way, shape, or form contributed to the creation of said guidelines drafts.

RESPONSE:

4.   Please provide a copy of the current hepatitis C treatment protocol, and provide the date it was implemented, including any copies of revisions, the dates of each revision, the names of any and all individuals who worked on, assisted, or in any way, shape, or form contributed to the creation of said protocol(s).

RESPONSE:

5.   Please provide a copy of each and every evaluation for eligibility for the Interferon/Ribavirin treatment protocol which was performed on Plaintiff with regards to his hepatitis C.

RESPONSE:

6. Please provide a copy of Plaintiff's complete medical record.

RESPONSE:

Respectfully submitted:

William Clark, *pro se*
Box A - AY-5585
Bellefonte, PA 16823

Date: __JANUARY 2__, 2002

## CERTIFCATE OF SERVICE

I, William Clark, certify that I have this day served upon the below indicated person(s) a true and correct copy of the foregoing document by placing same in the United States mail, postage prepaid, addressed as follows:

James D. Young, Esq.                    John J. Talaber, Esq.
301 Market Street, Suite 800            Office of Chief Counsel
P.O. Box 1245                           55 Utley Drive
Harrisburg, PA 17108-1245               Camp Hill, PA 17011


Respectfully submitted:

William Clark, *pro se*
Box A - AY-5585
Bellefonte, PA 16823


Date: _JANUARY 2_____, 2002

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT FOR THE

## MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,                          :

        Plaintiff,                      :

                            :

vs.                                     :

                            :    NO. 1:CV-01-0764

MARTIN HORN, Secretary,                 :

Pennsylvania Department of              :    (JUDGE CALDWELL)

Corrections; ROBERT MEYERS,             :

Superintendent, State Correctional      :

Institution at Rockview;                :

WEXFORD HEALTH SOURCES,                 :

INC., Health Care Provider at           :

the State correctional Institution      :

at Rockview; JOHN SYMONS,               :

M.D., Medical Director, State           :

Correctional Institution at             :

Rockview; LARRY LIDGETT,                :

Health Care Administrator,              :

State Correctional Institution at       :

Rockview,                               :    JURY TRIAL DEMANDED

                            :

        Defendants.                     :

## PLAINTIFF'S INTERROGATORIES
## TO DEFENDANT LIDGETT

**NOW COMES** the Plaintiff, pro se, and hereby submits the following Interrogatories

to Defendant Lidgett, to be answered under oath by you, your agent, representative, or

attorney, who is competent to testify on your behalf concerning the facts about which

inquiry is hereby made, said interrogatories to be answered within twenty-eight (28) days

of the date of service of said interrogatories upon said Defendants, pursuant to the

provisions of the Federal Rules of Civil Procedure.  All interrogatories shall be deemed

continuing, and shall require supplemental answers containing all such subsequently acquired knowledge, within 28 days of acquiring further knowledge.

## INTERROGATORIES

1. Prior to answering these interrogatories, have you made due diligent search of all books, records, and papers of the Defendant and due diligent inquiry of all agents, and employees of the Defendant with a view to eliciting all information available in this action?

## ANSWER

2. State your full name, professional and residence addresses, and attach a current copy of your *curriculum vitae* (CV). In the event you do not have a CV, state in detail your professional qualifications, including your education by identifying schools from which you graduated and the degrees granted and dates thereof, your medical internships and residencies, fellowships and a bibliography of your professional writing(s).

## ANSWER

3.   State whether you have held any position on a committee or with an administrative body at any hospital or prison. If so, state when you held such position(s) and the duties and responsibilities involved in such position(s).

**ANSWER**

4. Have you ever been named as a defendant in a lawsuit arising from alleged malpractice, professional negligence, or civil rights violations? I f so, state the court, the caption and the case number for each lawsuit.

**ANSWER**

5. Since the institution of this action, have you been asked to appear before or attend any meeting of a medical committee or official board of any medical society or other entity for the purpose of discussing this case? If so, state the date(s) of each such meeting and the name and address of the committee, society or other entity conducting each meeting.

