

ORIGINAL

N THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,              :

      Plaintiff,           :

vs.                         :

MARTIN HORN, Secretary,     :      NO. 1:CV-01-0764
Pennsylvania Department of  :
Corrections; ROBERT MEYERS, :      (JUDGE CALDWELL)
Superintendent, State Correctional :
Institution at Rockview;    :      JURY TRIAL DEMANDED
WEXFORD HEALTH SOURCES,     :
INC., Health Care Provider at :
the State correctional Institution :
at Rockview; JOHN SYMONS,   :
M.D., Medical Director, State :
Correctional Institution at :
Rockview; LARRY LIDGETT,    :
Health Care Administrator,  :
State Correctional Institution at :
Rockview,                   :

      Defendants.          :



**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS
HORN, MEYERS AND LIDGETTS' MOTION FOR PROTECTIVE ORDER**

**A.     Identity of the Parties and Statement of the Claim**

    In the interests of judicial economy, and without endorsement, Plaintiff will adopt the Correction Defendants' statement of the Identity of the Parties and Statement of the Claim.

**B.     Relevant Procedural History**

    In the interests of judicial economy, and without endorsement, Plaintiff will adopt the Correction Defendants' statement of the Relevant Procedural History.

**C.    Statement of the Facts**

In the interests of judicial economy, and without endorsement, Plaintiff will adopt the Correction Defendants' Statement of the Facts.

## STATEMENT OF QUESTIONS INVOLVED

**SHOULD THE COURT DEFER THE CORRECTIONS DEFEND-
ANTS' OBLIGATION TO RESPOND TO PLAINTIFF'S DISCOV-
ERY REQUESTS UNTIL THE COURT ISSUES A DECISION ON
THEIR MOTION FOR SUMMARY JUDGMENT?**

**SUGGESTED ANSWER:  NO**

## ARGUMENT

It is beyond all comprehension that the Corrections Defendants would suggest that this Court literally prevent Plaintiff from obtaining meaningful access to the court by allowing this case to proceed to summary judgment proceedings prior to any discovery being obtained by Plaintiff.

As the Corrections Defendants point out, they waived their right to reply to Plaintiff's Complaint, as did the Wexford Defendants.  In late December 2001, Plaintiff served upon both the Corrections and Wexford Defendants comprehensive discovery requests.  That was over three (3) months ago.  The Corrections Defendants sought an enlargement of time to respond to Plaintiff's discovery requests, while the Wexford Defendants simply ignored the requests. Plaintiff gave the Wexford the benefit of the doubt, and exercised patience with regard to the Corrections Defendants and did not oppose their request for additional time.  When that extra time ran out, rather than provide a full and proper response to Plaintiff's two sets of interrogatories and single request to produce documents, the Corrections Defendants filed the motion at issue herein.

The Corrections Defendants did, on March 21, 2002, respond to Plaintiff's Request for Production of Documents. That response was to object to each and every one of Plaintiff's six (6) requests. (See Exhibit A.) The Corrections Defendants are willing, pursuant to this request to produce, to allow Plaintiff to examine at least some of the documents requested and to copy same, but at the Corrections Defendants' convenience and via an elaborate procedure. Plaintiff has not as yet had an opportunity to view those documents or have same copied, so is not in a position to determine if the Corrections Defendants have complied with the discovery request or raised valid objections. Moreover, assuming Plaintiff does is in fact able to obtain the information he is seeking, that documentation must be examined by relevant experts, a lengthy and expensive process under any circumstances.

The Corrections Defendants are clearly attempting to do an end-run around the Federal Rules of Civil Procedure in this case by skipping over the discovery stage of the proceedings and jumping right into summary judgment proceedings, where they would surely prevail under the circumstances.

