FILED
HARRISBURG, PA

APR 1 9 2002

E. D'ANDREA, CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,               :
                             :
    Plaintiff,               :
                             :
                             :   Civil No. 01-0764
                             :
    v.                       :
                             :   (Judge William W. Caldwell)
                             :
LARRY LIDGETT, et al.,       :   JURY TRIAL DEMANDED
                             :
    Defendants.              :

## SUPPORTING DOCUMENTS TO THE CORRECTIONS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants' Response to Plaintiff's First Request
for Production of Documents ...................................................... Exhibit 1

Plaintiff's Answers to Corrections Defendants'
Interrogatories to Plaintiff .......................................................... Exhibit 2

Respectfully submitted,
Office of General Counsel

BY: _____
    John J. Talaber
    Assistant Counsel
    Pa. Department of Corrections
    55 Utley Drive
    Camp Hill, PA  17011
    (717) 731-0444
    Attorney Id. No. 83279

Dated:    April 19, 2002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,                          :
                                        :
          Plaintiff,                    :
                                        :          Civil No. 01-0764
                                        :
     v.                                 :          (Judge William W. Caldwell)
                                        :
LARRY LIDGETT, et al.,                  :
                                        :
          Defendants.                   :

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, Martin Horn, Robert Meyers, and Larry Lidgett, by and through their attorney, John J. Talaber, Assistant Counsel for the Pennsylvania Department of Corrections, in accordance with Federal Rules of Civil Procedure 26 and 34, hereby respond to Plaintiff's First Request for Production of Documents as follows:

**1. Please provide each and every copy of Plaintiff's request slips or grievances and any and all responses to same from prison or medical department personnel relating to Plaintiff's questions or requests pertaining to his hepatitis C.**

1. **Response: Objection.** Defendants object to this request pursuant to Fed.R.Civ.P. 26(b)(2)(i) in that grievance material is obtainable from some other source that is more convenient; specifically, Plaintiff as an inmate within the Department of Corrections receives copies of his grievances and responses thereto.

By way of further response, the Department of Corrections, on behalf of the above-named Defendants, will produce for examination and inspection grievances and request slips maintained in Plaintiff's inmate file (DC-15) that is responsive to this request. Plaintiff will be given a reasonable amount of time to examine and inspect the above-referenced documents. Plaintiff must initiate this process by submitting an inmate request to the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan. Plaintiff, at the meeting with Mr. Rackovan or his designee, will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for the photocopies would be in accordance with Department of Corrections Policy DC-ADM 003 and its Procedure Manual.

**2. Please provide copies of all prior draft criteria established by the Commonwealth of Pennsylvania Department of Corrections and/or Wexford Health Sources, Inc., and state whether or not they were ever approved, put in force, or used to make any determination for treatment of individuals with Hepatitis C.**

2. **Response: Objection.** The Defendants object to Plaintiff's request pursuant to Fed.R.Civ.P. 34(b) in that this request does not describe the items to be set-forth for examination and inspection with reasonable particularity; consequently, pursuant to Fed.R.Civ.P. 26(b)(1), this request does not appear to be reasonably calculated to lead to the discovery of admissible evidence for purposes of trial. By way of further response, the Defendants object to Plaintiff's request pursuant to Fed.R.Civ.P. 26(b)(5) because "all prior draft criteria established by the

Pennsylvania Department of Corrections and/or Wexford Health Sources, Inc." is overbroad and said documents are protected by the Executive Document Privilege. See Com. Ex rel. Unified Judicial System v. Vartan, 733 A.2d 1258 (Pa. 1999); see also Kerr v. United States Dist. Cr. For N. Dist. Of Cal., 426 U.S. 394, 405 (1976). Specifically, documents protected under the Executive Documents Privilege in the possession of the Department of Corrections include the following: (1) Hepatitis Task Force Agenda; (2) Hepatitis C Task Force Meeting Minutes; (3) non-adopted versions of policy and protocols; and (4) draft versions of Hepatitis C cost analysis.

