

ORIGINAL

FILED
HARRISBURG, PA
APR 25 2002
MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILLIAM CLARK,

Plaintiff,

v.

LARRY LIDGETT, et. al.,

Defendants.

Civil Action No. 01-CV-0764

(Judge William W. Caldwell)

JURY TRIAL DEMANDED

**CORRECTIONS DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME TO FILE A REPLY BRIEF**

Defendants Martin Horn, Robert Meyers, and Larry Lidgett, by and through their attorney, John J. Talaber, Assistant Counsel, respectfully request this Honorable Court to grant them an enlargement of time until April 30, 2002 to file a Reply Brief to Clark's Brief in Opposition to their Motion for a Protective Order. The following averments are made in support of this Motion:

Parties and Nature of Action:

1. Plaintiff William Clark is an inmate currently incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"). See Complaint (doc. 1), ¶2.

2. Clark named the following Department of Corrections employees as Defendants ("Corrections Defendants"): (1) former Secretary of the

Department, Martin Horn; (2) SCI-Rockview Superintendent, Robert W. Meyers; and (3) former SCI-Rockview Corrections Health Care Administrator, Larry Lidgett. See Complaint, ¶¶ 3, 4, 7.

3. Additionally, Clark named as Defendants the contracted medical provider at SCI-Rockview: (1) Wexford Health Sources, Inc ("Wexford'); and (2) Wexford Medical Director, Dr. John Symons. James D. Young, Esquire, represents both parties in this action. See Complaint, ¶¶ 5,6; see also Entry of Appearance (doc. 11).

4. This is a 42 U.S.C. § 1983 action alleging deliberate indifference to the treatment of Clark's Hepatitis C condition in violation of his Eighth Amendment rights under the United States Constitution. Clark also has pendent state claims of negligence and medical malpractice. Clark seeks compensatory and punitive damages, as well as, declaratory and injunctive relief. See Complaint, ¶¶ 8-58; Relief Requested, pp. 10-11.

Relevant Procedural History:

5. Clark filed the Complaint on May 21, 2001. (Doc. 1).

6. All the Defendants waived service of summons on August 2, 2001. (Doc. 12).

7. On September 10, 2001, Defendants Wexford and Dr. Symons waived reply to the Complaint pursuant to their rights under 42 U.S.C. §1997(e), as

amended by §803(d) of the Prison Litigation Reform Act of 1995. (Doc. 13).

8. On September 14, 2001, the Corrections Defendants waived reply to the Complaint pursuant to their rights under 42 U.S.C. §1997(e), as amended by §803(d) of the Prison Litigation Reform Act of 1995. (Doc. 14).

9. On January 2, 2002, Clark served the following: (1) a Request for Production of Documents directed to all the Defendants; and (2) Interrogatories directed to Horn, Meyers, and Lidgett.

10. On February 4, 2002, the Corrections Defendants sought an enlargement of time to respond to Clark's aforementioned discovery requests. (Doc. 15).

11. The Court, by Order dated February 8, 2002, granted the Corrections Defendants' Motion directing them to respond to Clark's discovery requests on or before March 21, 2002. (Doc. 16).

12. On March 21, 2002, the Corrections Defendants served Clark with a Response to his Request for Productions of Documents. (Doc. 19, Exhibit D).

13. On March 25, 2002, the Corrections Defendants filed a Motion for a Protective Order, with a supporting brief and documents. (Docs. 17-19).

14. Additionally, that same day the Corrections Defendants filed a motion for summary judgment. (Doc. 25).

15. On April 9, 2002, the Corrections Defendants sought an enlargement of time to file their supporting brief to the Motion for Summary Judgment, that this Honorable Court granted by Order dated April 16, 2002.

16. On April 12, 2002, Clark filed his Brief in Opposition to the Corrections Defendants' Motion for a Protective Order. (Doc. 22).

17. On April 19, 2002, the Corrections Defendants' filed their Supporting Brief, Statement of Material Facts, and Supporting Documents to their Motion for Summary Judgment. (Docs. 24-26).

18. However, upon realizing that a mistake was made with the filing of the Corrections Defendants' Brief (in particular, a draft version was erroneously submitted) counsel filed a Praecipe to Substitute the Brief with the correct copy on April 22, 2002. (Docs. 27, 28).

19. A response to Clark's Brief in Opposition to the Corrections Defendants' Motion for a Protective Order is now due.

Request for an Enlargement of Time:

20. The Corrections Defendants, by and through the undersigned attorney, respectfully request an enlargement of time until April 30, 2002 to file a reply brief addressing numerous averment's Clark makes in his Brief in Opposition to the Motion for a Protective Order.

21. Federal Rule of Civil Procedure 6(b) provides, in part, that "[w]hen by these rules . . . an act required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . order the period enlarged if request therefore is made before expiration of the period originally prescribed . . . ."

22. This request for an enlargement of time is made so that the undersigned attorney can investigate the claims made in Clark's Brief, research relevant case law, draft, and then file a response.

23. Since April 15, 2002, when the undersigned attorney received a copy of Clark's Brief, he has been involved in numerous discovery matters in other cases, as well as, spending a substantial amount of time researching, drafting and filing the Supporting Brief to the Corrections Defendants' Motion for Summary Judgment in this action.

24. This week, the undersigned attorney has spent a significant amount of work time assisting the Philadelphia District Attorney's Office, and representing the Department, in a petition that an inmate brought pursuant to 61 P.S. §81 challenging the Department's ability to provide him with medical treatment.

25. The undersigned attorney needs additional time to consult with the staff at SCI-Rockview involving the claims Clark makes surrounding his ability to

review discovery documents provided for his examination and review; specifically, to obtain details of when the exchange took place.

26. Counsel will then be in a position to provide this Honorable Court with facts surrounding the averments Clark makes in his Brief.

27. Accordingly, this motion is not submitted for purposes of needless delay or for the purpose of prejudicing the claim of Clark, or inconveniencing the Court or the Wexford Defendants.

**WHEREFORE**, for the reasons set forth above, the Corrections Defendants respectfully request the Court to grant them an enlargement of time until April 30, 2002 to file a reply brief to Clark's Brief in Opposition to their Motion for a Protective Order.

Respectfully submitted,
Office of General Counsel

BY: [signature]

John J. Talaber
Assistant Counsel
Pa. Department of Corrections
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444
Attorney Id. No. 83279

Dated: April 25, 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM CLARK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 01-CV-0764 |
| v. | : | |
| | : | (Judge William W. Caldwell) |
| LARRY LIDGETT, et. al., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**PROOF OF SERVICE**

The undersigned hereby certifies that the Corrections Defendants' Motion for an Enlargement of Time to File a Reply Brief was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

William Clark, AY-5585
SCI-Rockview
Box A
Bellefonte, PA 16823

James D. Young, Esquire
Lavery, Faherty, Young & Patterson, PC
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245

Jennifer L. Schade
Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: April 25, 2002