IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,

    Plaintiff,

v.

LARRY LIDGETT, et. al.,

    Defendants.

Civil Action No. 01-CV-0764

(Judge William W. Caldwell)

**CORRECTIONS DEFENDANTS' REPLY TO
PLAINTIFF'S BRIEF IN OPPOSITION TO
THEIR MOTION FOR A PROTECTIVE ORDER**

FILED
HARRISBURG, PA
APR 3 0 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## ARGUMENT

The Corrections Defendants previously represented the reasons why a stay of the pending discovery request is appropriate and lawful in this situation.[1] Clark, in his Brief in Opposition, does not present this Honorable Court with any statute, case, or Federal Rule of Civil Procedure to support his position. Instead, the essence of Clark's argument lies in "fairness" principles and vague references to

---

[1] See Corrections Defendant Brief in Support to the Motion for a protective Order (doc. 18), pp. 9-12. The Corrections Defendants have since filed their Supporting Brief to the Motion for Summary Judgment supporting the position that there is good cause for a stay of discovery pending a decision on their Motion for Summary Judgment. See Corrections Defendants' Brief (doc. 25).

"the interests of justice."[2] Clark fails to recognize that fairness and the interest of justice is a moving scale that now leans toward a stay of discovery pending disposition of the Corrections Defendants' Motion for Summary Judgment. Accordingly, for the reasons that follow, the Corrections Defendants submit that their Motion for a Protective Order pending disposition of their Motion for Summary Judgment should be granted.

As a brief background, Clark filed his Complaint on May 2, 2001.[3] On September 14, 2001, the Corrections Defendants waived their right to reply to the Complaint (e.g. file an answer) pursuant to the provisions of 42 U.S.C. §1997(e).[4] This matter had been in the discovery phase for six (6) months prior to the Corrections Defendants filing their Motion for Summary Judgment. This is not a

---

[2] See generally Plaintiff's Brief in Opposition (doc. 22) pp. 1-4.

[3] See Complaint (doc.1). It is noteworthy that this action is not a class action pursuant to the provisions of Fed.R.Civ.P. 23 in which Clark is a "class representative" but instead a claim that involves the medical treatment for HCV while under the care, custody and control of the Corrections Defendants. Accordingly, any argument Clark makes regarding the "serious issues of public concern" involving the Department of Correction's treatment of HCV issue is beyond the scope of this action and irrelevant.

[4] The statute provides, in relevant part, that: (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section . . . (42 U.S.C. §1983) . . . . Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been followed. (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits."

situation of the Corrections Defendants "trying to pull" something over the Court's eyes involving this matter by seeking a snap judgment; instead, the Corrections Defendants have been very candid with Clark and this Honorable Court regarding information relating to HCV and relevant cases as known and presented by their counsel. The Corrections Defendants have the right to seek summary judgment at this time.

Clark argues "it is beyond all comprehension that the Corrections Defendants would suggest that this Court literally prevent Plaintiff from obtaining meaningful access to the court by allowing this case to proceed to summary judgment proceedings prior to any discovery being obtained by Plaintiff."[5] This argument is frivolous and not true; as evidenced by Clark's admission that the Corrections Defendants responded to his Request for production of Documents on March 21, 2002, and are willing to allow him to examine at least some of the documents he requested.[6] Specifically, the Corrections Defendants produced for examination and inspection his grievance and request slips pertaining to HCV, copies of final versions of the Department's HCV treatment protocols, medical

---

[5] See Plaintiff's Brief in Opposition, p.2.

[6] Id.

journal articles, and the names and titles of known individuals who were involved in the development of the Departments HCV treatment protocol.[7]

Clark also takes issue with the procedure established for him to examine and inspect the documents provided in response to his Request for Production of Documents.[8] In the Corrections Defendants' Response they set forth the following procedures for Clark, currently incarcerated in SCI-Rockview, to examine and inspect the responsive documents:

> Plaintiff will be given a reasonable amount of time to examine and inspect the above-referenced documents. Plaintiff must initiate this process by submitting an inmate request to the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan. Plaintiff, at the meeting with Mr. Rackovan or his designee, will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for photocopies would be in accordance with the Department of Correction Policy DC-ADM 003 and its Procedure Manual.[9]

The procedure, as set-forth above, is not "elaborate" and provides Clark with the ability to receive, within the confines of a secure correctional institution, the information that he seeks pursuant to Fed.R.Civ.P. 34(b).

Finally, Clark submits in his Brief that he "has not yet had an opportunity to view those documents or have them copied, so [he] is not in a position to

---

[7] See Plaintiff's Brief in Opposition, Exhibit A.

[8] Id.

[9] See Defendants' Response to Plaintiff's First Request for Production of Documents, Responses 1-6, attached to Plaintiff's Brief as Exhibit A.

4

determine if the Corrections Defendants have complied with the discovery request or raised valid objections."[10] The undersigned attorney investigated the claims Clark makes in his Brief surrounding his ability to examine, review, and copy the documents provided. Specifically, on April 18, 2002, Mr. Rackovan and Clark met in a conference room at SCI-Mahanoy to inspect the documents. On April 25, 2002, Mr. Rackovan went to Clark's housing unit to deliver copies of the documents that Clark requested during their April 18th meeting; however, Clark refused to sign the cash slip for one hundred fifty two dollars and four cents ($152.04) claiming that it was "unfair" for him to pay the cost of the copies.[11]

Based on the above-information, the Corrections Defendants have no objection to Clark raising additional objections to their discovery response, will investigate the claim that some of his medical documents from the early 1990's are missing, and will through correspondence explain the legal basis behind Clark's having to pay for copies. However, they request that Clark, pursuant to Fed.R.Civ.P. 37(b)(2)(B), correspond with counsel to that we may attempt to resolve problems before Clark file a Motion to Compel, and that the Corrections Defendants' response to Clark's Interrogatories (and future discovery requests) be stayed pending a decision on their Motion for Summary Judgment.

---

[10]  See Plaintiff's Brief, p. 3.

[11]  See Declaration of Jeffrey A. Rackovan, pp. 1-2, attached to the Supporting Documents to the Reply Brief as Exhibit A.

5

## **CONCLUSION**

**WHEREFORE**, for the above-stated reasons, the Corrections Defendants respectfully request this Honorable Court to issue a protective order that would stay the Corrections Defendants' obligation to respond to Clarks' pending (and future) discovery requests until the Court issues a decision on their Motion for Summary Judgment.

                                              Respectfully submitted,
                                              Office of General Counsel

BY: _____
                                              John J. Talaber
                                              Assistant Counsel
                                              Pa. Department of Corrections
                                              55 Utley Drive
                                              Camp Hill, PA 17011
                                              (717) 731-0444
                                              Attorney Id. No. 83279

Dated: April 30, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,

    Plaintiff,

v.

LARRY LIDGETT, et al.,

    Defendants.

: Civil No. 01-0764
:
: (Judge William W. Caldwell)

## PROOF OF SERVICE

The undersigned hereby certifies that the Corrections Defendants' Reply Brief to Plaintiff's Brief in Opposition to Their Motion for a Motion Protective Order was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

William Clark, AY-5585
SCI-Rockview
Box A
Bellefonte, PA 16823

James D. Young, Esquire
Lavery, Faherty, Young & Patterson, PC
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245

Marilyn Jones
Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  April 30, 2002