IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA



| | | |
|---|---|---|
| WILLIAM CLARK | : | NO.: 1:CV-01-0764 |
| PLAINTIFF | : | |
| | : | (JUDGE CALDWELL) |
| v. | : | |
| | : | |
| MARTIN HORN, ET AL., | : | JURY TRIAL DEMANDED |
| DEFENDANTS | : | |

FILED
HARRISBURG, PA
JUN 1 4 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL
DISCOVERY FOR PRODUCTION OF CORRECTIONS DEFENDANTS DOCUMENTS

NOW COMES THE PLAINTIFF, WILLIAM CLARK, PRO SE, AND HEREBY PRESENTS, "BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY FOR PRODUCTION OF CORRECTIONS DEFENDANTS' DOCUMENTS."

### STATEMENT OF CASE

A. IDENTITY OF THE PARTIES:

PLAINTIFF WILLIAM CLARK IS CURRENTLY INCARCERATED AT THE STATE CORRECTIONAL INSTITUTION AT ROCKVIEW.

THE DEPARTMENT OF CORRECTIONS EMPLOYEES NAMED AS DEFENDANTS ("CORRECTIONS DEFENDANTS") ARE, MARTIN HORN, ROBERT MEYERS, AND LARRY LIDGETT, BY AND THROUGH THEIR ATTORNEY, JOHN J. TALABER, ASSISTANT COUNSEL FOR THE DEPARTMENT OF CORRECTIONS.

ADDITIONAL DEFENDANTS, NAMED WEXFORD HEALTH SOURCES, INC., AND WEXFORD MEDICAL DIRECTOR, DR. JOHN SYMONS, ("WEXFORD DEFENDANTS"), BY AND THROUGH THEIR ATTORNEY, JAMES D. YOUNG, ESQ.

B. RELEVANT PROCEDURAL HISTORY.

ON DECEMBER 1, 1999 PLAINTIFF FILED AN "OFFICIAL INMATE GRIEVANCE" (SEE DC-804-ROC-0706-99)

ON AUGUST 10, 2001 PLAINTIFF FILED AN "OFFICIAL INMATE GRIEVANCE" (SEE DC-804-ROC-0641-01)

PLAINTIFF WILLIAM CLARK, PRO SE, FILED THIS COMPLAINT ON MAY 21, 2001. (SEE COMPLAINT (DOC #1))

"CORRECTIONS DEFENDANTS" WAIVED SERVICE OF SUMMONS ON AUGUST 2, 2001 (SEE WAIVER OF SUMMONS (DOC #2)).

ON SEPTEMBER 14, 2001, "CORRECTIONS DEFENDANTS" WAIVED REPLY TO THE COMPLAINT. (SEE WAIVER OF REPLY TO COMPLAINT (DOC #4)).

ON JANUARY 2, 2002, PLAINTIFF SERVED "CORRECTIONS DEFENDANTS" WITH: - A REQUEST FOR PRODUCTION OF DOCUMENTS (WHICH PLAINTIFF HAS CORRECTED ON JUNE 11, 2002 (SEE PRAECIPE TO SUBSTITUTE).

ON FEBRUARY 4, 2002, "CORRECTIONS DEFENDANTS" SOUGHT AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS AFOREMENTIONED DISCOVERY REQUESTS. (SEE MOTION FOR ENLARGEMENT OF TIME (DOC #15).

THE COURT, BY ORDER DATED FEBRUARY 8, 2002, GRANTED THE "CORRECTIONS DEFENDANTS" MOTION DIRECTING THEM TO RESPOND TO PLAINTIFFS DISCOVERY REQUESTS ON OR BEFORE MARCH 21, 2002. (SEE DOC #16)).

ON MARCH 21, 2002, "CORRECTIONS DEFENDANTS" SERVED PLAINTIFF WITH A RESPONSE TO HIS REQUEST FOR PRODUCTION OF DOCUMENTS. (DOC #19, EXHIBIT D)

ON MARCH 25, 2002, THE "CORRECTIONS DEFENDANTS" FILED A MOTION FOR A PROTECTIVE ORDER, WITH A SUPPORTING BRIEF AND DOCUMENTS. (DOC #17-19).

ADDITIONALLY, THAT SAME DAY THE "CORRECTIONS DEFENDANTS" FILED A MOTION FOR SUMMARY JUDGMENT. (DOC #25).

ON APRIL 12, 2002, PLAINTIFF FILED "BRIEF IN OPPOSITION TO CORRECTION DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND ALSO ENCLOSED LETTER TO THE COURT EXPLAINING HIS LEGAL AID PROBLEM.

