IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

**JUDGE'S COPY**

WILLIAM CLARK : NO: 1:CV-01-0764
    PLAINTIFF :
: (JUDGE CALDWELL)
V. :
:
MARTIN HORN, ET AL., : JURY TRIAL DEMANDED
    DEFENDANTS :

FILED
HARRISBURG, PA
JUN 1 8 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY FOR PRODUCTION OF DEFENDANTS WEXFORD HEALTH SOURCES, INC. AND DR. SYMONS, M.D.'S DOCUMENTS

NOW COMES THE PLAINTIFF, WILLIAM CLARK, PRO SE, AND HEREBY PRESENTS, "BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY FOR PRODUCTION OF DEFENDANTS WEXFORD HEALTH SOURCES, INC. AND DR. SYMONS, M.D.'S DOCUMENTS."

STATEMENT OF CASE

A. IDENTITY OF THE PARTIES:

PLAINTIFF WILLIAM CLARK IS CURRENTLY INCARCERATED AT THE STATE CORRECTIONAL INSTITUTION AT ROCKVIEW.

    1) DEFENDANTS, NAMED "WEXFORD HEALTH SOURCES, INC.", AND "WEXFORD MEDICAL DIRECTOR, DR. JOHN SYMONS," ("DEFENDANTS"), BY AND THROUGH THEIR ATTORNEY, JAMES D. YOUNG, ESQ.

    2) ADDITIONALLY, THE DEPARTMENT OF CORRECTIONS EMPLOYEES NAMED AS DEFENDANTS ("CORRECTIONS DEFENDANTS") ARE, "MARTIN HORN, ROBERT MEYERS, AND LARRY LIDGETT," BY AND THROUGH THEIR ATTORNEY, JOHN J. TALABER, ASSISTANT COUNSEL FOR THE DEPARTMENT OF CORRECTIONS.

B. RELEVANT PROCEDURAL HISTORY.

ON DECEMBER 1, 1999 PLAINTIFF FILED AN "OFFICIAL INMATE GRIEVANCE" (SEE DC-804-ROC-0706-99)

-1-

ON AUGUST 10, 2001 PLAINTIFF FILED AN "OFFICIAL INMATE GRIEVANCE" (SEE DC-804-ROC-0641-01)

PLAINTIFF WILLIAM CLARK, PRO SE, FILED THIS COMPLAINT ON MAY 21, 2001. (SEE COMPLAINT (DOC #1))

ON SEPTEMBER 10, 2001 (DEFENDANTS") WAIVED REPLY TO THE COMPLAINT PURSUANT TO 42 U.S.C. § 1997(e) (DOC. 13)

ON AUGUST 2, 2001 - "DEFENDANTS" SERVED "CORRECTIONS DEFENDANTS" WITH A SUBPOENA TO PRODUCE" ANY AND ALL MEDICAL RECORDS AND ANY AND ALL DOCUMENTS PERTAINING TO INMATE GRIEVANCES FILED BY INMATE WILLIAM CLARK (AY-5585)."

ON AUGUST 20, 2001 "DEFENDANTS" SERVED PLAINTIFF WITH:
1) INTERROGATORIES
2) REQUEST FOR PRODUCTION OF DOCUMENTS
3) EXPERT WITNESS INTERROGATORIES

IT IS NOTED IN LETTER ADDRESS TO PLAINTIFF. "PLEASE RESPOND TO THESE DISCOVERY REQUESTS WITHIN THE 30 - DAY PERIOD PRESCRIBED BY THE FEDERAL RULES OF CIVIL PROCEDURE.

