**ORIGINAL**

(54)

7/16/0?

**FILED**
**HARRISBURG, PA**

JUL 1 5 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CLARK,<br>　　　　Plaintiff | : | NO.: 1:CV01-0764 |
| | : | |
| | : | (JUDGE CALDWELL) |
| 　　v. | : | |
| | : | |
| MARTIN HORN, et al.,<br>　　　　Defendants | : | JURY TRIAL DEMANDED |
| | : | |

## DEFENDANTS, WEXFORD HEALTH SOURCES, INC. AND DR. SYMONS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

## I.　STATEMENT OF FACTS AND PROCEDURAL HISTORY:

Plaintiff, William Clark, is an inmate currently incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"). Plaintiff initiated this civil action by filing a Complaint on May 21, 2001. The Complaint attempts to assert claims pursuant to § 1983 alleging deliberate indifference with respect to the treatment of Clark's Hepatitis C condition in violation of his Eighth Amendment rights. The Complaint also attempts

to assert pendent state claims sounding in negligence and/or medical malpractice. Plaintiff seeks an award of compensatory and punitive damages, as well as, declaratory and injunctive relief.

In the Complaint, Clark named Wexford Health Sources, Inc., the contracted medical provider at SCI-Rockview, and John Symons, M.D., Wexford's Medical Director at SCI-Rockview as Defendants. The Complaint also named Martin Horn, former Secretary of the Department of Corrections; Robert W. Meyers, SCI-Rockview Superintendent; and Larry Lidgett, former SCI-Rockview Corrections Health Care Administrator, as Defendants.

On September 10, 2001, Defendants Wexford and Dr. Symons filed a Waiver of Reply to the Complaint pursuant to 42 U.S.C. § 1997e. On September 14, 2001, the Corrections Defendants waived reply to the Complaint pursuant to their rights under 42 U.S.C. § 1997e.

On January 2, 2002, Clark served all Defendants with Requests for Production of Documents and Interrogatories. A true and correct copy of the Request for Production of Documents Directed to Wexford is attached as Exhibit "A" in the Appendix of Exhibits. On February 4, 2002, the Corrections Defendants sought an enlargement of time to respond to

Clark's written discovery requests.  By Order dated February 8, 2002, this Honorable Court granted the Corrections Defendants' motion and directed the Corrections Defendants to respond to Plaintiff's discovery requests on or before March 21, 2002.  On March 21, 2002, the Corrections Defendants served Clark with a response to his Request for Production of Documents. The Corrections Defendants produced for examination and inspection Plaintiff's grievance and request slips pertaining to HCV, the pertinent portions of Plaintiff's prison medical chart, copies of final versions of the Department's HCV treatment protocols, medical journal articles, and the names and titles of known individuals who are involved in the development of the Department's HCV treatment protocol.

On May 22, 2002, the Wexford Defendants responded to Plaintiff's Request for Production of Documents.  A true and copy of the Wexford Defendants' Response to Plaintiff's Request for Production of Documents is attached as Exhibit "B" in the Appendix of Exhibits.  On or about June 7, 2002, Plaintiff filed a Motion to Compel Production of Documents from the Wexford Defendants.  On June 18, 2002, Plaintiff filed a Brief in support of his Motion to Compel Discovery from the Wexford Defendants.  The Wexford Defendants then obtained an enlargement of time until July 15,

2002 within which to file a brief in opposition to Plaintiff's discovery motion. This Brief is in opposition to Plaintiff's Motion to Compel Production of Documents from the Wexford Defendants.

## II.    QUESTION PRESENTED:

A.    **WHETHER PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE WEXFORD DEFENDANTS MUST BE DENIED AS A MATTER OF LAW?**

[SUGGESTED ANSWER: YES]

## III.    ARGUMENT:

A.    **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE WEXFORD DEFENDANTS MUST BE DENIED AS A MATTER OF LAW.**

In his document request directed to the Wexford Defendants, Plaintiff sought copies of: his request slips or grievances pertaining to his Hepatitis C condition (Request No. 1); copies of his evaluations for eligibility for drug therapy treatment for his Hepatitis C condition (Request No. 5); and a copy of his complete medical chart (Request No. 6). In response to those three document requests, the Wexford Defendants indicated that the Department of Corrections, and not the Wexford

Defendants is the custodian of records for the requested documents and, thus, the requests were more appropriately addressed to the Department of Corrections Defendants. By way of further response, the Wexford Defendants also noted that the Department of Corrections Defendants had already made the documents requested in Requests 1, 5 and 6 available for examination and/or inspection by the Plaintiff. The Wexford Defendants also noted an objection to the production of the grievance material (Request No. 1) in that the Plaintiff, as inmate within the Department of Corrections, already had copies of his grievances and the Department's responses thereto.

In his Motion to Compel Production of Documents, and supporting Brief, Plaintiff does not in any way controvert the Wexford Defendants' assertion that the Department of Corrections is the custodian of records with respect to Plaintiff's inmate grievances and prison medical chart. Moreover, in his Motion to Compel Discovery, Plaintiff has not, and cannot controvert the Wexford Defendants' assertion that Plaintiff was afforded an opportunity to examine and inspect the documents responsive to Requests 1, 5, and 6 at SCI-Rockview. Pursuant to the Department of Corrections' Policy DC-ADM-003, Plaintiff was also afforded an opportunity to obtain

copies of the documents at his expense, but declined to do so. Based upon the foregoing, there is no legal nor factual basis to grant Plaintiff's Motion to Compel Production of Documents from the Wexford Defendants.

