Law Clerk's Copy

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK                        :    NO.: 1:CV-01-0764
    PLAINTIFF                    :
                                 :    (JUDGE CALDWELL)
v.                                   :
                                 :
MARTIN HORN, ET AL.,                 :
    DEFENDANTS                   :

FILED
HARRISBURG, PA
JUL 22 2002
MARY E. D'ANDREA

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO
IMPOSE SANCTIONS AGAINST "CORRECTIONS DEFENDANTS"

NOW COMES THE PLAINTIFF, WILLIAM CLARK, PRO SE, AND HEREBY REQUESTS SANCTIONS BE IMPOSED AGAINST THE "CORRECTIONS DEFENDANTS."

STATEMENT OF CASE

A.  IDENTITY OF THE PARTIES:

PLAINTIFF WILLIAM CLARK IS CURRENTLY INCARCERATED AT THE STATE CORRECTIONAL INSTITUTION AT PITTSBURGH.

THE DEPARTMENT OF CORRECTIONS DEFENDANTS AND/OR EMPLOYEES ("CORRECTIONS DEFENDANTS") ARE, "MARTIN HORN, ROBERT MEYERS, AND LARRY LIDGETT," BY AND THROUGH THEIR ATTORNEY, JOHN J. TALABER, LEGAL COUNSEL FOR THE DEPARTMENT OF CORRECTIONS.

ADDITIONAL DEFENDANTS, KNOWN "PRISON HEALTH SERVICES, INC.", AND "MEDICAL MEDICAL DIRECTOR, DR. JOHN SYMMS", ("MEDICAL DEFENDANTS"), BY AND THROUGH THEIR ATTORNEY, JAMES D. YOUNG, ESQ.

B.  RELEVANT PROCEDURAL HISTORY:

ON DECEMBER 1, 1999 PLAINTIFF FILED AN "OFFICIAL INMATE GRIEVANCE" (SEE DC-804-NO.-9715-99)

ON AUGUST 10, 2001 PLAINTIFF FILED AN "OFFICIAL INMATE GRIEVANCE" (SEE DC-804-NO.-0611-01)

PLAINTIFF WILLIAM CLARK, PRO SE, FILED THIS COMPLAINT ON MAY 21, 2001. (SEE COMPLAINT (DOC. #1))

-1-

ON JANUARY 2, 2002, PLAINTIFF SERVED "CORRECTIONS DEFENDANTS" WITH: - A REQUEST FOR PRODUCTION OF DOCUMENTS (WHICH PLAINTIFF HAS CORRECTED ON JUNE 11, 2002 (SEE PRAECIPE TO SUBSTITUTE).

ON FEBRUARY 4, 2002, "CORRECTIONS DEFENDANTS" SOUGHT AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS AFOREMENTIONED DISCOVERY REQUESTS. (SEE MOTION FOR ENLARGEMENT OF TIME (DOC #15).

THE COURT, BY ORDER DATED FEBRUARY 8, 2002, GRANTED THE "CORRECTIONS DEFENDANTS" MOTION DIRECTING THEM TO RESPOND TO PLAINTIFFS DISCOVERY REQUESTS ON OR BEFORE MARCH 21, 2002. (SEE DOC #16)).

ON MARCH 21, 2002, "CORRECTIONS DEFENDANTS" SERVED PLAINTIFF WITH A RESPONSE TO HIS REQUEST FOR PRODUCTION OF DOCUMENTS. (DOC #19, EXHIBIT D).

ON MARCH 25, 2002, THE "CORRECTIONS DEFENDANTS" FILED A MOTION FOR A PROTECTIVE ORDER, WITH A SUPPORTING BRIEF AND DOCUMENTS. (DOC #17-19).

ADDITIONALLY, THAT SAME DAY THE "CORRECTIONS DEFENDANTS" FILED A MOTION FOR SUMMARY JUDGMENT. (DOC #25).

