**ORIGINAL**



FILED 7-30-0
HARRISBURG, PA SC

JUL 29 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CLARK, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 01-CV-0764 |
| LARRY LIDGETT, et. al., | : (Judge William W. Caldwell) |
| Defendants. | : JURY TRIAL DEMANDED |

### CORRECTIONS DEFENDANTS' MOTION FOR DISCOVERY AND DISPOSITIVE MOTION DEADLINES

Defendants Martin Horn, Robert Meyers, and Larry Lidgett ("Corrections Defendants"), by and through their attorney, John J. Talaber, Assistant Counsel, respectfully request this Honorable Court to set a discovery deadline in this matter for November 4, 2002, and a dispositive motion deadline in this matter for December 4, 2002. The following averments are made in support of this Motion:

Parties and Nature of Action:

1.  Plaintiff William Clark is an inmate currently incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"). See Complaint (doc. 1), ¶2.

2.  Clark named the following Department of Corrections employees as Defendants ("Corrections Defendants"): (1) former Secretary of the

Department, Martin Horn; (2) SCI-Rockview Superintendent, Robert W. Meyers; and (3) former SCI-Rockview Corrections Health Care Administrator, Larry Lidgett. See Complaint, ¶¶ 3, 4, 7.

3. Additionally, Clark named as Defendants the contracted medical provider at SCI-Rockview: (1) Wexford Health Sources, Inc ("Wexford'); and (2) Wexford Medical Director, Dr. John Symons. James D. Young, Esquire, represents both parties in this action. See Complaint, ¶¶ 5,6; see also Entry of Appearance (doc. 11).

4. This is a 42 U.S.C. § 1983 action alleging deliberate indifference to the treatment of Clark's Hepatitis C condition in violation of his Eighth Amendment rights under the United States Constitution. Clark also has pendent state claims of negligence and medical malpractice. Clark seeks compensatory and punitive damages, as well as, declaratory and injunctive relief. See Complaint, ¶¶ 8-58; Relief Requested, pp. 10-11.

Relevant Procedural History:

**A.    Substantive Issues:**

5. Clark filed the Complaint on May 2, 2001. (Doc. 1).

6. All the Defendants waived service of summons on August 2, 2001. (Doc. 12).

7. On September 10, 2001, Defendants Wexford and Dr. Symons waived reply to the Complaint pursuant to their rights under 42 U.S.C. §1997(e), as amended by §803(d) of the Prison Litigation Reform Act of 1995. (Doc. 13).

8. On September 14, 2001, the Corrections Defendants waived reply to the Complaint pursuant to their rights under 42 U.S.C. §1997(e), as amended by §803(d) of the Prison Litigation Reform Act of 1995. (Doc. 14).

9. On March 25, 2002, the Corrections Defendants' filed a Motion for Summary Judgment. (Doc. 20).

10. The Corrections Defendants, after receiving an enlargement of time, filed the supporting documents to their Motion for Summary Judgment respectively on April 19 and 22, 2002. (Docs. 24-28).

11. Additionally, the Court directed Plaintiff to file his Brief in opposition to the Corrections Defendants' Motion for Summary Judgment within thirty (30) days of his receipt of the Corrections Defendants' responses to his Interrogatories. (Doc. 36).

**B.      Discovery Issues:**

12.  On January 2, 2002, Clark served the following: (1) a Request for Production of Documents directed to all the Defendants; and (2) Interrogatories directed to Horn, Meyers, and Lidgett.

13.  On February 4, 2002, the Corrections Defendants sought an enlargement of time to respond to Plaintiff's interrogatories until March 21, 2002. The Court granted the Corrections Defendants' request by Order dated February 8, 2002. (Docs. 15, 16).

14.  On March 25, 2002, the Corrections Defendants filed a Motion for a Protective Order regarding Plaintiff's Interrogatories to the Corrections Defendants with a supporting brief to the Motion. (Docs. 17, 18). That same day, the Corrections Defendants served Plaintiff with a response to his Request for Production of Documents.