**ANSWER**

6. Have you ever testified in court in a medical malpractice, professional negligence, or civil rights case? If so, state the court, the caption and the case number of each such case, the approximate date of your testimony, whether you testified as a treating physician or expert and whether you testified on your own behalf or on behalf of the defendant or the plaintiff.

**ANSWER**

7. Has your license to practice medicine ever been suspended or has any disciplinary action ever been taken against you in reference to your license? If so, state the specific disciplinary action taken, the date of the disciplinary action, the reason for the disciplinary action, the period of time for which the disciplinary action was effective and the name and address of the disciplinary entity taking the action.

**ANSWER**

8. State the exact dates and places on and at which you saw the plaintiff for the purpose of providing care or treatment.

**ANSWER**

9. State the name, author, publisher, title, date of publication and specific provision of all medical texts, books, journals or other medical literature which you or your attorney intend to use as authority or reference in defending any of the allegations set forth in the complaint.

**ANSWER**

10. Were you named or covered under any policy or policies of liability insurance at the time of the care and treatment alleged in the complaint? If so, state for each policy:

    a. The name of the insurance company;

    b. The policy number;

    c. The effective policy period;

    d. The maximum liability limits for each person and each occurrence, including umbrella and excess liability coverage; and

    e. The named insured(s) under the policy.

**ANSWER**

11. Are you incorporated as a professional corporation? If so, state the legal name of your corporation and the name(s) and address(es) for all shareholders.

**ANSWER**

12. If you are not incorporated as a professional corporation, state whether you were affiliated with a corporate medical practice or partnership in any manner on the date(s) of the occurrence(s) alleged in the complaint.  If so, state the name of the corporate medical practice or partnership, the nature of your affiliation and the dates of your affiliation.

**ANSWER**

13. Were you at any time an employee, agent, servant, shareholder or partner of the Pennsylvania Department of Corrections and/or Wexford Health Sources, Inc.? If so, state the date(s) and nature of your relationship with each.

**ANSWER**

14. State whether there were any policies, procedures, guidelines, rules or protocols for the treatment of hepatitis C that were in effect at the State Correctional Institution at Rockview and/or by Wexford Health Sources, Inc., at the time of the care and/or treatment alleged in the complaint. If so, state as to each:

a. Whether such policies, guidelines, rules or protocols are published or otherwise reduced to writing, and by whom;

b. The effective date of said policies, guidelines, rules or protocols;

c. Which medical professionals are bound by said policies, guidelines, rules or protocols; and

d. Who is the administrator of any such policies, procedures, guidelines, rules and/or protocols;

e. Whether the policies, guidelines, rules or protocols in effect at the time of the occurrence alleged in the complaint have been changed, amended, or altered since the occurrence. If so, state the change(s) and the date(s) of any such change(s).

**ANSWER**

15. Do you know of any statements made by any person relating to the care and treatment or the damages described in the complaint? If so, give the name and address of each such witness and the date of the statement, and state whether such statement was written or oral and if written the present location of each such statement.

**ANSWER**

16. Do you have any information:

a. That any plaintiff was, within the 10 years immediately prior to the care and treatment described in the complaint, confined in a hospital, clinic, and/or jail or prison infirmary, treated by a physician and/or other health professional, or x-rayed for any reason other than personal injury? If so, state the name of each plaintiff so involved, the name and address of each such hospital, clinic, and/or jail or prison physician, technician and/or health care professional, the approximate date of such confinement or service and state the reason for such confinement or service.

b. That any plaintiff has suffered any serious personal injury and/or illness within 10 years prior to the date of the occurrence? If so, state the name of each plaintiff

so involved and state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered.

c. That any plaintiff has suffered any serious personal injury and/or illness since the date of the occurrence? If so, state the name of each plaintiff so involved and state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered.

d. That any other suits have been filed for any plaintiff's personal injuries or illnesses? If so, state the name of each plaintiff involved, the nature of the injuries or illnesses claimed, the court(s) and caption(s) in which filed, the year(s) filed, and the title(s) and docket number(s) of the suit(s).

e. That any claim for workers' compensation benefits has been filed for any plaintiff? If so, state the name and address of the employer, the date(s) of the accident(s), the identity of the insurance company that paid any such benefits and the case number(s) and jurisdiction(s) where filed.