Plaintiff will not set forth elaborate argument and citation of authority in this matter, and will instead rely on the Court's judgment as to what the Corrections Defendants are "trying to pull" in this case. Plaintiff believes the proper course in this instance would be to stay summary judgment proceedings and allow full and complete discovery on the serious issues of public concern raised in Plaintiff's Complaint. Plaintiff believes the Court should also take it upon itself, in the interest of justice and fairness, to compel both the Corrections and Wexford

Defendants to fully and completely respond to plaintiff's valid discovery requests. Anything short of that is to deny Plaintiff meaningful access to the Courts.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny the Corrections Defendants' Motion for a Protective Order, and grant such other relief to Plaintiff as the Court feels is warranted and necessary to preserve the integrity of these proceedings.

Respectfully submitted:

William Clark, pro se
Box A - AY-5585
Bellefonte, PA 16823

DATED: _APRIL 10_____, 2002

## CERTIFCATE OF SERVICE

I, William Clark, certify that I have this day served upon the below indicated person(s) a true and correct copy of the foregoing document by placing same in the United States mail, postage prepaid, addressed as follows:

James D. Young, Esq.
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245

John J. Talaber, Esq.
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

Respectfully submitted:

William Clark, *pro se*
Box A - AY-5585
Bellefonte, PA 16823

Date: *APRIL 10* __, 2002

Exh A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,                     :

         Plaintiff,               :

                     :        Civil No. 01-0764

                     :

         v.                          :        (Judge William W. Caldwell)

                     :

LARRY LIDGETT, et al.,              :

         Defendants.              :

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, Martin Horn, Robert Meyers, and Larry Lidgett, by and through their attorney, John J. Talaber, Assistant Counsel for the Pennsylvania Department of Corrections, in accordance with Federal Rules of Civil Procedure 26 and 34, hereby respond to Plaintiff's First Request for Production of Documents as follows:

    **1. Please provide each and every copy of Plaintiff's request slips or grievances and any and all responses to same from prison or medical department personnel relating to Plaintiff's questions or requests pertaining to his hepatitis C.**

    1. **Response: Objection.** Defendants object to this request pursuant to Fed.R.Civ.P. 26(b)(2)(i) in that grievance material is obtainable from some other source that is more convenient; specifically, Plaintiff as an inmate within the Department of Corrections receives copies of his grievances and responses thereto.

By way of further response, the Department of Corrections, on behalf of the above-named Defendants, will produce for examination and inspection grievances and request slips maintained in Plaintiff's inmate file (DC-15) that is responsive to this request. Plaintiff will be given a reasonable amount of time to examine and inspect the above-referenced documents. Plaintiff must initiate this process by submitting an inmate request to the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan. Plaintiff, at the meeting with Mr. Rackovan or his designee, will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for the photocopies would be in accordance with Department of Corrections Policy DC-ADM 003 and its Procedure Manual.

**2. Please provide copies of all prior draft criteria established by the Commonwealth of Pennsylvania Department of Corrections and/or Wexford Health Sources, Inc., and state whether or not they were ever approved, put in force, or used to make any determination for treatment of individuals with Hepatitis C.**

2. **Response: Objection.** The Defendants object to Plaintiff's request pursuant to Fed.R.Civ.P. 34(b) in that this request does not describe the items to be set-forth for examination and inspection with reasonable particularity; consequently, pursuant to Fed.R.Civ.P. 26(b)(1), this request does not appear to be reasonably calculated to lead to the discovery of admissible evidence for purposes of trial. By way of further response, the Defendants object to Plaintiff's request pursuant to Fed.R.Civ.P. 26(b)(5) because "all prior draft criteria established by the

Pennsylvania Department of Corrections and/or Wexford Health Sources, Inc." is

overbroad and said documents are protected by the Executive Document Privilege.

See Com. Ex rel. Unified Judicial System v. Vartan, 733 A.2d 1258 (Pa. 1999); see

also Kerr v. United States Dist. Cr. For N. Dist. Of Cal., 426 U.S. 394, 405 (1976).

Specifically, documents protected under the Executive Documents Privilege in the

possession of the Department of Corrections include the following: (1) Hepatitis

Task Force Agenda; (2) Hepatitis C Task Force Meeting Minutes; (3) non-adopted

versions of policy and protocols; and (4) draft versions of Hepatitis C cost analysis.