By way of further answer, the Department of Corrections, on behalf of the above-named Defendants, will produce for examination and inspection medical journal articles, Hepatitis C education materials, final versions of the Department's Hepatitis C Protocol, and the known names and titles of individuals involved in the developing the Department's Hepatitis C Protocol. Plaintiff will be given a reasonable amount of time to examine and inspect the above-referenced documents. Plaintiff must initiate this process by submitting an inmate request to the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan. Plaintiff, at the meeting with Mr. Rackovan or his designee, will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for the photocopies would be in accordance with Department of Corrections Policy DC-ADM 003 and its Procedure Manual.

**3. Please state the date each such draft criteria was completed, and the names of any and all individuals who worked on, assisted, or in any way, shape, or form contributed to the creation of said guidelines drafts.**

3. **Response:** <u>See</u> Response 2, *supra*.

**4. Please provide a copy of the current Hepatitis C treatment protocol, and provide the date it was implemented, including any copies of revisions, the dates of each revision, the names of any and all individuals who worked on, assisted, or in any way, shape, or form contributed to the creation of said protcol(s).**

4. **Response:** <u>See</u> Response 2, *supra*.

**5. Please provide a copy of each and every evaluation for eligibility for the Interferon/Ribavirin treatment protocol which was performed on Plaintiff with regards to his hepatitis C.**

5. **Response:** <u>See</u> Response 6, *infra*.

**6. Please provide a copy of Plaintiff's complete medical record.**

6. **Response: Objection**. The Defendants object to Plaintiff's request for

his complete medical record maintained in the possession of the Department of

Corrections pursuant to Fed.R.Civ.P. 26(b)(5), as some of the documents contained

therein are protected by the Executive Document Privilege. <u>See</u> <u>Com. Ex rel.</u>

<u>Unified Judicial System v. Vartan</u>, 733 A.2d 1258 (Pa. 1999); <u>see also</u> <u>Kerr v.</u>

<u>United States Dist. Ct. for N. Dist. Of Cal.</u>, 426 U.S. 394, 405 (1976). Specifically,

the Defendants object to producing the following documents maintained in

Plaintiff's medical file in the possession of the Department of Corrections: (1)

Psychology reports; (2) suicide risk indicators checklist for RHU/SMU; (3)

cumulative adjustment record (DC-14); (4) psychology/psychiatry department referral forms; (5) psychiatric/psychological questionnaire/referral from; and (6) psychology 90-day RHU review form.

By way of further response, the Defendants will provide to Plaintiff for his review and/or copying all medical documents, correspondence reports, diagnostic test results and x-rays the Department of Corrections has in its possession. . . Plaintiff will be given a reasonable amount of time to examine and inspect the above-referenced documents.  Plaintiff must initiate this process by submitting an inmate request to the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan. Plaintiff, at the meeting with Mr. Rackovan or his designee, will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for the photocopies would be in accordance with Department of Corrections Policy DC-ADM 003 and its Procedure Manual.

Respectfully submitted,
Office of General Counsel

BY: John J. Talaber
Assistant Counsel
Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444
Attorney Id. No 83279

Date: March 21, 2002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,                          :

      Plaintiff,                      :

                             :       Civil No. 01-0764

                             :

      v.                               :       (Judge William W. Caldwell)

LARRY LIDGETT, et al.,                  :

      Defendants.                     :

### PROOF OF SERVICE

    The undersigned hereby certifies that the Defendants' Response to Plaintiff's

First Request for Production of Documents was served upon the person(s) in the

manner indicated below.