ON APRIL 18, 2002, PLAINTIFF INITIATED THE PRODUCTION OF MEDICAL RECORDS TO PURSUE THE "DISCOVERY PROCESS."

ON APRIL 25, 2002 PLAINTIFF WROTE A LETTER TO THIS HONORABLE COURT (MAY 15, 2002 IT IS ATTACHED TO EXHIBIT 1 TO "PLAINTIFF'S RESPONSE TO CORRECTIONS DEFENDANTS' REPLY TO PLAINTIFF''S BRIEF IN OPPOSITION TO THEIR MOTION FOR A PROTECTIVE ORDER." (HEREAFTER "PLAINTIFF RESPONSE").

ON APRIL 28, 2002 - REQUEST SENT TO MR. RACKOVAN (EXHIBIT #3 "PLAINTIFF'S RESPONSE").

ON APRIL 29, 2002 - MR. RACKOVAN ANSWERS - (EXHIBIT #3 "PLAINTIFF'S RESPONSE").

ON APRIL 30, 2002 - "CORRECTION DEFENDANTS" FILE "CORRECTIONS DEFENDANTS' REPLY TO PLAINTIFFS BRIEF IN OPPOSITION TO THEIR MOTION FOR A PROTECTIVE ORDER." (HEREAFTER "CORRECTION DEFENDANTS REPLY")

ON MAY 15, 2002 PLAINTIFF FILED "PLAINTIFFS RESPONSE".

ON MAY 20, 2002, BY MEMORANDUM AND ORDER, THIS HONORABLE COURT DENIED THE CORRECTION DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND DIRECTED DEFENDANTS

HORN AND LIDGETT TO RESPOND TO PLAINTIFFS INTERROGATORIES WITHIN FORTY FIVE (45) DAYS.

THIS HONORABLE COURT IN ORDER, HAS ALSO AFFORDED PLAINTIFF THIRTY (30) DAYS FROM RECEIPT OF DEFENDANTS' DISCOVERY RESPONSE TO FILE AN APPROPRIATE RESPONSE TO CORRECTIONS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

ON MAY 22, 2002 PLAINTIFF PURSUED DISCOVERY DOCUMENTS (SEE EXHIBIT #1 ATTACHED TO THIS BRIEF - "PLAINTIFFS BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY FOR PRODUCTION OF CORRECTIONS DEFENDANTS' DOCUMENTS.").

ON MAY 23, 2002 MR. RACKOVAN ANSWERS MAY 22, 2002 "REQUEST SLIP" (SEE ATTACHED EXHIBIT #1).

ON MAY 27, 2002, PLAINTIFF'S REQUEST SLIP TO MR. RACKOVAN. FURTHER PURSUIT OF DISCOVERY DOCUMENTS. (SEE EXHIBIT #2 ATTACHED TO THIS BRIEF).

ON JUNE 2, 2002, "PLAINTIFF'S MOTION TO COMPEL DISCOVERY FOR PRODUCTION OF CORRECTIONS DEFENDANTS DOCUMENTS" FILED WITH THIS HONORABLE COURT.

## ARGUMENT

PLAINTIFF REPRESENTS, AND CLARIFIES CERTAIN ISSUES PERTINENT TO THIS PRESENT "MOTION TO COMPEL DISCOVERY OF CORRECTIONS DEFENDANTS' DOCUMENTS."

PLAINTIFF HAS BEEN PREJUDICED BY FIRST BEING CUT OFF FROM HIS LEGAL HELP. (SEE "PLAINTIFFS RESPONSE" PAGE 5 - FILED MAY, 15, 2002). CORRECTIONS DEFENDANTS ARE RESPONSIBLE FOR THESE ACTIONS.

BEING INUNDATED AT A CRUCIAL POINT IN THIS LITIGATION SEVERELY DISADVANTAGED PLAINTIFF, AND PREJUDICED HIM BY SEVERING HIS LEGAL HELP THAT HAD UNDERSTANDING AND HAD HELPED PREPARE THESE FILINGS FROM THE START OF THE COMPLAINT. PLAINTIFF HAS TRIED TO OVERCOME THIS DISADVANTAGE IN HIS CAPACITY AND IS JUST NOW BEGINNING TO UNDERSTAND DEFICIENCIES, ERRORS, AS WELL AS THE NEED FOR FURTHER INTERROGATORIES AS WELL AS APPREHENDED DISCOVERY NEEDS AMONG OTHER COMPLEXITIES THAT HAVE BEEN UNATTENDED.