ON OCTOBER 10, 2001 - PLAINTIFF SERVED "DEFENDANTS" WITH ANSWERS TO:
1) INTERROGATORIES
2) PRODUCTION OF DOCUMENTS

ON JAN 2, 2002, PLAINTIFF SERVED "DEFENDANTS" WITH: -
1) A REQUEST FOR PRODUCTION OF DOCUMENTS. (WHICH PLAINTIFF HAS CORRECTED ON JUNE 11, 2002 (SEE PRAECIPE TO SUBSTITUTE).
2) "PLAINTIFF'S INTERROGATORIES TO DEFENDANT WEXFORD HEALTH SOURCES, INC."
3) "PLAINTIFF'S INTERROGATORIES TO DEFENDANT SYMONS."

ON MAY 20, 2002, BY MEMORANDUM AND ORDER, THIS HONORABLE COURT DENIED THE "CORRECTIONS DEFENDANTS" MOTION FOR PROTECTIVE ORDER AND DIRECTED DEFENDANTS HORN AND LIDGETT TO RESPOND TO PLAINTIFF'S INTERROGATORIES WITHIN FORTY-FIVE (45) DAYS.

THIS HONORABLE COURT IN ORDER, HAS ALSO AFFORDED PLAINTIFF THIRTY (30) DAYS FROM RECEIPT OF DEFENDANTS' DISCOVERY RESPONSE TO FILE AN APPROPRIATE RESPONSE TO "CORRECTIONS DEFENDANTS'" MOTION FOR SUMMARY JUDGMENT.

ON MAY 22, 2002, THE DOCUMENT, "DEFENDANTS, WEXFORD HEALTH SOURCES, INC., AND DR. SYMONS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

-2-

OF DOCUMENTS" WAS SERVED UPON PLAINTIFF BY U.S. MAIL.

ON MAY 22, 2002, DEFENDANTS, FILED FOR "ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S INTERROGATORIES", AND SERVED SAME UPON PLAINTIFF BY U.S. MAIL.

ON MAY 29, 2002, THIS HONORABLE COURT GRANTED "DEFENDANTS" MOTION FOR ENLARGEMENT OF TIME.

ON JUNE 4, 2002, "PLAINTIFF'S MOTION TO COMPEL DISCOVERY FOR PRODUCTION OF DEFENDANTS, WEXFORD HEALTH SOURCES, INC., AND JOHN SYMONS, M.D.'S DOCUMENTS" WAS FILED WITH THIS HONORABLE COURT.

THIS PRESENT BRIEF IN SUPPORT OF MOTION TO COMPEL "DEFENDANTS" ENSUES.

### ARGUMENT

PLAINTIFF REPRESENTS, THE ISSUES PERTINENT TO THIS PRESENT "MOTION TO COMPEL DISCOVERY OF "WEXFORD DEFENDANTS'" DOCUMENTS", MANIFESTS IN THE "RELEVANT PROCEDURAL HISTORY" SET FORTH HEREIN, AND IN "DEFENDANTS" MOTION FOR ENLARGEMENT OF TIME "FILED ON MAY 22, 2002.

PLAINTIFF IS PREJUDICED AND DISADVANTAGED BY "DEFENDANTS" DISREGARD FOR PROPER DISCOVERY PROCESS AND THE ACTUAL RULES OF FEDERAL PROCEDURE.

PLAINTIFF IN GOOD FAITH ANSWERED "DEFENDANTS."

AT THIS POINT IN LITIGATION, PLAINTIFF, SEVERED FROM HIS LEGAL AID, IS ASSESSING AND WORKING TO PROPERLY UNDERSTAND AND FOLLOW ALL RULES OF THIS HONORABLE COURT.

PLAINTIFF HAS DISCOVERED SOME ERRORS AND INEFFECTIVENESS OF HIS PREVIOUS LEGAL AID AND WITH HELP HERE AND THERE, IS STRUGGLING TO CORRECT AND REMEDY THE ERRORS, AND UNATTENDED PERTINENT PROCESSES NEEDED TO PRESENT THIS COMPLAINT PROPERLY.

ON THE OTHER HAND, PLAINTIFF CLAIMS, "DEFENDANTS" BY AND THROUGH MR. YOUNG ALSO HAVE AN OBLIGATION TO THE PROPER PROCESS AND RULES OF THIS PRESENT LITIGATION.  MR. YOUNG IS A LAWYER.