In his Request for Production of Documents directed to the Wexford Defendants, Plaintiff also requested: copies of all prior drafts of the Hepatitis C treatment protocol (Request No. 2); the date each draft criteria was completed and the names of the involved individuals (Request No. 3); and a copy of the current Hepatitis C treatment protocol (Request No. 4).

In response to Requests 2 through 4, the Wexford Defendants objected pursuant to Fed.R.Civ.P. 34(b) and Fed.R.Civ.P. 26(b)(1) in that the requests lacked the requisite particularity and did not appear to be reasonably calculated to lead to the discovery of admissible evidence for purposes of trial. The Wexford Defendants also joined in the Corrections Defendants' objection pursuant to Fed.R.Civ.P. 26(b)(5) in that the requests were over broad and the documents requested were protected by the executive document privilege/deliberative process privilege. Without waiving those objections, the Wexford Defendants noted that the Department of Corrections Defendants had already produced for examination or inspection medical journal articles, Hepatitis C education

materials, the final version of the Department's Hepatitis C protocol, and the names and titles of the individuals involved in developing the Department's Hepatitis C protocol.

On page 6 of his Brief in support of the Motion to Compel Production of Documents from Wexford, Plaintiff argues that there is no purpose to "executive document privilege or, alternatively, the privilege should be limited by its underlying purpose." In <u>Department of Interior v. Klamath Water Users Protective Association</u>, 121 S. Ct. 1060 (2001), a unanimous Supreme Court held:

> . . . deliberative process covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance "the quality of agency decisions" by protecting open and frank discussions among those who make them within the government.

121 S. Ct. at 1065 (citations omitted). The deliberative process privilege is predicated on the recognition that the quality of administrative decision-making would be seriously undermined if agencies were forced to operate

in the fishbowl.  See, In Re Executive Office of the President, 215 F.3d 20 (D.C. Cir. 2000).

In an erudite opinion, the Pennsylvania Supreme Court reviewed the jurisprudence regarding the executive/deliberative process privilege and noted:

> The deliberative process privilege benefits the public, and not the officials who assert the privilege. *Hamilton v. Verdow*, 287 Md. 544, 414 A.2d 914, 924 (1980) *citing, Kaiser Aluminum and Chemical Corp. v. United States*, 141 Ct. Cl. 38, 157 F.Supp. 939, 944 (1958).  The purpose for the privilege is to allow the free exchange of ideas and information within government agencies.  *See, e.g., N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S. Ct. 1504, 44 L.Ed. 2d 29 (1975); *Schell v. United States Dept. of Health and Human Services*, 843 F.2d 933 (6th Cir. 1988); *Times Mirror Co. v. Superior Court of Sacramento County*, 53 Cal. 3d 1325, 283 Cal. Rptr. 893, 813 P.2d 240, 249 (1991); *Hamilton;* Project, *Developments in the Law of Privileged Communications*, 98 Harv. L.Rev. 1450, 1619 (1995).  The privilege recognizes that if governmental agencies were "forced to operate in a fishbowl, the frank exchange of ideas and opinions would cease and the quality of administrative decisions would consequently suffer."  *Redland Soccer Club, Inc.*, 55 F.3d at 854, *citing First Eastern Corp. v. Mainwaring*, 21 F.3d 465, 468 (D.C. Cir. 1994).

As a threshold matter, Wexford Defendants assert that the prior drafts of the Hepatitis C protocol, which were never adopted and/or

implemented, are not relevant to any claim or defense in this litigation and, consequently, are beyond the scope of permissible discovery. In the alternative, Wexford Defendants join in the Corrections Defendants' assertion of the executive/deliberative process privilege with respect to the prior draft of the treatment protocol. Clearly, the requests call for production of documents which relate to the formulation or exercise of a governmental agency's policymaking and/or decisional process. In this case, Plaintiff is not seeking production of documents relating to application of or interpretation of the Hepatitis C protocol after it was implemented. To the contrary, Plaintiff is seeking departmental documents regarding the decisional process which resulted in the adoption of the Hepatitis C protocol which was previously provided to the Plaintiff for his review and inspection. This is a classic case for application of the executive/deliberative process privilege and Plaintiff's Motion to Compel must be denied as a matter of law.

## IV.    <u>CONCLUSION</u>:

For the reasons advanced herein, Defendants, Wexford Health Sources, Inc. and Dr. Symons, respectfully request that this Honorable Court deny Plaintiff's Motion to Compel Production of Documents.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By:_____
James D. Young, Esquire
Atty No. 53904
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Defendants,
Wexford Health Sources, Inc.
and John J. Symons

DATE: 7/15/02

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this ___15th___ day of July, 2002, I served a true and correct copy of the foregoing **Defendants, Wexford Health Sources, Inc. and Dr. Symons' Brief in Opposition to Plaintiff's Motion to Compel Discovery** via U.S. First Class mail, postage prepaid, addressed as follows:

William Clark
#AY5585
SCI-Rockview
PO Box A
Bellefonte, PA  16823

John Talaber, Esquire
Office of Chief Counsel
PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011

Linda L. Gustin