ON APRIL 12, 2002, PLAINTIFF FILED "BRIEF IN OPPOSITION TO CORRECTION DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND ALSO ENCLOSED LETTER TO THE COURT EXPLAINING HIS LEGAL AID PROBLEM.

ON APRIL 18, 2002, PLAINTIFF INITIATED THE PRODUCTION OF MEDICAL RECORDS TO PURSUE THE "DISCOVERY PROCESS."

ON APRIL 30, 2002 - "CORRECTION DEFENDANTS" FILE "CORRECTIONS DEFENDANTS' REPLY TO PLAINTIFFS BRIEF IN OPPOSITION TO THEIR MOTION FOR A PROTECTIVE ORDER." (HEREAFTER "CORRECTION DEFENDANTS REPLY")

ON MAY 15, 2002 PLAINTIFF FILED "PLAINTIFFS RESPONSE".

ON MAY 20, 2002, BY MEMORANDUM AND ORDER, THIS HONORABLE COURT DENIED THE CORRECTION DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND DIRECTED DEFENDANTS HORN AND LIDGETT TO RESPOND TO PLAINTIFFS INTERROGATORIES WITHIN FORTY FIVE (45) DAYS.

THIS HONORABLE COURT IN ORDER, HAS ALSO AFFORDED PLAINTIFF THIRTY (30) DAYS FROM RECEIPT OF DEFENDANTS' DISCOVERY RESPONSE TO FILE AN APPROPRIATE RESPONSE TO CORRECTIONS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

ON JUNE 2, 2002, "PLAINTIFF'S MOTION TO COMPEL DISCOVERY FOR PRODUCTION OF CORRECTIONS DEFENDANTS DOCUMENTS" FILED WITH THIS HONORABLE COURT.

ON JUNE 11, 2002, PLAINTIFF'S "BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY", WAS FILED WITH THIS HONORABLE COURT.

THIS PRESENT "MOTION TO IMPOSE SANCTIONS AGAINST "CORRECTIONS DEFENDANTS" FOLLOWS AND "BRIEF IN SUPPORT" THEREOF.

## ARGUMENT

PLAINTIFF AVERS, THE DOCUMENTATION OF ALL "MOTIONS AND BRIEFS" FILED BY THE PLAINTIFF FROM APRIL 12, 2002 - "BRIEF IN OPPOSITION TO CORRECTION DEFENDANTS' MOTION FOR A PROTECTIVE ORDER" TO THIS PRESENT MOTION AND BRIEF BEFORE THIS HONORABLE COURT EVINCES AND SUBSTANTIATES SET FORTH CLAIMS HEREIN.

IN "PLAINTIFF'S RESPONSE" FILED MAY 15, 2002, SOON AFTER PLAINTIFF'S LOSS OF LEGAL HELP AND IN HIS UNDERSTANDING REFUTED: -
1.) THE ERRONEOUS FILING OF DEFENDANTS "MOTION FOR PROTECTIVE ORDER."
2.) "MOTION FOR SUMMARY JUDGMENT".
3.) "DEFENDANTS RESPONSE FOR PRODUCTION OF DOCUMENTS."

SINCE JAN 2, 2002 PLAINTIFF HAS BEEN TRYING TO OBTAIN DISCOVERY GUARANTEED BY RULE 26. "GENERAL PROVISIONS GOVERNING DISCOVERY; DUTY OF DISCLOSURE." - RULE 33 INTERROGATORIES TO PARTIES (a) - (c) - RULE 34 "PRODUCTION OF DOCUMENTS..." (a) - (c)

IN ALL THIS TIME, PLAINTIFF IN HIS CAPACITY AND UNDERSTANDING, IN GOOD FAITH, HAS BEEN ATTEMPTING TO PROCEED IN DISCOVERY.