15.  Plaintiff filed his Brief in Opposition to the Corrections Defendants' Motion for a Protective Order on April 12, 2002. (Doc. 22).

16.  On April 30, 2002, the Corrections Defendants filed a Reply Brief to their Motion for a Protective Order. (Doc. 31).

17.  The Court, by Memorandum and Order dated May 2, 2002, denied the Corrections Defendants' Motion for a Protective Order and directed them to respond to Plaintiff's Interrogatories on or before July 8, 2002. (Doc. 37).

18. The Corrections Defendants responses to Plaintiff's Interrogatories are past due. The Corrections Defendants, by separate filing, are requesting an Enlargement of Time Nunc Pro Tunc to serve Plaintiff with a response via facsimile to his Interrogatories on or before July 31, 2002.

19. Plaintiff, on June 5, 2002, filed a motion to compel discovery relating to the Corrections Defendants' response to his Request for Production of Documents served March 21, 2002. (Doc. 40). The Court, by Order dated June 12, 2002, directed Plaintiff to file his Brief in Support of the Motion to Compel on or before June 26, 2002, or the Motion would be deemed withdrawn. (Doc. 44). Accordingly, Plaintiff's Brief in Support was filed on June 18, 2002. The Corrections Defendants, by separate filing, are requesting a Motion for Enlargement of Time Nunc Pro Tunc regarding their Brief in Opposition to Plaintiff's Motion to Compel on or before August 16, 2002.

20. On July 22, 2002, Plaintiff filed a Motion for Sanctions with Supporting Brief. (Docs. 56, 57). The Corrections Defendants' Brief in Opposition, pursuant to Pa.MDLR 7.6, is due on or before August 5, 2002. The Corrections Defendants, by separate filing, are requesting a Motion for Enlargement of Time to respond to Plaintiff's Motion for Sanctions on or before August 16, 2002.

### Motion to Set Discovery and Dispositive Motion Deadlines:

21. The Corrections Defendants, by and through the undersigned attorney, respectfully request that this Honorable Court to a discovery deadline in this matter as November 4, 2002 and a dispositive Motion deadline for December 4, 2002.

22. Currently pending before the Court are a number of discovery related matters. The undersigned counsel, through Motions for Enlargement of Time, is seeking additional time to discuss the pending discovery Motions with Plaintiff in an effort to reconcile pending issues. Additionally, in consultation with the non Corrections Defendants attorney, James D. Young, it was agreed that a Deposition of the Plaintiff could aid the parties in resolving this dispute, or in the alternative, to prepare for summary judgment. It is believed that these matter can be resolved on or before November 4, 2002.

23. In consultation with Mr. Young, it was agreed that a discovery deadline and dispositive motion deadline in this matter would aid the Defendants in obtaining a timely resolution of this action. Plaintiff too would benefit in having firm deadlines for a timely resolution of his Complaint.

**WHEREFORE**, for the reasons set forth above, the Corrections Defendants respectfully request the Court to set the discovery deadline in this matter for November 4, 2002, and the dispositive motion deadline as December 4, 2002. In the alternative, the undersigned attorney requests the Court to set deadlines that it deems appropriate in the interest of justice and fairness to all parties involved.

                        Respectfully submitted,
                        Office of General Counsel

BY: _____
      John J. Talaber
      Assistant Counsel
      Pa. Department of Corrections
      55 Utley Drive
      Camp Hill, PA 17011
      (717) 731-0444
      Attorney No. 83279

Dated: July 29, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,

    Plaintiff,

    v.

LARRY LIDGETT, et al.,

    Defendants.

Civil No. 01-0764

(Judge William W. Caldwell)

## PROOF OF SERVICE

The undersigned hereby certifies that the Corrections Defendants' Motion for Discovery and Dispositive Motion Deadline was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

William Clark, AY-5585
SCI-Rockview
Box A
Bellefonte, PA  16823

James D. Young, Esquire
Lavery, Faherty, Young & Patterson, PC
The Kunkel Building
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA  17108-1245

*Marilyn Jones*
Marilyn Jones
Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  July 29, 2002