**ANSWER**

17. Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the care and treatment described in the complaint was provided, or have you overheard any statement made by any person at any time with regard to the illness(s) complained of by the plaintiff or the manner in which the care and treatment described in the complaint was provided? If so, state the following:

a. The date or dates of such conversation(s) and/or statement(s);

b. The place of such conversation(s) and/or statements(s);

c. All persons present for the conversation(s) and/or statement(s);

d. The matters and things stated by the person in the conversation(s) and/or statement(s);

e. Whether the conversation(s) was oral, written and/or recorded; and

f. Who has possession of the statement(s) if written and/or recorded.

**ANSWER**

18. Provide the name and address of each witness who will testify at trial and state the subject of each witness' testimony.

**ANSWER**

19. Provide the name and address of each opinion witness who will offer any testimony and state:

a. the subject matter on which each opinion witness is expected to testify;

b. The conclusions and/or opinions of each opinion witness and the basis therefore, including whether written reports have been prepared by the witness(es) and if so, attach copies of the reports, if any;

c. The qualifications of each opinion witness, including a curriculum vitae and/or résumé, if any;

d. The identity of any written reports of each opinion witness regarding this occurrence; and

e. Whether or not the opinion witness has been retained by you to testify at trial.

**ANSWER**

20. Have you retained any expert(s), other than as a consultant, to testify on your behalf at trial or to assist you in any other way? If so, for each retained expert, state:

    a. The expert's area(s) of expertise;

    b. The expert's qualifications, including a curriculum vitae and/or résumé, if any; and

    c. The conclusions and/or opinions and bases therefore, including whether written reports have been prepared by the expert(s) and if so, attach copies of the reports.

**ANSWER**

21. Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim.

**ANSWER**

22. List the name and addresses of all persons (other than yourself and persons heretofore listed) who have knowledge of the facts regarding the care and treatment complained of in the complaint filed herein and/or of the injuries claimed to have resulted therefrom.

**ANSWER**

23.  List and fully identify each and every publication and/or article you have read and/or relied upon during the course of your treatment of patients with hepatitis C, and briefly summarize same.  You may provide copies of any such publication and/or article as your answer to this interrogatory.

**ANSWER**

24.  Based on your medical training and/or education and readings relating to hepatitis C, whether formal or informal, please state the following:

  a.  Should a patient be told he/she has hepatitis C and educated as to the disease; if so, how long after testing positive should the patient be told;

  b.  How long after diagnosis should a patient with hepatitis C be evaluated for treatment;

  c.  If a patient with hepatitis C is not excluded from treatment based on medically accepted exclusionary criteria, how long after diagnosis should the patient be offered treatment; and

d. Do you believe that patients serving a court imposed sentence in a jail or prison should be evaluated for treatment using a different criteria than that used for the general public?

**ANSWER**

_____
Larry Lidgett

SUBSCRIBED and SWORN to before me this

_____ day of _____, 19____.

_____
NOTARY PUBLIC

### CERTIFCATE OF SERVICE

I, William Clark, certify that I have this day served upon the below indicated person(s) a true and correct copy of the foregoing document by placing same in the United States mail, postage prepaid, addressed as follows:

James D. Young, Esq.
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245

John J. Talaber, Esq.
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

Respectfully submitted:

William Clark, *pro se*
Box A - AY-5585
Bellefonte, PA 16823

Date: _JANUARY 2_____, 2002

EXHIBIT - C

# IN THE UNITED STATES DISTRICT COURT FOR THE

## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CLARK, | : | NO. 1:CV-01-0764 |
| | : | |
| **Plaintiff,** | : | (JUDGE CALDWELL) |
| | : | |
| vs. | : | |
| | : | |
| MARTIN HORN, Secretary, | : | |
| Pennsylvania Department of | : | |
| Corrections; ROBERT MEYERS, | : | |
| Superintendent, State Correctional | : | |
| Institution at Rockview; | : | |
| WEXFORD HEALTH SOURCES, | : | |
| INC., Health Care Provider at | : | |
| the State correctional Institution | : | |
| at Rockview; JOHN SYMONS, | : | |
| M.D., Medical Director, State | : | |
| Correctional Institution at | : | |
| Rockview; LARRY LIDGETT, | : | |
| Health Care Administrator, | : | |
| State Correctional Institution at | : | |
| Rockview, | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S INTERROGATORIES
## TO DEFENDANTS HORN AND MEYERS

**NOW COMES** the Plaintiff, pro se, and hereby submits the following Interrogatories

to Defendants Horn and Meyers, to be answered under oath by you, your agent,

representative, or attorney, who is competent to testify on your behalf concerning the facts

about which inquiry is hereby made, said interrogatories to be answered within twenty-

eight (28) days of the date of service of said interrogatories upon said Defendants,

pursuant to the provisions of the Federal Rules of Civil Procedure. All interrogatories shall

be deemed continuing, and shall require supplemental answers containing all such subsequently acquired knowledge, within 28 days of acquiring further knowledge.

**INTERROGATORIES**

1. State the full name and address of the person answering and, if different, the full name and address of the individual signing the answers.

**ANSWER:**

2. Do you know of any statements made by any person relating to the care and treatment of the plaintiff or the damages alleged of in the complaint? If so, give the name and address of each such witness and the date of the statement, and state whether such statement was written or oral and if written the present location of each such statement.

**ANSWER:**

3.  Have Defendants Horn and Meyers been named as a defendant in a lawsuit arising from alleged deliberate indifference relating to a claim of denial and/or delay of medical care or treatment for hepatitis C during the ten (10) year period preceding the filing of this lawsuit? If so, state the court, the caption and the case number for such lawsuit.

**ANSWER:**

4.  State whether Defendants Horn and Meyers were named or covered under any policy or policies of medical liability insurance at the time period alleged in the complaint? If so, state for each policy:

    a. The name of the insurance company;

    b. The policy number;

    c. The effective policy period;

    d. The maximum liability limits for each person and each occurrence, including umbrella and excess liability coverage; and

e. The named insured(s) under each policy.

**ANSWER:**

5. State the name, author, publisher, title, date of publication and specific provision of all medical texts, books, journals or other medical literature which you or your attorney intend to use as authority or reference in defending any of the allegations set forth in the Complaint.

**ANSWER:**

6. Identify each and every rule, regulation, by-law or other document of any prison, hospital, association, licensing authority, accrediting authority or other private body which

you, or your attorneys, may use at trial in defense of the allegations contained in the Complaint.

**ANSWER:**

7. State whether there were any policies, procedures, guidelines, rules or protocols for treatment of hepatitis C in effect within the Pennsylvania Department of Corrections at the time of the care and/or treatment of the plaintiff alleged in the Complaint. If so, state:

    a. Whether such policies, procedures, opinions, rules or protocols are published and by whom;

    b. The effective date of said policies, procedures, guidelines, rules or protocols;

    c. Which medical professionals are bound by said policies, procedures, guidelines, rules or protocols;

    d. Who is the administrator of any such policies, procedures, guidelines, rules or protocols;

e. Whether the policies, procedures, guidelines, rules or protocols in effect at the time of the occurrence alleged in the Complaint have been changed, amended or altered after the occurrence. If so, state the change(s) and the date(s) of any such change(s).

**ANSWER:**

8. Were Defendants Horn and Meyers an employee, agent, servant, shareholder or partner of Pennsylvania Department of Corrections at the time of the care or treatment of the plaintiff alleged in the Complaint? If so, state with specificity the nature of the relationship.