By way of further answer, the Department of Corrections, on behalf of the

above-named Defendants, will produce for examination and inspection medical

journal articles, Hepatitis C education materials, final versions of the Department's

Hepatitis C Protocol, and the known names and titles of individuals involved in the

developing the Department's Hepatitis C Protocol. Plaintiff will be given a

reasonable amount of time to examine and inspect the above-referenced

documents. Plaintiff must initiate this process by submitting an inmate request to

the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan. Plaintiff, at the

meeting with Mr. Rackovan or his designee, will have the option to obtain copies

of the documents at his expense; however, Plaintiff should note that charges for the

photocopies would be in accordance with Department of Corrections Policy DC-

ADM 003 and its Procedure Manual.

**3. Please state the date each such draft criteria was completed, and the names of any and all individuals who worked on, assisted, or in any way, shape, or form contributed to the creation of said guidelines drafts.**

**3. Response:** <u>See</u> Response 2, *supra.*

**4. Please provide a copy of the current Hepatitis C treatment protocol, and provide the date it was implemented, including any copies of revisions, the dates of each revision, the names of any and all individuals who worked on, assisted, or in any way, shape, or form contributed to the creation of said protcol(s).**

**4. Response:** <u>See</u> Response 2, *supra.*

**5. Please provide a copy of each and every evaluation for eligibility for the Interferon/Ribavirin treatment protocol which was performed on Plaintiff with regards to his hepatitis C.**

**5. Response:** <u>See</u> Response 6, *infra.*

**6. Please provide a copy of Plaintiff's complete medical record.**

**6. Response: Objection.** The Defendants object to Plaintiff's request for

his complete medical record maintained in the possession of the Department of

Corrections pursuant to Fed.R.Civ.P. 26(b)(5), as some of the documents contained

therein are protected by the Executive Document Privilege. <u>See</u> <u>Com. Ex rel.</u>

<u>Unified Judicial System v. Vartan</u>, 733 A.2d 1258 (Pa. 1999); <u>see</u> <u>also</u> <u>Kerr v.</u>

<u>United States Dist. Ct. for N. Dist. Of Cal.</u>, 426 U.S. 394, 405 (1976). Specifically,

the Defendants object to producing the following documents maintained in

Plaintiff's medical file in the possession of the Department of Corrections: (1)

Psychology reports; (2) suicide risk indicators checklist for RHU/SMU; (3)

4

cumulative adjustment record (DC-14); (4) psychology/psychiatry department referral forms; (5) psychiatric/psychological questionnaire/referral from; and (6) psychology 90-day RHU review form.

By way of further response, the Defendants will provide to Plaintiff for his review and/or copying all medical documents, correspondence reports, diagnostic test results and x-rays the Department of Corrections has in its possession. . Plaintiff will be given a reasonable amount of time to examine and inspect the above-referenced documents. Plaintiff must initiate this process by submitting an inmate request to the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan. Plaintiff, at the meeting with Mr. Rackovan or his designee, will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for the photocopies would be in accordance with Department of Corrections Policy DC-ADM 003 and its Procedure Manual.

Respectfully submitted,
Office of General Counsel

BY: _____
John J. Talaber
Assistant Counsel
Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444
Attorney Id. No 83279

Date: March 21, 2002

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CLARK, | : |
| Plaintiff, | : |
| | : Civil No. 01-0764 |
| v. | : (Judge William W. Caldwell) |
| LARRY LIDGETT, et al., | : |
| Defendants. | : |

### PROOF OF SERVICE

The undersigned hereby certifies that the Defendants' Response to Plaintiff's First Request for Production of Documents was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

William Clark, AY-5585
SCI-Rockview
Box A
Bellefonte, PA  16823

John J. Talaber
Assistant Counsel

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444
Dated:  March 21, 2002

INMATE MA
PA DEPT OF
CORRECTIONS



BELLEFONTE
APR 11'02
PA.

PB METER
7107228

≡2.41≡
U.S. POSTAGE

E CLERK

STRICT COURT

P ST

33

PA. 17108

FIRST CLASS MAIL

C