Service by first-class mail
<u>addressed as follows:</u>

William Clark, AY-5585
SCI-Rockview
Box A
Bellefonte, PA  16823

John J. Talaber
Assistant Counsel

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444
Dated:  March 21, 2002

DC-804
PART 1

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

OFFICIAL INMATE GRIEVANCE

GRIEVANCE NO. RoC 0706 -99

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Lt. Kushwara Acting Assistant to the Spa. | SCI-Rockview | 12/1/99 |
| FROM: (Commitment Name &-Number) | INMATE'S SIGNATURE | |
| WILLIAM M. CLARK    AY-5585 | William M. Clark | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| HORSE DETAIL | CB 1-43 | |

INSTRUCTIONS:
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

I asked to be tested for HIV, HCV in October 99 because of my lifestyle on the street. I was then informed by Mary Jo Hayes that I was positive for HCV in Oct. and that my liver enzymes were elevated. She also noted my liver enzymes were elevated back in 92. I was then called to see the Physicians Assistant on 12-1-99. She told me I am not here to accept or deny treatment for HCV, That I'm only being informed I will be checked again in April of 2000, and that the DOC will make a decision on who gets treatment sometime in May of 2000. I know other inmates receiving treatment for HCV with Interferon. Why am I being denied treatment. According to the American Liver Foundation I should have A liver biopsy and a viral load test.

B. Actions taken and staff you have contacted before submitting this grievance:

I spoke to medical Staff on several occasions and submitted request to Lidgett Health Care Administrator, no response

Your grievance has been received and will be processed in accordance with DC-ADM 804.

On Lidgett Due 12-10

12-3-99

Signature of Grievance Coordinator

Date

DC-804
PART II

*State Correctional Institution 12-22 to 12-25*

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

RECEIVED
DEC 1 5 1999

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

at Rockview
GRIEVANCE NOs Office
#ROC0706-99

| TO: (Name & DC NO.) | INSTITUTION | QUARTERS | GRIEVANCE DATE | |
|---|---|---|---|---|
| William M. Clark, AY5585 | SCIR | Bldg C/B | | 12/01/99 |
| | | | Received | 12/03/99 |

The following is a summary of my findings regarding your grievance:

This complaint has been reviewed with Ms. Foose, Registered Nurse Supervisor.
You are scheduled to be monitored in hepatitis clinic. On December 1, 1999,
you were examined and denied any weight loss, fatigue, abdominal pain for
jaundice (yellowing of skin).  Abdomen and liver upon exam were normal
without tenderness.  Your liver enzymes were elevated but not excessibly so.
Another liver profile (blood test) is scheduled to monitor liver enzymes.  In
1992, your liver enzymes were elevated.  In 1996, your liver enzymes were
normal.  It is medically prudent and feasible to monitor the liver enzymes
before a more invasive test such as a liver biopsy is performed.

JAR:tlk

c:   Deputy Wakefield
     Deputy Whitman
     Mr. Lidgett
     Ms. Foose
     Case Record
     Mr. Rackovan

| Refer to DC-ADM 804, Section VIII, | SIGNATURE OF GRIEVANCE COORDINATOR | DATE |
|---|---|---|
| for instructions on grievance | *Jeffrey Rackovan* | 12/14/99 |
| system appeal procedures. | | |

TO: MR. R. Meyars Superintendent SCI-Rockview
FROM: William M. Clark AY5585
SUBJECT: Appeal from Grievance #ROC.0706-99
DATE: Dec. 16, 1999

State Correctional Institution

RECEIVED

DEC 2 0 1999

at Rockview
Superintendent's Office

        MR. R. Meyars.

        I disagree with the response I received to my
grievance in that I did not deny any symptoms related
to Hepatitis C. On the contrary, I do suffer from fatigue,
abdominal pain and loss of appetite to name a few.
        According to the American Liver Foundation and
The Hepatitis Foundation International, a liver biopsy
and treatment for Hepatitis C with Interferon and
ribavirin are standard procedure.
        Since I may have had HCV for many years; it
would seem medically prudent to have a liver biopsy
and a viral load test done as soon as possible.
The Center for Disease Control has already established
national guidelines for the treatment of HCV with FDA
approved drugs ie. Interferon and ribavirin. I feel I
should be receiving treatment now.

                                Sincerely,
                                William M. Clark II AY5585

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**State Correctional Institution at Rockview**
(814-355-4874)
December 20, 1999

SUBJECT:  Appeal in Grievance  #ROC0706-99

TO:      William Clark, AY5585
         Bldg C/B

FROM:    R. W. Meyers
         Superintendent

I have reviewed your grievance, the response provided by the Grievance Coordinator,
as well as your appeal, which was received this date.