PLAINTIFF IS JUST BEGINNING TO FIND SLOW PROGRESS THROUGH THIS FLOOD OF ISSUES, AND IS OVERWHELMED, AS HE SEES NEEDS TO ANALYZE AS WELL AS PREPARE TO POSSIBLY FILE OTHER MOTIONS IN RESPONSE TO THE ANTICIPATED INTERROGATORIES AND DISCOVERY.

ON APRIL 18, 2002 PLAINTIFF WAS CALLED TO SEE MR. RACKOVAN AND THE INCIDENTS DESCRIBED IN "PLAINTIFFS RESPONSE" APRIL 25, 2002, AND LETTER (EXHIBIT #1) IN THAT RESPONSE OCCURED.

PLAINTIFF HAS IDENTIFIED THESE DOCUMENTS, THEY RELATE AND ARE RELEVANT

TO THIS PRESENT LITIGATION.

<u>ONLY</u>, A COMPLETE MEDICAL RECORD CAN BE ACCEPTABLE WHICH WILL BE NEEDED TO PRESENT THIS PRESENT COMPLAINT AS WELL AS NEEDED TO PRESENT TO A QUALIFIED PROFESSIONAL AND EXPERT WITNESS TO REVIEW IN REGARDS TO THIS LITIGATION.

PLAINTIFF'S CLAIMS REGARD THE INADEQUATE MEDICAL CARE AND DISREGARD OF LAB RESULTS AMONG OTHER CLAIMS.

THIS COMPLETE RECORD IS NEEDED TO TRACK AND SHOW THE LAPSE AND DELIBERATE INDIFFERENCE OF INACTIONS AND OTHER ACTIONS DEFENDANTS HAVE TAKEN. AS WELL AS OTHER RELEVANT INFORMATION NECESSARY TO SHOW PLAINTIFF'S CLAIMS.

AS PRESENTED HEREIN, TO THIS DATE PLAINTIFF HAS MADE ATTEMPTS TO SECURE THESE DOCUMENTS/DISCOVERY AND HAS BEEN STRATEGICALLY BAFFLED.

PLAINTIFF CLAIMS HE HAS BEEN PREJUDICED AND CORRECTIONS DEFENDANTS HAVE ABUSED THEIR POSITION IN THESE PROCEEDINGS.

IN "PLAINTIFFS RESPONSE" DATED MAY 15, 2002 PAGE 4, PLAINTIFF CLARIFIES AND AMENDS STATEMENT OF "20 MINUTES" TO "APPROXIMATELY 30 MINUTES" OF ACTUAL TIME ALLOWED TO REVIEW HIS RECORD. REGARDLESS OF A MERE ARGUABLE MINUTES:

PAGE 4 "EVEN WITHOUT ENDORSING MR. RACKOVANS CLAIMS OF 40 MINUTES, THIS WOULD AMOUNT TO APPROXIMATELY 6 SECONDS PER VIEWING, PER PAGE."

THIS IS WITH APPROXIMATELY PLAINTIFFS "OVER FOUR HUNDRED (400) PAGES OF MEDICAL RECORDS"...

PLAINTIFF WAS STRAINED AND PREJUDICED IN THIS TIME FRAME AND SO CALLED "OPPORTUNITY WITHIN THE CONFINES OF A SECURE INSTITUTION SETTING." A PROFESSIONAL DOCTOR, QUALIFIED AND WITH THE KNOWLEDGE OF WHAT HE IS REVIEWING, COULD NOT ASCERTAIN NOR COMPREHEND WHAT PLAINTIFF HAS BEEN COMPELLED TO BY MR. RACKOVAN.

PLAINTIFF PRESENTS SURROUNDING CONDITIONS OF THIS LITIGATION AND ELABORATE PROCESS HE IS PLACED IN.

IN "CORRECTIONS DEFENDANTS'" "MOTION FOR SUMMARY JUDGMENT" AND OTHER DOCUMENTS, THE EXPLICIT WORDS, <u>"BY AND THROUGH THEIR ATTORNEY</u>, JOHN J. TALABER, ASSISTANT COUNSEL FOR THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS" SHOWS MR. TALABER RESPONSIBILITY TO THE TERMS OF THIS LITIGATION AND RULES OF COURT.