"DEFENDANTS" ARE NAMED TOGETHER, AND INDIVIDUALLY.  THEY ARE SERVICED BY U.S. MAIL TO MR. YOUNG.

MR. YOUNG IS NOT MR. TALABER, AND "WEXFORD DEFENDANTS" ARE NOT "CORRECTIONS DEFENDANTS."

"DEFENDANTS" IN THEIR "MOTION FOR ENLARGEMENT OF TIME" (HEREAFTER "ENLARGEMENT"), DATED MAY 22, 2002, PAGE 3 - #6 - STATE THEY "RESPONDED TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS."

ON MAY 22, 2002, PLAINTIFF RECEIVED "RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS." (HEREAFTER "RESPONSE") THIS REQUEST WAS SERVED ON "DEFENDANTS" ON JAN. 2, 2002, ALMOST 5 MONTHS AGO.

WHEN MR. YOUNG SERVED PLAINTIFF LIKEWISE HE SET A 30 DAY PERIOD.

ON MAY 22, 2002, PLAINTIFF RECEIVED: - ANSWERS #1-4 - OBJECTIONS AND #5 AND 6 - ARE NOT ANSWERED IN REALITY BUT BOUNCE BACK TO "CORRECTIONS DEFENDANTS."

PLAINTIFF AFFIRMS, HE IS IN LITIGATION WITH TWO (2) SEPARATE DEFENDANTS, AND IS RESPONSIBLE TO EACH AND MUST GRANT SERVICE TO EACH. THEY ARE ALSO RESPONSIBLE TO HIM, EACH, INDIVIDUALLY.

"ENLARGEMENT" - #7 - "MOVING DEFENDANTS SOUGHT TO COORDINATE THEIR DISCOVERY WITH THE CO-DEFENDANTS."

PLAINTIFF ASSERTS, THERE HAS BEEN NO "COORDINATION AS "DEFENDANTS" NEVER MADE ATTEMPTS TO ANSWER ANYTHING, AND STRETCH THE MEANING AND THE INTEGRITY OF THEIR WORD IN THEIR CLAIMS IN THE "ENLARGEMENT."

PLAINTIFF ALSO OFFERS WHAT NEED WOULD "DEFENDANTS" HAVE OF A "SUBPOENA" IF THEY WERE IN FACT IN COORDINATION. IT APPEARS "DEFENDANTS" ANTICIPATED THE NEED FOR A CORRECT COPY EARLIER IN THESE PROCEEDINGS.

PLAINTIFF ALSO NOTES, "DEFENDANTS" IN "SUBPOENA" HAVE HAD IN THEIR POSSESSION, PLAINTIFF'S MEDICAL RECORD SINCE AUGUST 2, 2001.

"ENLARGEMENT" - #8 - "DEFENDANTS" CONTEND, ONE REQUEST IS NOT ENOUGH OR PROPER TO THESE PROCEEDINGS AND THAT "PLAINTIFF IS TO EXPECT NO ANSWER AND AS A RULE SHOULD ANTICIPATE FURTHER UNECONOMICAL FILINGS IN ORDER TO GET THEM TO ANSWER. THIS IS PLAINTIFF'S IMPRESSION.

"ENLARGEMENT" #9 - "DEFENDANTS" BEG, AS THEY HAVE HAD OVER FIVE (5) MONTHS.

ENLARGEMENT #10 - "DEFENDANTS" BEG AGAIN, AND PLAINTIFF'S POINT IS, "DEFENDANTS" USE "CORRECTIONS DEFENDANTS" AS A "SHIELD" AND SHIRK THEIR DUTY AS IN THE "DISCOVERY" WHICH THIS "BRIEF" CONTAINS.