THE ONLY MEANS KNOWN TO TRY TO COMPILE WHAT WILL BE NECESSARY TO PRESENT HIS GRIEVANCE PROPERLY AND WITH EVIDENCE TO SHOW HIS CLAIMS HAVE MERIT, - HAVE ALL BEEN BASICALLY NULLIFIED UP TO THIS POINT BY THE ACTIONS OF "CORRECTIONS DEFENDANTS" AND THEIR STRATAGEM.

PLAINTIFF BY BEING "BLOCKED" WITH A "MOTION FOR PROTECTIVE ORDER" AND "MOTION FOR SUMMARY JUDGMENT", DEFENDANTS SOUGHT TO NULLIFY DISCOVERY AND THE EVENTS WHICH HAVE TRANSPIRED SINCE HAVE SHOWN PLAINTIFF'S PLIGHT IN TRYING TO OBTAIN DISCOVERY.

PLAINTIFF HAS HAD TO FOCUS ALL HIS TIME, ENERGY AND RESOURCES ON A SMALL PORTION OF THE ULTIMATE DISCOVERY HE WILL ACTUALLY NEED.

DEFENDANTS HAVE NOT PROVIDED A PROPER RESPONSE TO PLAINTIFF IN ORDER FOR HIM TO EVEN BEGIN TO PROCEED IN PURSUING HIS COMPLAINT ACCORDING TO RULES OF CIVIL PROCEDURE - DISCOVERY RULES IN PARTICULAR.

PLAINTIFF HAS DOCUMENTED DEFENDANTS' "STRATAGEM" THUS FAR IN "RESPONSE" FILED MAY 15, 2002 AND IN "BRIEF IN SUPPORT OF MOTION TO COMPEL" FILED JUNE 11, 2002.

AT THIS TIME WITH PRESENT DELAY AND IMPENDING "SUMMARY JUDGMENT RESPONSE" PLAINTIFF HAS RECEIVED: -

1.) ON JULY 10, 2002, FOUR HUNDRED AND EIGHT (408) PAGE MISCELLANEOUS MEDICAL DOCUMENTS.

2.) ONE (1) COPY OF - "PROTOCOL FOR HEPATITIS C IDENTIFICATION / TREATMENT", DATED JANUARY 2000. REPORT TRANSMITTED BY "PENNSYLVANIA D.O.C. BUREAU OF HEALTH CARE SERVICES."

PLAINTIFF OPPOSES, AS MENTIONED BY "DEFENDANTS" IN THEIR PRE-MATURE "PROTECTIVE ORDER" - (CONCERNING #1 IN "REQUEST FOR PRODUCTION OF DOCUMENTS") PLAINTIFF HAS RECEIVED NO REQUEST SLIPS.

OTHER REQUESTS ARE STILL UNANSWERED AS OUTLINED IN "BRIEF IN SUPPORT OF MOTION TO COMPEL" FILED JUNE 11, 2002.

MISSING DOCUMENTS, CROSSED OUT ENTRIES, AND OTHER DISCOVERY HAVE YET TO BE PROPERLY ADDRESSED BY PLAINTIFF. - HOWEVER PLAINTIFF HAS BEEN COMPELLED TO FOCUS ALL ENERGY AND RESOURCES AS OUTLINED UP TO THIS POINT WHICH HAS CAUSED HIM UNDUE BURDEN AND EXPENSE.

PLAINTIFF BEING INUNDATED WITH PROCURING HARDLY A "SHADOW" OF DISCOVERY AS COMPARED TO WHAT IS NECESSARY FOR PLAINTIFF TO PROCEED PROPERLY, DOCUMENTED IN AFOREMENTIONED "MOTIONS AND BRIEFS", PRESENTS THE REASON FOR THIS "MOTION FOR SANCTIONS" AGAINST "CORRECTIONS DEFENDANTS."

ON JULY 8, 2002 AFTER RETURNING FROM BUCKS COUNTY, MR. RACKOVAN CAME TO E-BUILDING (PLAINTIFF'S HOUSING UNIT) ACCOMPANIED BY MR. TALABER, AND WAS INTRODUCED TO PLAINTIFF.