**ANSWER:**

9. State for each person who directly or indirectly was involved in the care or treatment of the plaintiff alleged in the Complaint:

    a. That person's full name and current residence address;

    b. The name and current address of that person's employer;

    c. The employment relationship of that person with Defendants Horn and Meyers;

    d. The date(s) of such person's care or treatment, including a description of the care or treatment;

    e. The name and current address of any other individual present when the care or treatment was rendered.

**ANSWER:**

10. Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the care and treatment alleged in the complaint was provided, or have you overheard any statement made by any persons at any time with regard to the injuries complained of by the plaintiff or the manner in which the care and treatment alleged in the complaint was provided? If so, state:

    a. The date or dates of such conversation(s) and/or statements(s);

    b. The place of such conversation(s) and/or statement(s);

    c. All persons present for the conversation(s) and/or statement(s);

    d. The matters and things stated by the person in the conversation(s) and/or statement(s);

    e. Whether the conversation(s) was oral, written and/or recorded; and

    f. Who has possession of the statement(s) if written and/or recorded.

**ANSWER:**

11. Do you have any information:

a. That any plaintiff was, within the 10 years immediately prior to the care and treatment alleged in the complaint, confined in a prison and/or jail, hospital and/or clinic, treated by a physician and/or other health professional, or x-rayed for any reason other than personal injury? If so, state the name of each plaintiff so involved, the name and address of each such hospital and/or clinic, physician, technician and/or other health care professional, the approximate date of such confinement or service and state the reason for such confinement or service.

b. That any plaintiff has suffered any serious personal injury and/or illness within 10 years prior to the date of the occurrence? If so, state the name of each plaintiff so involved and state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered.

c. That any plaintiff has suffered any serious personal injury and/or illness since the date of the occurrence? If so, state the name of each plaintiff so involved and state when, where and how he or she was injured and/or ill and describe the injuries and/or illness suffered.

d. That any other suit has been filed for any plaintiff's personal injuries? If so, state the name of each plaintiff involved, the nature of the injuries claimed, the court(s) and caption(s) in which filed, the year(s) filed, and the title(s) and docket number(s) of the suit(s).

e. That any claim for workers' compensation benefits has been filed for any plaintiff? If so, state the name and address of the employer, the date(s) of the accident(s), the identity of the insurance company that paid any such benefits and the case number(s) and jurisdiction(s) where filed.

**ANSWER:**

12. Provide the name and address of each witness who will testify at trial and state the subject of each witnesses' testimony.

**ANSWER:**

13. Provide the name and address of each opinion witness who will offer any testimony and state:

a. The subject matter on which each opinion witness is expected to testify;

b. The conclusions and/or opinions of each opinion witness and the basis therefore, including whether reports have been prepared by each such witness and, if so, attach copies of the reports, if any;

c. The qualifications of each opinion witness, including a curriculum vitae and/or résumé and attach copies, if any; and

d. Whether or not the opinion witness has been retained by you to testify at trial.

**ANSWER:**

14. Have you retained any expert(s), other than as a consultant to testify on your behalf at trial or to assist you in any other way. If so, for each retained expert, state:

    a. The expert's area(s) of expertise;

    b. The expert's qualifications, including a curriculum vitae and/or résumé, if any; and

    c. The conclusions and/or opinions and bases therefore, including whether written reports have been prepared by the expert(s) and, if so, attach copies of the reports, if any.

**ANSWER:**

15. Identify any statements, information and/or documents known to you and requested by any of the foregoing interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each interrogatory, specify the legal basis for the claim.

**ANSWER:**

16. List the name and address of all persons (other than yourself and persons heretofore listed) who have knowledge of the facts of the care and treatment complained of in the complaint filed herein and/or of the injuries claimed to have resulted therefrom.