I am in agreement with the Grievance Coordinator's response and, therefore, your
appeal is denied.

RWM:dka

c:    Deputy Wakefield
      Deputy Whitman
      Mr. Lidgett
      Ms. Foose
      Case Record
      Mr. Rackovan

OFFICE
OF THE

DEC 2 9 1999

CHIEF
HEARING EXAMINER

TO: Mr. Bitner Chief Hearing Examiner
FROM: William Clark  AY 5585
SUBJECT: Final appeal from Grievance #Roc 0706-99
DATE: Dec. 24, 1999

Mr. Bitner,

This is an appeal for final review because my initial appeal to Superintendent Meyers at SCI-Rockview was denied.

To my information and belief, inmates here at SCI-Rockview are currently being treated for Hepatitis C virus with interferon and ribavirin.

According to both the American Liver Foundation and the Hepatitis Foundation International. The Center For Disease Control in Atlanta Ga. has already established treatment guidelines for HCV and The Food and Drug Administration has approved Interferon and Ribavirin for treatment.

They all recommend early diagnosis and treatment of HCV can prevent more serious types of liver disease. Why am I being denied treatment. The DOC has known I have had HCV since the early 1990s.

Sincerely,

William A. Clark

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**1451 N. MARKET STREET**
**ELIZABETHTOWN, PA  17022**

OFFICE OF THE
CHIEF HEARING EXAMINER

January 4, 2000

William Clark,  AY-5585
SCI Rockview

Re:    DC-ADM 804 - Final Review
       Grievance No. ROC-0706-99

Dear Mr. Clark:

This is to acknowledge receipt of your appeal to final review of the above numbered grievance.

In accordance with the provisions of DC-ADM 804, VI D, as amended effective November 1, 1997, I have reviewed the entire record of this grievance; including your initial grievance, the Grievance Officer's response, your appeal from initial review and the Superintendent's response.  I have also carefully reviewed the issues you raise to final review.

Upon completion this review, it is the decision of this office to uphold the responses provided by staff at the institutional level. The Department has been reviewing all aspects of Hepatitis C treatment as we wish to provide you with proper treatment at the proper time.  However, there is no nationwide agreement on the treatment of Hepatitis C.  Your medical records will be reviewed by the institution Medical Director, or his or her designee, and a determination will be made whether treatment is appropriate for you at this time.  You will be called to the Medical Department and your case will be discussed with you.

I concur with the responses already provided at the institution level.  Accordingly, your appeal to final review must be denied.

Sincerely,

Robert S. Bitner
Chief Hearing Examiner

RSB:ph
pc:    Superintendent Meyers

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,                           :        NO. 1:CV-01-0764

      Plaintiff,                         :        (JUDGE CALDWELL)

                      :
vs.                                      :        JURY TRIAL DEMANDED

                      :
LARRY LIDGETT, et al,                    :

      Defendants.                        :

## PLAINTIFF'S ANSWERS TO CORRECTIONS DEFENDANTS' INTERROGATORIES TO PLAINTIFF

NOW COMES the Plaintiff, WILLIAM CLARK, and pursuant to the Federal Rules of Civil Procedure, submits the following Answers to Corrections Defendants', Interrogatories to Plaintiff:

1.    State the name and address of each school, college or educational institution you have attended, listing the dates of attendance, the courses of study and any degrees or certificates received.

**ANSWER:**

    **1.    Council Rock High School**
          **1969-1972**
          **General Studies**
          **High School Diploma**

          **Prism, Inc.**
          **1993-1995**
          **Courses in Entomology, Vermin, and Use of Pesticides by the PA Department of Agriculture.**

2.    If you have ever had any illnesses (physical or emotional), sickness, disease, or surgical operations, other than a common cold, either prior to or subsequent to the incident referred to in the Complaint, identify each

illness, sickness, disease or surgical operation, including a detailed description of your symptoms, the names and addresses of any health care practitioners and facilities rendering treatment, the approximate date of recovery or date your illness became stable and a description of your illness at that time, and identify each person or organization which paid you compensation in any manner for such illness, sickness, disease or surgical operation, and the amount of compensation.