PLAINTIFF BELIEVES AND CLAIMS, MR. TALABER IS RESPONSIBLE TO AVOID ELABORATE TACTICS OR SEE THEY ARE CARRIED OUT IN A PROPER MANNER. D.O.C. POLICY SHOULD NOT BE USED AS A TACTIC OR BARRIER TO PLAINTIFF.

ANOTHER PERTINENT ISSUE IS, MR. RACKOVAN IS ASSISTANT TO THE SUPERINTENDENT, ROBERT MEYERS, ALSO A GRIEVANCE COORDINATOR, AND A LITIGATION COORDINATOR.

ON APRIL 28, 2002 - (SEE "PLAINTIFFS RESPONSE" EXHIBIT #3 - REQUEST TO MR. RACKOVAN - LITIGATION COORDINATOR DATED APRIL 28, 2002). PLAINTIFF MADE ANOTHER ATTEMPT TO GO THROUGH PROPER CHANNELS OF DISCOVERY WITH DEFENDANTS IN ORDER TO SOMEHOW RESOLVE THE DISADVANTAGE PLACED UPON HIM.

REQUESTING AND IN QUESTION: -
(1) ASKING FOR AN APPROPRIATE AMOUNT OF TIME TO VIEW AND CHOOSE. "THOSE RECORDS I FEEL ARE RELEVANT."
(2) "ASK MR. TALABER ABOUT YOUR COMMENT FROM HIM STATING D.O.C. POLICY ON THE COST OF COPIES."
(3) "IF THE FIRST (2) TWO REQUESTS CAN'T BE SETTLED, YOU (MR. RACKOVAN) MADE THE STATEMENT ABOUT THE COPIES BEING EASIER TO BE DONE AT THE LIBRARY. THEY STILL TOOK A WEEK, WHEREAS I COULD HAVE GONE THROUGH THE LIBRARY, GOTTEN THEM THE NEXT DAY AND AT 10¢ A COPY, SAVING ME $100.00."

MR. RACKOVAN'S ANSWER: "YOU NEED TO UNDERSTAND A FEW POINTS.
1) YOUR RECORDS ARE D.O.C. PROPERTY. IF YOU WANT COPIES OF THEM, YOU HAVE TO PAY FOR THEM. YOU CANNOT TAKE THESE TO THE LIBRARY AND GET THEM COPIED FOR 10¢ A PAGE. YOU ASKED FOR THEM THROUGH LITIGATION, THEY WERE PROVIDED AND YOU MUST PAY THE PREVAILING LITIGATION RATE."

PLAINTIFF CLAIMS, AS IN "PLAINTIFF'S RESPONSE" FILED IN THIS HONORABLE COURT MAY 15, 2002 PAGE 4 "PLAINTIFF AVERS,...

ANY OFFICIAL AT "ROCKVIEW" DEPENDING UPON THE DOCUMENTS AND CONDITIONS, PHOTO COPY THEM FOR YOU, FREE, OR A CHARGE OF 10¢ PER PAGE. THEY DO NOT CARRY THEM TO THE "LIBRARY" THERE ARE PHOTO COPYING MACHINES THROUGHOUT THE PRISON. PLAINTIFF AVERS, HIS CLAIM IS TRUE, AND MR. RACKOVAN MADE THE STATEMENT ABOUT THE COPIES BEING EASIER BY A SECRETARY THAN TO SEND THEM TO THE LIBRARY. THIS OF COURSE WOULD BE COMMON PRACTICE. HOWEVER THE POINT IS PLAINTIFF IS LED TO UNDERSTAND HE WOULD NOT HAVE PAID MORE THAN 10¢ A COPY.

1) 10¢ A COPY IS THE PREVAILING RATE TO INMATES AND PLAINTIFF IS AN INMATE AMONG SIMILARLY SITUATED INMATES.
2) PLAINTIFF INITIATED THIS COMPLAINT BY WAY OF GRIEVANCE ON DECEMBER 1, 1999 BEFORE ADM-003 WAS IN EFFECT (APRIL 9, 2001).

3) MEDICAL LITIGATION DOES NOT CHANGE THE FACT OF PLAINTIFF BEING AN INMATE AND TO SEPARATE HIM AND OVER BURDEN HIM BY AN ELABORATE FEE BECAUSE HE IS A "MEDICAL LITIGANT" DISADVANTAGES HIM.

D.O.C. POLICY IS COVERED IN DCM-003 (SEE "PLAINTIFFS RESPONSE" PAGE 4 AND EXHIBIT #2).