PLAINTIFF AVERS, "DEFENDANTS" HAVE DISREGARDED THEIR RESPONSIBILITY AND TRY TO SHIFT RESPONSIBILITY TO "CORRECTIONS DEFENDANTS", FOLLOWING THEIR STRATAGEM.

IN "DEFENDANTS", "RESPONSE" - OBJECTIONS ARE SET FORTH IN #1-4 AND #5 AND 6 ARE SHIFTED TO "CORRECTIONS DEFENDANTS."

IN THE COMPLEXITY OF THE DISCOVERY, PLAINTIFF STATES, ALTHOUGH "CORRECTIONS DEFENDANTS" ARE RESPONSIBLE TO HAVE "HEALTH CARE", HOWEVER, "DEFENDANTS" PROVIDE "HEALTH CARE" AND CERTAINLY HAVE BEEN RESPONSIBLE FOR REQUESTS 2, 3, 4 AND 5, AND ALSO HAVE AUTHORITY AND CREATE #6 - THE MEDICAL RECORD.

ACCORDING TO THE AMERICAN COLLEGE OF PHYSICIANS (ACP), THE AMERICAN CORRECTIONAL HEALTH SERVICES ASSOCIATION (ACHSA), AND THE NATIONAL COMMISSION ON CORRECTIONAL HEALTH CARE (NCCHC) IN THEIR ARTICLE, "THE CRISIS IN CORRECTIONAL HEALTH CARE - THE GROUP ASSERTS THAT PEOPLE IN PRISON AND JAILS MUST RECEIVE HEALTH CARE THAT MEETS THE CURRENTLY ACCEPTED STANDARD OF CARE IN THE COMMUNITY AND ADEQUATE RESOURCES MUST BE DEDICATED TO PROVIDING THAT CARE. NO LESS CAN BE TOLERATED - ETHICALLY OR LEGALLY.

PLAINTIFF'S REQUESTS ARE RELEVANT: -

1) THEY RELATE TO ACTUAL KNOWLEDGE OF HEPATITIS C, DETERMINATIONS AND TREATMENT.

2) THOSE INVOLVED AND THE CREATION OF GUIDELINES CONCERNING HEPATITIS C TREATMENT.

3) WILL EXPLICITLY SHOW, PROPOSALS, DRAFTS, APPROVALS, DENIALS, - THE PERTINENT DOCUMENTS CONCERNING HEALTH CARE PRIORITIES AND POLICIES.

4) THESE DISCOVERY REQUESTS SHOW THE STATE OF AFFAIRS, THE HEALTH CARE, AND PROFESSIONAL ATTITUDE AS WELL AS IMPLEMENTATION OF PROCEDURE, EVALUATION, AND ELIGIBILITY CONCERNING PLAINTIFF'S CLAIMS.

5) THEY ARE NECESSARY TO SHOW SPECIFIC PREJUDICE AND DELIBERATE INDIFFERENCE IN CONCERT WITH OTHER DISCOVERY.

6) THE LACK OF THESE DOCUMENTS DISADVANTAGE PLAINTIFF AND BAR PROPER PURSUIT AND PRESENT LITIGATION.

WEXFORD DEFENDANTS ARE A "HEALTH SOURCE" AND ADMINISTER OF "HEALTH SERVICES." THEY CLAIM "EXECUTIVE PRIVILEGE" AND COMMISSIONED BY "CORRECTIONS DEFENDANTS", THEY ARE RESPONSIBLE TO THE INMATES AND SOCIETY AS A "HEALTH SOURCE" IN THEIR ADMINISTRATION OF "HEALTH SERVICES."

"DEFENDANTS" OBJECTIONS TO DISCOVERY DOCUMENTS ARE UNFOUNDED.

ASS'N FOR REDUCTION OF VIOLENCE V. HALL, 743 F.2D 63 (1984)

THIS INFORMATION IS HIGHLY RELEVANT AND NEEDED FOR A FAIR DETERMINATION

OF PLAINTIFF'S CLAIMS AND PRESENT LITIGATION.