AT THIS INFORMAL CONFERENCE, "TO ACT IN GOOD FAITH" WAS (THE ATMOSPHERE) THE OPENING OF OUR CONVERSATION.

MR. TALABER RELATED THAT "CORRECTIONS DEFENDANTS" INTERROGATORIES" WERE NOT DONE.

ALONG WITH THE "GOOD FAITH MODE" AND MR. TALABER MENTIONING "YOU HAVE A LOT OF MOTIONS FLOATING AROUND", HE RELATED HIS DESIRE THAT PLAINTIFF "SIGN OFF" ON THESE MOTIONS.

FURTHER, HIS INTENTIONS WERE TO WAIVE THE COPYING CHARGES FOR MY MEDICAL RECORDS AND MR. RACKOVAN INFORMED ME I WOULD HAVE THE COPIES OF THE DOCUMENTS THE NEXT DAY.

FOLLOWING, MR. TALABER RELATED A "COMPREHENSIVE REQUEST" WHICH WAS VAGUELY OUTLINED, WHICH MR. TALABER WOULD PUT TOGETHER AND HAVE IN "OUTLINE FORM", THAT PLAINTIFF COULD "SIGN OFF" ON.

ON JULY 10, 2002 PLAINTIFF RECEIVED MEDICAL DOCUMENTS.

-4-

PLAINTIFF AWAITING RECEIPT OF THIS "GOOD FAITH MEASURE" AND "COMPREHENSIVE SIGN OFF REQUEST" — WONDERED WHAT WOULD BE OFFERED BESIDES THE "MEDICAL RECORD" IN "GOOD FAITH" TO SUBSTANTIATE THE WITHDRAWAL OF THE "MOTION TO COMPEL."

PLAINTIFF NATURALLY EXPECTED THE "INTERROGATORIES" INCLUDED. THIS WAS TO BE FRIDAY JULY 12, 2002.

PLAINTIFF HAS NO WAY OF KNOWING WHAT MR. TALABER WAS TO PROPOSE AS NO CORRESPONDENCE WAS RECEIVED AS OF THE DATE OF THIS FILING, JULY 17, 2002.

AS OF THIS DATE WELL PAST A WEEK "IN DEFAULT" OF THIS HONORABLE COURTS ORDER AND DEADLINE FOR "INTERROGATORIES" PLAINTIFF SUBMITS THIS "MOTION AND BRIEF" IN SUPPORT OF SANCTIONS AGAINST "CORRECTIONS DEFENDANTS."

PLAINTIFF AVERS: —

ALTHOUGH "CORRECTIONS DEFENDANTS" HAVE NOW PRODUCED FOUR HUNDRED AND EIGHT (408) PAGES OF MEDICAL RECORDS, DOCUMENTS ARE NOT COMPLETE AND FURTHER DISCOVERY IS NECESSARY AS WELL AS FURTHER INTERROGATORIES.

ACCORDINGLY NUMBER 6 OF ORIGINAL REQUEST FOR PRODUCTION OF DOCUMENTS AND SAME "NUMBER 6" IN "MOTION TO COMPEL" SATISFIED. HOWEVER "NUMBERS 1, 2, 3, 4, 5" HAVE NOT BEEN ADDRESSED. — (#1 THERE MAYBE A MISUNDERSTANDING ON THIS.)

"CORRECTIONS DEFENDANTS" HAVE DISREGARDED DISCOVERY PROCESS PERTAINING TO RULE 26(a)(1)(A-D) — RULE 33 (a)(b)(c) — RULE 34.

ACCORDING TO RULE 33 (b)(3) "CORRECTIONS DEFENDANTS" HAD BEEN IN DEFAULT HOWEVER BY COURT ORDER MAY 20, 2002 — "CORRECTIONS DEFENDANTS" WERE GRANTED FORTY-FIVE (45) DAYS FROM ORDER TO ANSWER INTERROGATORIES.