**ANSWER:**

SUBSCRIBED and SWORN to before me this

_____ day of _____, 19____.

NOTARY PUBLIC

## CERTIFCATE OF SERVICE

I, William Clark, certify that I have this day served upon the below indicated person(s) a true and correct copy of the foregoing document by placing same in the United States mail, postage prepaid, addressed as follows:

James D. Young, Esq.
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245

John J. Talaber, Esq.
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

Respectfully submitted:

William Clark, *pro se*
Box A - AY-5585
Bellefonte, PA 16823

Date: JANUARY 2           , 2002

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,    :
          :
   Plaintiff,    :
          :   Civil No. 01-0764
          :
   v.      :   (Judge William W. Caldwell)
          :
LARRY LIDGETT, et al.,   :
          :
   Defendants.   :

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST
## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, Martin Horn, Robert Meyers, and Larry Lidgett, by and through

their attorney, John J. Talaber, Assistant Counsel for the Pennsylvania Department

of Corrections, in accordance with Federal Rules of Civil Procedure 26 and 34,

hereby respond to Plaintiff's First Request for Production of Documents as

follows:

  **1. Please provide each and every copy of Plaintiff's request slips or grievances and any and all responses to same from prison or medical department personnel relating to Plaintiff's questions or requests pertaining to his hepatitis C.**

  1. **Response: Objection.** Defendants object to this request pursuant to

Fed.R.Civ.P. 26(b)(2)(i) in that grievance material is obtainable from some other

source that is more convenient; specifically, Plaintiff as an inmate within the

Department of Corrections receives copies of his grievances and responses thereto.

By way of further response, the Department of Corrections, on behalf of the above-named Defendants, will produce for examination and inspection grievances and request slips maintained in Plaintiff's inmate file (DC-15) that is responsive to this request. Plaintiff will be given a reasonable amount of time to examine and inspect the above-referenced documents. Plaintiff must initiate this process by submitting an inmate request to the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan. Plaintiff, at the meeting with Mr. Rackovan or his designee, will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for the photocopies would be in accordance with Department of Corrections Policy DC-ADM 003 and its Procedure Manual.

> **2. Please provide copies of all prior draft criteria established by the Commonwealth of Pennsylvania Department of Corrections and/or Wexford Health Sources, Inc., and state whether or not they were ever approved, put in force, or used to make any determination for treatment of individuals with Hepatitis C.**

2. **Response: Objection.** The Defendants object to Plaintiff's request pursuant to Fed.R.Civ.P. 34(b) in that this request does not describe the items to be set-forth for examination and inspection with reasonable particularity; consequently, pursuant to Fed.R.Civ.P. 26(b)(1), this request does not appear to be reasonably calculated to lead to the discovery of admissible evidence for purposes of trial. By way of further response, the Defendants object to Plaintiff's request pursuant to Fed.R.Civ.P. 26(b)(5) because "all prior draft criteria established by the

2

Pennsylvania Department of Corrections and/or Wexford Health Sources, Inc." is overbroad and said documents are protected by the Executive Document Privilege. See Com. Ex rel. Unified Judicial System v. Vartan, 733 A.2d 1258 (Pa. 1999); see also Kerr v. United States Dist. Cr. For N. Dist. Of Cal., 426 U.S. 394, 405 (1976). Specifically, documents protected under the Executive Documents Privilege in the possession of the Department of Corrections include the following: (1) Hepatitis Task Force Agenda; (2) Hepatitis C Task Force Meeting Minutes; (3) non-adopted versions of policy and protocols; and (4) draft versions of Hepatitis C cost analysis.

By way of further answer, the Department of Corrections, on behalf of the above-named Defendants, will produce for examination and inspection medical journal articles, Hepatitis C education materials, final versions of the Department's Hepatitis C Protocol, and the known names and titles of individuals involved in the developing the Department's Hepatitis C Protocol.  Plaintiff will be given a reasonable amount of time to examine and inspect the above-referenced documents.  Plaintiff must initiate this process by submitting an inmate request to the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan.  Plaintiff, at the meeting with Mr. Rackovan or his designee, will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for the photocopies would be in accordance with Department of Corrections Policy DC-ADM 003 and its Procedure Manual.