**ANSWER:**

**2.      I do not recall illnesses (physical or emotional), sickness, disease, or surgical operations, other than a common cold, subsequent to the incident referred to in the Complaint.  I presently suffer with certain acute episodes related to my hepatitis C, which include but are not limited to: abdominal pain; diarrhea, gastroesophageal reflux; severe fatigue, psoriasis, itching caused by pruritus, and insomnia and irritability caused by the pruritus/itching.**

3.      Describe your medical conditions including a history of the disease or injury, medications and dosages taken, the identity of health care providers who have treated you for medical conditions.

**ANSWER:**

**3.      I cannot provide a history of my hepatitis C disease or any other medical condition at this time because I have not as yet obtained a copy of my medical records from the Corrections Defendants.**

4.     Have you ever been a party to a lawsuit other than the present one?  If so, for each lawsuit, state the name of the suit; what your status was therein; the kind of suit involved; the court in which it was filed and the docket number; the date it was filed; whether there was a trial; and the ultimate disposition of the case.

**ANSWER:**

**4.     Auto accident (hit in rear), Lehigh County, 1992 or 1993. An out of court settlement was reached.**

5.     Please identify the precise medical records you have obtained from any health care provider regarding the medical condition, which is the basis of this lawsuit.

**ANSWER:**

**5.     I have obtained from the SCI-Rockview medical department a few notes of lab results.**

6.     Have you or anyone acting on your behalf obtained from any person any statement concerning this action or its subject matter?  If so, state:

        a.     The name and last known address of each such person;

        b.     When, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded;

        c.     The name and address of any person who has custody of any such statements that were reduced to writing or otherwise recorded; and

        d.     Please consider this a request to provide those statements referred to in the above answer.

**ANSWER:**

   6.    No.

   7.    Have you give any statement concerning this action or its subject matter? If so, state:

   a. The name and last known address of each person to whom a statement was given;

   b. When and where each statement was given; and

   c. Please consider this a request to produce any and all statements in the above answer.

**ANSWER:**

   **7. No.**

   8.    Have you, or anyone on your behalf, conducted any investigations of the treatment or examination which is the subject matter of the Complaint? If the answer is in the affirmative, state:

   a. The name, address and employer of all persons who conducted any investigation;

   b. The dates of the investigation;

   c. The dates of any reports of any investigations and the identity of persons who have possession thereof; and

   d. Please consider this a request to produce your investigations reports.

**ANSWER:**

   8.    No.

9.    Please state the names, home addresses, business addresses (if any) and job classification of all persons whom you intend to call as non-expert witnesses on your behalf at the trial of this case.

**ANSWER:**

9.    **Robert E. Lassen**

**Home address:**
**17712 Lowell Street**
**Roseville, MI 48066**
**Home (810)-771-7709**
**Cell (810)-814-3333**

**Business address:**
**1000 Framer at Bates**
**Detroit, MI 48226**
**(313)-965-3464, Extension #610**
**Business classification:  Paralegal**

10.    If you know of any person believed or understood by you to have any knowledge of the conditions involving Plaintiff's health car prevailing at the State Correctional Institution at Rockview during the time period that is the subject of this action, identify each person including his/her name, present or last known address, telephone number, and his/her location during the time period in question.

**ANSWER:**

10.    **Could be anyone I have spoken to on the subject, including Robert Lassen and SCI-Rockview medical personnel.**

11.    State the full name and last known address, giving the street, street number, city and state of every witness known to you who claims to have seen or

heard any of the Corrections Defendants or any medical personnel make any statement or statements pertaining to any of the events or happenings which are the subject matter of this action.