PLAINTIFF OFFERS HE HAS PRODUCED THE COPY ADM-003 THAT HE IS ALLOWED ACCESS TO IN HIS HANDBOOK. THE DEFENDANTS MAY PRODUCE THE COPY HE IS NOT ALLOWED ACCESS TO.

PLAINTIFF IS NOT ALLOWED FURTHER ACCESS. - D.O.C. PROCEDURES MANUAL "IS OUT OF HIS REACH" - THIS POLICY NO. DC-ADM-003, "IS RELEASED TO D.O.C. EMPLOYEES ON AN AS NEEDED BASIS." AGAIN PLAINTIFF IS SENT TO "GUESS" AND SEARCH FOR SOMETHING "OUT OF HIS REACH" (SEE "DEFENDANTS RESPONSE" DATED MARCH 21, 2002 - PAGE 3).

(SECTION 2-B - REQUESTS FOR INFORMATION - ARE TO BE FORWARDED TO THE ATTORNEY REPRESENTING THE DEPARTMENTS' DEFENDANTS IN THIS CASE) THE LITIGATION COORDINATOR DETERMINES INFORMATION REQUESTS RELATING TO ACTIVE DEPARTMENT LITIGATION AND FORWARDS THEM TO THE ATTORNEY.

AN INMATE IS ALLOWED ACCESS TO HIS MEDICAL RECORDS AND CERTAINLY IN THIS CASE IT HAS BEEN AFFIRMED TO BE ALLOWED TO BE FURNISHED TO PLAINTIFF EXCEPT FOR THE SNAG OF $152.04, OF WHICH PAYMENT IS OPPOSED BY PLAINTIFF.

PLAINTIFF HAS BEEN PREJUDICED BY DEFENDANTS AND HAS BEEN DISADVANTAGED AND WHAT WAS BELIEVED TO BE AN ELABORATE PROCESS, HAS IN FACT BECOME AN ELABORATE PROCESS AND A DROWN OUT TACTIC TO DELAY "DISCOVERY."

"PLAINTIFF'S RESPONSE" (SEE EXHIBIT #3 - REVERSE SIDE) MR. RACKOVAN, SUGGESTS PLAINTIFF WRITE THE COURT OR MR. TALABER.

ALSO ON MAY 22, 2002, PLAINTIFF MADE ANOTHER ATTEMPT TO RESOLVE DISCOVERY. (SEE EXHIBIT #1 ATTACHED TO THIS BRIEF) AND RECEIVES NO ANSWERS TO HIS CONTINUED EFFORTS TO MOVE FORWARD IN DISCOVERY.

PLAINTIFF IS PLACED IN A "CONUNDRUM" AND MUST USE "GUESS WORK" TO FIND A WAY BETWEEN MR. RACKOVAN AND MR. TALABER (D.O.C.) TO FIND WHAT FILES ARE WHAT AND ANSWERS TO QUESTIONS OF DISCOVERY. PLAINTIFF SERVED MR. TALABER WITH "REQUEST FOR PRODUCTION FOR DOCUMENTS."

"PLAINTIFFS RESPONSE" EXHIBIT #3 - MR. RACKOVANS ANSWER #2 STATES "I GAVE YOU 45 MINUTES THAT IS SUFFICIENT."

PLAINTIFF CLAIMS, ONE MOMENT MR. RACKOVAN CAN MAKE DETERMINATIONS WITHOUT

MR. TALABER AND THE NEXT WHEN IT IS "CONVIENT TO TACTIC" PLAINTIFF IS PLACED IN A "SPIN CYCLE" AND MUST BOUNCE FROM MR. TALABER TO MR. RACKOVAN.

MR. TALABER SHOULD BE RESPONSIBLE TO ANSWER REQUESTS TO PLAINTIFF. PLAINTIFF IS RESPONSIBLE AND MUST USE RESOURCES AND MONEY TO SERVICE ACCORDING TO PROPER PROCEDURE AND HAS BEEN OVER BURDENED IN THESE ELABORATE STRATEGIES HE MUST FOLLOW, TO TRY AND RECEIVE "DISCOVERY REQUESTS."

TO ELUCIDATE FURTHER - MR. RACKOVAN IS ASSISTANT TO (SUPERINTENDENT, ROBERT MEYERS), HE IS A GRIEVANCE COORDINATOR AND HE IS A LITIGATION COORDINATOR.

THE AFOREMENTIONED FACTS DO NOT AMOUNT TO A "CO-ORDINATION" BY ANY MEANS AS MR. RACKOVAN EXPLICITLY CUTS PLAINTIFF OFF FROM FURTHER PURSUIT OF DISCOVERY. IN FACT MR. RACKOVAN NEVER ANSWERS PLAINTIFFS REQUEST SLIP DATED MAY 27, 2002 (SEE EXHIBIT #2 ATTACHED TO THIS BRIEF).