ESPECIALLY IN RELATION TO (#2-4 "DEFENDANTS" RESPONSE) THERE IS NO PURPOSE TO "EXECUTIVE DOCUMENT PRIVILEDGE" SEE ROVIARO V. U.S., 77 S.CT. 623 (1957) THE SCOPE OF A PRIVILEGE IS LIMITED BY ITS UNDERLYING PURPOSE AND SHOULD NOT BE APPLIED WHEN THAT PURPOSE WOULD NOT BE SERVED. ID. AT S.CT. 627.

INFORMATION SOUGHT IS NECESSARY TO RESOLVE AND PRESENT THE PRECISE ISSUES PLAINTIFF HAS PRESENTED IN THIS CASE.

IT IS REASONABLE TO EXPECT "DEFENDANTS" TO HAVE THE INFORMATION AND PLAINTIFF SHOULD NOT SUFFER IN HIS DISCOVERY EFFORTS.

"DEFENDANTS" HAVE ANSWERED NOTHING TO PLAINTIFF'S REQUESTS SINCE JANUARY 2, 2002.

SINCE PLAINTIFF IS ALLOWED ACCESS TO HIS MEDICAL RECORDS, AND IN LIGHT OF "DEFENDANTS" DISREGARD FOR OBLIGATIONS TO PLAINTIFF AS WELL AS THIS HONORABLE COURT, PLAINTIFF REQUESTS THEY BE COMPELLED TO PRODUCE HIS MEDICAL RECORD - "ANY AND ALL MEDICAL RECORDS" WHICH THEY HAVE HAD IN THEIR POSSESSION SINCE AUGUST 2, 2001.

PLAINTIFF SEEKS THE WISDOM OF THIS HONORABLE COURT, AND THESE COMPLEXITIES ARE EXPLAINED IN THE CAPACITY AND PRO SE STATUS TO THE BEST OF HIS ABILITY AND WITH GOOD FAITH.

IN LIGHT OF PLAINTIFF'S CLAIMS AND THE "SHIELDING" BETWEEN "DEFENDANTS" AND "CORRECTIONS DEFENDANTS" IN THIS "DISCOVERY" PROCESS, PLAINTIFF SEEKS A RESOLUTION AND DIRECTION CONCERNING WHO IS RESPONSIBLE FOR WHAT DISCOVERY.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS HONORABLE COURT COMPEL "WEXFORD DEFENDANTS" TO PRODUCE ANY AND ALL DOCUMENTS REQUESTED BY PLAINTIFF, AND GRANT SUCH OTHER RELIEF TO PLAINTIFF APPROPRIATE AS THIS HONORABLE COURT FEELS IS WARRANTED AND NECESSARY TO PRESERVE THE INTEGRITY OF THESE PROCEEDINGS.

DATE MAILED: June 12, 2002

WILLIAM CLARK, PRO SE
BOX A,   AY-5585
BELLEFONTE, PA. 16823-0820

CERTIFICATE OF SERVICE

I, WILLIAM CLARK, CERTIFY I HAVE THIS DAY SERVED UPON THE INDICATED PERSON(S) "PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY FOR PRODUCTION OF DEFENDANTS WEXFORD HEALTH SOURCES, INC. AND JOHN SYMONS, M.D.'S DOCUMENTS" BY PLACING SAME IN THE UNITED STATES MAIL, POSTAGE PREPAID, ADDRESSED AS FOLLOWS:

JAMES D. YOUNG, ESQ.
301 MARKET STREET, SUITE 800
P.O. BOX 1245
HARRISBURG, PA. 17108-1245

JOHN J. TALABER, ESQ.
OFFICE OF CHIEF COUNSEL
55 UTLEY DRIVE
CAMP HILL, PA. 17011

DATE MAILED: JUNE 12, 2002

RESPECTFULLY SUBMITTED:

WILLIAM CLARK,   PRO SE
BOX A,   AY-5535
BELLEFONTE, PA. 16823-0820