RULE 26 (a)(1) — 26(c) FINAL PARAGRAPH.

UNDER RULE 37(b)(1) "CORRECTIONS DEFENDANTS" ARE IN DEFAULT OF COURT ORDER AND POSSIBLY MAY IN FACT BE IN CONTEMPT OF THIS HONORABLE COURT.

UNDER RULE 37 PLAINTIFF INVOKES THIS HONORABLE COURT JURISDICTION.

PLAINTIFF'S "MOTION TO COMPEL" FILED JUNE 2, 2002 AND SUPPORTING BRIEF" FILED JUNE 11, 2002, IS PENDING.

"CORRECTIONS DEFENDANTS" ARE IN DEFAULT OF COURT ORDER MAY 20, 200

IN LIGHT OF AFOREMENTIONED, ACTIONS, AND PLAINTIFF'S FILINGS CONCERN DISCOVERY, INCLUDING: -
1) "BRIEF FILED APRIL 12, 2002.
2) "RESPONSE" FILED MAY 15, 2002.
3) "MOTION TO COMPEL" FILED JUNE 2, 2002.
4) "BRIEF IN SUPPORT OF MOTION TO COMPEL" FILED JUNE 11, 2002.
5) "AGGRAVATION OF SAID MOTIONS" ANNEXED THERETO.

PLAINTIFF REQUESTS THIS HONORABLE COURT GRANT THIS "MOTION FOR SANCTIONS AGAINST "CORRECTIONS DEFENDANTS" AND: -
1.) GRANT PLAINTIFF THE AMOUNT OF ONE THOUSAND ($1,000.00) DOLLARS FOR TIME, RESOURCES, AND THE AGGRAVATED MOTIONS AND BURDEN PLACED UPON HIM.
2.) THAT PLAINTIFF BE PROTECTED FROM THIS BURDEN AND ACTIONS.
3.) GRANT "PLAINTIFF'S MOTION TO COMPEL" FILED JUNE 2, 2002.
4.) "DISMISS CORRECTIONS DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT" SO PLAINTIFF MAY PROCEED WITH DISCOVERY AND PROPER PROCESSES OF THIS INSTANT COMPLAINT.
5.) ACCORDING TO RULE 37 GRANT PLAINTIFF RELIEF.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS HONORABLE COURT, "GRANT ALL REQUESTS" OR GRANT SUCH RELIEF TO PLAINTIFF APPROPRIATE AS THIS HONORABLE COURT FEELS IS WARRANTED AND NECESSARY TO PRESERVE THE INTEGRITY OF THESE PROCEEDINGS.

DATE MAILED: JULY 17, 2002

RESPECTFULLY SUBMITTED:

*William Clark*

WILLIAM CLARK, PRO SE

CERTIFICATE OF SERVICE

I, WILLIAM CLARK, CERTIFY I HAVE THIS DAY SERVED UPON THE INDICATED PERSON(S) "PLAINTIFF'S MOTION TO IMPOSE SANCTIONS AGAINST "CORRECTIONS DEFENDANTS" AND THE "PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO IMPOSE SANCTIONS AGAINST "CORRECTIONS DEFENDANTS", BY PLACING SAME IN THE UNITED STATES MAIL, POSTAGE PREPAID, ADDRESSED AS FOLLOWS:

JAMES D. YOUNG, ESQ.
301 MARKET STREET, SUITE 800
P.O. BOX 1245
HARRISBURG, PA. 17108-1245

JOHN J. TALABER, ESQ.
OFFICE OF CHIEF COUNSEL
55 UTLEY DRIVE
CAMP HILL, PA. 17011

DATE MAILED: July 17, 2002

RESPECTFULLY SUBMITTED:

_William Clark_

WILLIAM CLARK, PRO SE
BOX A, AY-5535
BELLEFONTE, PA. 16823-0820