3

**3.  Please state the date each such draft criteria was completed, and the names of any and all individuals who worked on, assisted, or in any way, shape, or form contributed to the creation of said guidelines drafts.**

**3.  Response:**  See Response 2, *supra*.

**4.  Please provide a copy of the current Hepatitis C treatment protocol, and provide the date it was implemented, including any copies of revisions, the dates of each revision, the names of any and all individuals who worked on, assisted, or in any way, shape, or form contributed to the creation of said protcol(s).**

**4.  Response:**  See Response 2, *supra*.

**5.  Please provide a copy of each and every evaluation for eligibility for the Interferon/Ribavirin treatment protocol which was performed on Plaintiff with regards to his hepatitis C.**

**5.  Response:**  See Response 6, *infra*.

**6.  Please provide a copy of Plaintiff's complete medical record.**

6.  **Response:  Objection.**  The Defendants object to Plaintiff's request for his complete medical record maintained in the possession of the Department of Corrections pursuant to Fed.R.Civ.P. 26(b)(5), as some of the documents contained therein are protected by the Executive Document Privilege.  See Com. Ex rel. Unified Judicial System v. Vartan, 733 A.2d 1258 (Pa. 1999); see also Kerr v. United States Dist. Ct. for N. Dist. Of Cal., 426 U.S. 394, 405 (1976).  Specifically, the Defendants object to producing the following documents maintained in Plaintiff's medical file in the possession of the Department of Corrections:  (1) Psychology reports; (2) suicide risk indicators checklist for RHU/SMU; (3)

4

cumulative adjustment record (DC-14); (4) psychology/psychiatry department referral forms; (5) psychiatric/psychological questionnaire/referral from; and (6) psychology 90-day RHU review form.

By way of further response, the Defendants will provide to Plaintiff for his review and/or copying all medical documents, correspondence reports, diagnostic test results and x-rays the Department of Corrections has in its possession. . Plaintiff will be given a reasonable amount of time to examine and inspect the above-referenced documents.  Plaintiff must initiate this process by submitting an inmate request to the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan. Plaintiff, at the meeting with Mr. Rackovan or his designee, will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for the photocopies would be in accordance with Department of Corrections Policy DC-ADM 003 and its Procedure Manual.

Respectfully submitted,
Office of General Counsel

BY: _____

John J. Talaber
Assistant Counsel
Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444
Attorney Id. No 83279

Date: March 21, 2002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,        :

      Plaintiff,     :

                  :      Civil No. 01-0764

                  :

      v.            :      (Judge William W. Caldwell)

                  :

LARRY LIDGETT, et al.,    :

                  :

      Defendants.    :

## PROOF OF SERVICE

The undersigned hereby certifies that the Defendants' Response to Plaintiff's First Request for Production of Documents was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

William Clark, AY-5585
SCI-Rockview
Box A
Bellefonte, PA 16823

John J. Talaber
Assistant Counsel

PA Department of Corrections
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444
Dated: March 21, 2002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,                          :
                                        :
            Plaintiff,                  :
                                        :        Civil No. 01-0764
                                        :
            v.                          :        (Judge William W. Caldwell)
                                        :
LARRY LIDGETT, et al.,                  :
                                        :
            Defendants.                 :

### PROOF OF SERVICE

The undersigned hereby certifies that the Supporting Documents to Corrections

Defendants' Motion for a Protective Order was served upon the person(s) in the manner

indicated below.

Service by first-class mail
addressed as follows:

William Clark, AY-5585              James D. Young, Esquire
SCI-Rockview                       Lavery, Faherty, Young & Patterson, PC
Box A                              The Kunkel Building
Bellefonte, PA  16823              301 Market Street, Suite 800
                                   P.O. Box 1245
                                   Harrisburg, PA  17108-1245


                                   _Jennifer L. Schade_
                                   Jennifer L. Schade
                                   Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  March 25, 2002