**ANSWER:**

    **11.**   **None that I can recall at this time.**

    12.   Identify anyone you have received information from that the Corrections Defendants were deliberately indifferent or negligent in attending and treating you including the qualification of that person, a description of the information received, the date the information was received, a description of the facts upon which the information was based, whether a record was made of the information, and if so, the name and address of the person who has such record, and provide a copy of the record.

**ANSWER:**

    **12.**   **No one that I can identify at this time.**

    13.   Identify each injury you claim to have suffered as a result of the alleged deliberate indifference of the Corrections Defendants including:

        a.   Its nature, extent, and how it was caused; and

        b.   The date it was caused.

**ANSWER:**

    **13.**   **Objection.  I am not a medical expert and am not qualified to make such determinations.  To the extent that an answer is warranted, and without waiving said objection, I claim upon information and belief that my liver has been severely damaged due to the defendant's failure for**

approximately seven (7) years to inform me of, properly diagnose through liver biopsy and other testing, or to timely treat my hepatitis C.  It is unknown to me how or when I contracted this disease.

14.    State the names and home and business addresses of all persons whom you expect to call as expert witnesses at the trial of this matter.

**ANSWER:**

**14.    No experts can be identified at this time.**

15.    For all those persons named in the answer to Interrogatory No. 14, state their occupations, and if they specialize in any particular field, set forth their areas of specialization.

**ANSWER:**

**15.    N/A**

16.    Set forth the qualifications of each expert. In doing so, list: the schools each has attended, including years in attendance and degrees received; experience in particular fields, including names and addresses of employers with inclusive years of employment; and a list of all publications authored by said persons, including the title of the work, the name of the periodical or book in which it was printed, and the date of its printing. (If the persons listed in the answer to Interrogatory No. 1 print, mimeograph or otherwise reproduce a list of qualifications, you may attach a copy of same in lieu of answering this Interrogatory).

**ANSWER:**

**16.    N/A**

17.    Set forth the facts to which each such expert is expected to testify.

**ANSWER:**

**18.    N/A**

19.    Set forth the opinion to which each such expert is expected to testify.

**ANSWER:    N/A**

19.    If it is your contention that Defendant, Martin Horn, violated your Eighth Amendment Rights, please:

       a.    Identify the facts supporting your contention;

       b.    Identify any documents containing facts supporting your contention;

       c.    Identify each individual who has knowledge of a fact supporting that contention;

       d.    Identify each individual who will testify to the facts supporting that contention; and

       e.    Provide a summary of the substance of the testimony of each individual identified in (d) above.

**ANSWER:        Yes.**

**19.    a.    Defendant Horn was aware that countless inmates in his custody and control had hepatitis C, yet failed for several years to have in place a notification and treatment protocol for hepatitis C. In my case and in countless others' case, defendant Horn took no action to treat me and others until our disease progressed to the point where treatment was ineffective. He also delayed and/or denied testing necessary to proper diagnosis and timely treatment.**

**b.     This is currently under investigation and no documents are available at this time.**

**c.    This is currently under investigation and identification**

of said individuals is not available at this time.

     d.    **N/A**

     e.    **N/A**

20.    If it is your contention that Defendant, Robert Meyers, violated your

Eighth Amendment Rights, please:

    a.  Identify the facts supporting your contention;

    b.  Identify any documents containing facts supporting your contention;

    c.  Identify each individual who has knowledge of a fact supporting that contention;

    d.  Identify each individual who will testify to the facts supporting that contention; and

    e.  Provide a summary of the substance of the testimony of each individual identified in (d) above.

**ANSWER:**      **Yes**

**20.**    **a.**    **Defendant Meyers was aware that countless inmates in his custody and control had hepatitis C, yet failed for several years to have in place a notification and treatment protocol for hepatitis C. In my case and in countless others' case, defendant Horn took no action to treat me and others until our disease progressed to the point where treatment was ineffective. He also delayed and/or denied testing necessary to proper diagnosis and timely treatment.**

      **d.**    **This is currently under investigation and no documents are available at this time.**

      **e.**    **This is currently under investigation and identification of said individuals is not available at this time.**

      **d.**    **N/A**

      **e.**    **N/A**

21.    If it is your contention that Defendant, Larry Lidgett, violated your

Eighth Amendment Rights, please:

    a. Identify the facts supporting your contention;

    b. Identify any documents containing facts supporting your contention;

    c. Identify each individual who has knowledge of a fact supporting that
       contention;

    d. Identify each individual who will testify to the facts supporting that
       contention; and

    e. Provide a summary of the substance of the testimony of each
       individual identified in (d) above.