CORRECTIONS DEFENDANTS HAVE NOT IN GOOD FAITH PROVIDED PLAINTIFF WITH "DISCOVERY."

DEFENDANTS OBJECTIONS - AND ANSWERS: - IN THAT MATERIALS ARE OBTAINABLE MORE CONVIENTLY AND THAT PLAINTIFF WILL BE GIVEN A REASONABLE AMOUNT OF TIME TO EXAMINE AND INSPECT DOCUMENTS IN "DEFENDANTS RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS" IS ERRONEOUS AND HAS PROVED TO BE EVERYTHING OTHER THAN REASONABLE AND OBTAINABLE.

PLAINTIFF'S FIRST REQUEST WAS JANUARY 2, 2002, WHICH IS OVER (5) FIVE MONTHS AGO.

PLAINTIFF HAS NOW AT THIS POINT, PRESENTED THIS COURT WITH 2 SEPARATE MOTIONS TO COMPEL.

PLAINTIFF AVERS, HE IS NOT OVERBOARD IN THESE DISCOVERIES AS THE DOCUMENTS RELATE TO LITIGATION.

1) RELATE TO ACTUAL KNOWLEDGE CONCERNING HEPATITIS C.
2) KNOWLEDGE BROUGHT TO D.O.C. ATTENTION.
3) WILL EXPLICITLY SHOW PROPOSALS, APPROVALS, DENIALS, -PERTINENT DOCUMENTS CONCERNING HEALTH CARE PRIORITIES AND POLICIES.

THESE DISCOVERY REQUESTS SHOW THE STATE OF AFFAIRS WITHIN D.O.C., THE HEALTH CARE, AND SURROUNDING ATTITUDE AS WELL AS IMPLEMENTATION OF PROCEDURE INVOLVED AND AT ISSUE IN PLAINTIFF'S CLAIMS.

4) THEY ARE NECESSARY TO SHOW SPECIFIC PREJUDICE IN CONCERT WITH OTHER DISCOVERY.

5)   THE LACK OF THESE DOCUMENTS BAR PLAINTIFF FROM PROPER PURSUIT AND PRESENTATION OF LITIGATION.

<u>ASS'N FOR REDUCTION OF VIOLENCE V. HALL</u>, 734 F.2D 63 (1984)
THIS INFORMATION IS HIGHLY RELEVANT AND NEEDED FOR A FAIR DETERMINATION OF PLAINTIFFS CLAIMS AND PRESENT LITIGATION.

ESPECIALLY IN RELATION TO (#5 "DEFENDANTS RESPONSE") THERE IS NO PURPOSE TO "EXECUTIVE DOCUMENT PRIVILEDGE"  SEE <u>ROVIARO V. U.S.</u>, 77 S.CT. 623 (1957) THE SCOPE OF A PRIVILEGE IS LIMITED BY ITS UNDERLYING PURPOSE AND SHOULD NOT BE APPLIED WHEN THAT PURPOSE WOULD NOT BE SERVED. ID. AT S.CT. 627.

PLAINTIFF CONSIDERED "CORRECTIONS DEFENDANTS" WISH, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 37(b)(2)(B), BEFORE FILING A "MOTION TO COMPEL DISCOVERY", AND FOUND LESS RESPONSE - THIS MOTION ENSUED.

IT IS ALMOST 2 MONTHS SINCE MR. TALABER "OFFERED HELP" IN THE QUESTION OF WHETHER DOCUMENTS ARE MISSING AND FURTHER RESOLUTION CONCERNING DISCOVERY.
IT IS ALMOST A MONTH SINCE PLAINTIFF'S REQUEST SLIP TO MR. RACKOVAN. (EXHIBIT #1 ATTACHED TO THIS BRIEF). THIS MAY VERY WELL BE CONSIDERED A REQUEST FOR "A CO-ORDINATION" AND HELP IN PLAINTIFFS PURSUIT OF PROPER MEANS TO DISCOVERY AND ADVANCING THESE STAGES OF LITIGATION.