**ANSWER:**        **Yes**

**21.    a.    Defendant Lidgett was aware that countless inmates in
his custody and control had hepatitis C, yet failed
for several years to have in place a notification and
treatment protocol for hepatitis C. In my case and in
countless others' case, defendant Horn took no action
to treat me and others until our disease progressed
to the point where treatment was ineffective. He also
delayed and/or denied testing necessary to proper
diagnosis and timely treatment.**

**b.    This is currently under investigation and no documents
are available at this time.**

**c.    This is currently under investigation and identification
of said individuals is not available at this time.**

**d.    N/A**

**e.    N/A**

22.    State the name, address, telephone number and employer of any

and all persons who prepared or assisted in the preparation of the Complaint.

**ANSWER:**

22.  **Robert E. Lassen**

Home address:
17712 Lowell Street
Roseville, MI 48066
Home (810)-771-7709
Cell (810)-814-3333

Business address:
1000 Framer at Bates
Detroit, MI 48226
(313)-965-3464, Extension #610
Business classification:  Paralegal

The assistance Mr. Lassen provided was to process the
information I provided.

23.  State the name, address, telephone number and employer of any

and all persons who assisted in the preparation of answers to these

Interrogatories.

**ANSWER:**

23.  **Robert E. Lassen**

Home address:
17712 Lowell Street
Roseville, MI 48066
Home (810)-771-7709
Cell (810)-814-3333

Business address:
1000 Framer at Bates
Detroit, MI 48226
(313)-965-3464, Extension #610
Business classification:  Paralegal

The assistance Mr. Lassen provided was to process the
information I provided.

_William Clark_
WILLIAM CLARK

Subscribed and sworn to before me
this 15th day of OCTOBER , 2001

_Hilary J. Schenk_
                         Notary Public
In and for the County of _____
My Commission Expires: _____

NOTARIAL SEAL
HILARY J. SCHENK, Notary Public
Benner Township, Centre County, Pa.
My Commission Expires Oct. 27, 2003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,            :

     Plaintiff,           :

                           :    Civil Action No. 01-CV-0764

     v.                   :

                           :    (Judge William W. Caldwell)

LARRY LIDGETT, et. al.,       :

Defendants.             :

## VERIFICATION

I, John J. Talaber, Esquire, verify that I am the attorney for the Corrections Defendants in this action. I am authorized to make this verification on behalf of my clients; and that the supporting documents attached hereto are true and corrects copies of documents that are of record, or otherwise within my personal knowledge, information, or belief. I hereby make this verification subject to the penalties of 18 U.S.C. §1621 relating to unsworn falsification to authorities.

Dated: _April 19_, 2002

_____
John J. Talaber, Esquire
Assistant Counsel

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,                          :
                                        :
    Plaintiff,                          :
                                        :
                                        :    Civil Action No. 01-CV-0764
    v.                                  :
                                        :    (Judge William W. Caldwell)
LARRY LIDGETT, et. al.,                 :
                                        :
    Defendants.                         :

## PROOF OF SERVICE

The undersigned hereby certifies that the Supporting Documents to the Corrections Defendants' Motion for Summary Judgment was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

William Clark, AY-5585                  James D. Young, Esquire
SCI-Rockview                            Lavery, Faherty, Young & Patterson, PC
Box A                                   The Kunkel Building
Bellefonte, PA  16823                   225 Market Street, Suite 304
                                        P.O. Box 1245
                                        Harrisburg, PA  17108-1245

Jennifer L. Schade
Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  April 19, 2002