PLAINTIFF HAS NOT BEEN ALLOWED A PROPER AMOUNT OF TIME TO INSPECT THE DOCUMENTS HE IS ENTITLED TO.
IN LIGHT OF PROCEDURES AND TREATMENT CONCERNING "DISCOVERY" TO THIS POINT, PLAINTIFF BELIEVES HE WILL NEED TO CROSS CHECK AND REVIEW HIS RECORD AGAIN, ESPECIALLY ONCE HE RECEIVES A "COPY" OF HIS MEDICAL RECORD.
PLAINTIFF NOW, QUESTIONS THE VALIDITY OF THIS "DISCOVERY PROCESS" WHICH HE IS COMPELLED TO BY DEFENDANTS AND ANTICIPATED LEGITIMACY.

SEPARATE PERTINENT "DISCOVERY REQUESTS" HAVE BEEN FILED SIMULTANEOUSLY WITH THIS BRIEF.
   1)   CONCERNING SCI-GRATERFORD, THE LABORATORIES UTILIZED, HEALTH SERVICES AND RECORDS.
   2)   CONCERNING SCI-ROCKVIEW, THE LABORATORIES UTILIZED, HEALTH SERVICES AND RECORDS.

UP TO THIS POINT PLAINTIFF HAS BEEN SEVERELY DISADVANTAGED AND PREJUDICED BY DEFENDANTS STRATAGEM.

PLAINTIFF'S NEED TO CROSS CHECK AND SUBSTANTIATE DOCUMENTS, WILL INSURE CORRECTIONS OF ANY DISCREPANCIES.

THESE LABORATORY REPORTS AND AFFIDAVITS WILL REVEAL ACTUAL ANALYSIS AND RESULTS OF "PLAINTIFFS SAMPLES" NEEDED FOR CLAIMS OF PRESENT LITIGATION THEREBY NOTARIZING THOSE DOCUMENTS AND THEREBY CORRECT DISCREPANCIES AND PRODUCE ANY LOST DOCUMENTS, DECREASING THE POSSIBILITY OF PLAINTIFFS EFFORTS OF DISCOVERY BEING THWARTED.

INFORMATION SOUGHT IS NECESSARY TO RESOLVE AND PRESENT THE PRECISE ISSUES PLAINTIFF HAS PRESENTED IN THIS CASE.

PLAINTIFF SEEKS THE OPPORTUNITY TO SUBSTANTIATE CLAIMS WHICH ARE MADE IN GOOD FAITH AND REALIZES ALSO A NEED FOR INDEPENDENT MEDICAL EVALUATIONS IN THE FUTURE.

THESE PARTICULAR DOCUMENTS WILL BE NECESSARY TO SHOW WHAT TESTS WERE AUTHORIZED ON INTAKE, THE FREQUENCY DURING INCARCERATION, THE NAMES OF PARTICULAR LABORATORIES, THE ANALYSIS AND RESULTS OF SAID TESTS. THESE WILL VERY WELL BE RELEVANT TO SUPPORT PLAINTIFF'S CLAIMS IN HIS GRIEVANCE AND THIS PRESENT GRIEVANCE PROCEEDING, AS WELL AS TO AFFIRM PLAINTIFFS GENUINE ISSUES TO OVERCOME DEFENDANTS "MOTION FOR SUMMARY JUDGMENT."

AT THIS POINT PLAINTIFF PRESENTS THIS CONTINUING METHOD FOR DISCOVERY, BECAUSE MR. TALABER NOR MR. RACKOVAN HAS BEEN COOPERATIVE IN THE TRUE SENSE OF KEEPING WITH THE INTEGRITY OF THESE PROCEEDINGS.

THE MERE FACT THAT DISCOVERY REQUIRES WORK AND MAY BE TIME CONSUMING IS NOT SUFFICIENT TO ESTABLISH UNDUE BURDEN.

IT IS REASONABLE TO EXPECT DEFENDANTS TO HAVE THE INFORMATION AND PLAINTIFF SHOULD NOT SUFFER IN HIS DISCOVERY EFFORTS. FAGAN V. DISTRICT OF COLUMBIA, 136 F.R.D.S. 6 (DDC 1991), RULE 26(b) OF THE FEDERAL RULES OF CIVIL PROCEDURES.

IN LIGHT OF PLAINTIFFS CLAIMS AND THE BURDEN DEFENDANTS HAVE CREATED AND PLACED UPON PLAINTIFF IN HIS DISCOVERY EFFORTS; AND IN LIGHT OF AFOREMENTIONED SUPPORT IN THIS BRIEF TO COMPEL DISCOVERY: -

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS HONORABLE COURT COMPEL "CORRECTIONS DEFENDANTS" TO PRODUCE ANY AND ALL DOCUMENTS REQUESTED BY PLAINTIFF, AND GRANT SUCH OTHER RELIEF TO PLAINTIFF AS THE COURT FEELS IS WARRANTED AND NECESSARY TO PRESERVE THE INTEGRITY OF THESE PROCEEDINGS.

DATE MAILED: JUNE 11, 2002

WILLIAM CLARK,   PRO SE
BOX A,   AY-5585
BELLEFONTE, PA. 16823-0820

CERTIFICATE OF SERVICE

I, WILLIAM CLARK, CERTIFY I HAVE THIS DAY SERVED UPON THE INDICATED PERSON(S) "PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY FOR PRODUCTION OF CORRECTIONS DEFENDANTS' DOCUMENTS", BY PLACING SAME IN THE UNITED STATES MAIL, POSTAGE PREPAID, ADDRESSED AS FOLLOWS:

JAMES D. YOUNG, ESQ.  
301 MARKET STREET, SUITE 800  
P.O. BOX 1245  
HARRISBURG, PA. 17108-1245

JOHN J. TALABER, ESQ.  
OFFICE OF CHIEF COUNSEL  
55 UTLEY DRIVE  
CAMP HILL, PA. 17011

DATE MAILED: JUNE 11, 2002

RESPECTFULLY SUBMITTED:

WILLIAM CLARK,   PRO SE  
BOX A,   AY-5585  
BELLEFONTE, PA. 16823-0820

State Correctional Institution

**RECEIVED MAY 23 2002**
Supt's Assistant's Office

EXH-1

| Form DC-135A. **INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br>**INSTRUCTIONS**<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>MR. RACKOVAN - LITIGATION OFFICER | 2. Date:<br>5/22/02 |
| 3. By: (Print Inmate Name and Number)<br>WILLIAM CLARK  AY5585<br>_[signature]_<br>Inmate Signature | 4. Counselor's Name<br>WEBB<br>5. Unit Manager's Name<br>MORNINGSTAR |
| 6. Work Assignment<br>FOOD TRUCK | 7. Housing Assignment<br>E/C  2002 |

8. Subject: State your request completely but briefly. Give details.

COULD YOU PLEASE EXPLAIN TO ME WHAT A DC-15 FILE IS, AND IF IT IS MY MEDICAL RECORD, COULD YOU TELL ME IF MY REQUEST SLIPS TO MEDICAL STAFF ARE INCLUDED? ALSO, COULD YOU PLEASE INFORM ME OF ANY NEW DEVELOPMENTS REGARDING DISCOVERY OF DOCUMENTS, GETTING MY MEDICAL COPIES AT A LOWER COST AND LOCATING PAPERS FROM MY MEDICAL RECORDS FROM THE EARLY 90'S? THANK YOU FOR YOUR TIME AND CONSIDERATION IN THIS MATTER.

9. Response: (This Section for Staff Response Only)

Mr. Clark
  Your DC-15 is everything except your medical records. Anything involving medical is in your medical record.
  I have heard nothing new regarding your situation. I still have the records you reviewed previously.

To DC-14 CAR only ☐    To DC-14 CAR and DC-15 IRS ☐

Staff Member Name _____ Print  /  _J. Rackovan_ Sign    Date  5/23/02

Revised July 2000

Exh. 2

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>MR. RACKOVAN - LITIGATION OFCR. | 2. Date:<br>5/27/02 |
| 3. By: (Print Inmate Name and Number)<br>WILLIAM CLARK, AY-5585<br>_[signature]_<br>Inmate Signature | 4. Counselor's Name<br>WEBB<br><br>5. Unit Manager's Name<br>MORNINGSTAR |
| 6. Work Assignment<br>FOOD TRUCK | 7. Housing Assignment<br>E/C 2022 |

8. Subject: State your request completely but briefly. Give details.

I AM REQUESTING THE COPIES OF MY MEDICAL RECORD THAT YOU ARE HOLDING AS I NEED THEM. I DO NOT HAVE THE $152.00 THAT I AM BEING CHARGED ON MY BOOKS AND WOULD LIKE TO PAY AT 20% OF MY PAY PER MONTH. PLEASE LET ME KNOW IF THIS IS A SATISFACTORY ARRANGEMENT AS SOON AS POSSIBLE.
THANK YOU.
WMC

9. Response: (This Section for Staff Response Only)

To DC-14 CAR only ☐          To DC-14 CAR and DC-15 IRS ☐

Staff Member Name _____ / _____   Date _____
                      Print                    Sign

Revised July 2000