ORIGINAL

FILED
HARRISBURG, PA
JUL 29 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,

    Plaintiff,

v.

LARRY LIDGETT, et. al.,

    Defendants.

Civil Action No. 01-CV-0764

(Judge William W. Caldwell)

JURY TRIAL DEMANDED

## CORRECTIONS DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME TO FILE THEIR BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendants Martin Horn, Robert Meyers, and Larry Lidgett ("Corrections Defendants"), by and through their attorney, John J. Talaber, Assistant Counsel, respectfully request this Honorable Court to grant them an enlargement of time until August 16, 2002 to respond to Plaintiff's Motion for Sanctions (doc. 56). The following averments are made in support of this Motion:

Parties and Nature of Action:

1.    Plaintiff William Clark is an inmate currently incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"). See Complaint (doc. 1), ¶2.

2. Clark named the following Department of Corrections employees as Defendants ("Corrections Defendants"): (1) former Secretary of the Department, Martin Horn; (2) SCI-Rockview Superintendent, Robert W. Meyers; and (3) former SCI-Rockview Corrections Health Care Administrator, Larry Lidgett. See Complaint, ¶¶ 3, 4, 7.

3. Additionally, Clark named as Defendants the contracted medical provider at SCI-Rockview: (1) Wexford Health Sources, Inc ("Wexford'); and (2) Wexford Medical Director, Dr. John Symons. James D. Young, Esquire, represents both parties in this action. See Complaint, ¶¶ 5,6; see also Entry of Appearance (doc. 11).

4. This is a 42 U.S.C. § 1983 action alleging deliberate indifference to the treatment of Clark's Hepatitis C condition in violation of his Eighth Amendment rights under the United States Constitution. Clark also has pendent state claims of negligence and medical malpractice. Clark seeks compensatory and punitive damages, as well as, declaratory and injunctive relief. See Complaint, ¶¶ 8-58; Relief Requested, pp. 10-11.

Relevant Procedural History:

**A.    Substantive Issues:**

5. Clark filed the Complaint on May 2, 2001. (Doc. 1).

2

6. All the Defendants waived service of summons on August 2, 2001. (Doc. 12).

7. On September 10, 2001, Defendants Wexford and Dr. Symons waived reply to the Complaint pursuant to their rights under 42 U.S.C. §1997(e), as amended by §803(d) of the Prison Litigation Reform Act of 1995. (Doc. 13).

8. On September 14, 2001, the Corrections Defendants waived reply to the Complaint pursuant to their rights under 42 U.S.C. §1997(e), as amended by §803(d) of the Prison Litigation Reform Act of 1995. (Doc. 14).

9. On March 25, 2002, the Corrections Defendants' filed a Motion for Summary Judgment. (Doc. 20).

10. The Corrections Defendants, after receiving an enlargement of time, filed the supporting documents to their Motion for Summary Judgment respectively on April 19 and 22, 2002. (Docs. 24-28).

11. Additionally, the Court directed Plaintiff to file his Brief in opposition to the Corrections Defendants' Motion for Summary Judgment within thirty (30) days of his receipt of the Corrections Defendants' responses to his Interrogatories. (Doc. 36).

**B.  Discovery Issues:**

12. On January 2, 2002, Clark served the following: (1) a Request for Production of Documents directed to all the Defendants; and (2) Interrogatories directed to Horn, Meyers, and Lidgett.

13. On February 4, 2002, the Corrections Defendants sought an enlargement of time to respond to Plaintiff's interrogatories until March 21, 2002. The Court granted the Corrections Defendants' request by Order dated February 8, 2002. (Docs. 15, 16).

14. On March 25, 2002, the Corrections Defendants filed a Motion for a Protective Order regarding Plaintiff's Interrogatories to the Corrections Defendants with a supporting brief to the Motion. (Docs. 17, 18). That same day, the Corrections Defendants served Plaintiff with a response to his Request for Production of Documents.

15. Plaintiff filed his Brief in Opposition to the Corrections Defendants' Motion for a Protective Order on April 12, 2002. (Doc. 22).

16. On April 30, 2002, the Corrections Defendants filed a Reply Brief to their Motion for a Protective Order. (Doc. 31).

17. The Court, by Memorandum and Order dated May 2, 2002, denied the Corrections Defendants' Motion for a Protective Order and directed them to respond to Plaintiff's Interrogatories on or before July 8, 2002. (Doc. 37).

4

18. The Corrections Defendants responses to Plaintiff's Interrogatories are past due. The Corrections Defendants, by separate filing, are requesting an Enlargement of Time Nunc Pro Tunc to serve Plaintiff with a response via facsimile to his Interrogatories on or before July 31, 2002.

19. Plaintiff, on June 5, 2002, filed a motion to compel discovery relating to the Corrections Defendants' response to his Request for Production of Documents served March 21, 2002. (Doc. 40). The Court, by Order dated June 12, 2002, directed Plaintiff to file his Brief in Support of the Motion to Compel on or before June 26, 2002, or the Motion would be deemed withdrawn. (Doc. 44). Accordingly, Plaintiff's Brief in Support was filed on June 18, 2002. The Corrections Defendants, by separate filing, are requesting a Motion for Enlargement of Time Nunc Pro Tunc regarding their Brief in Opposition to Plaintiff's Motion to Compel on or before August 16, 2002.

20. On July 22, 2002, Plaintiff filed a Motion for Sanctions with Supporting Brief. (Docs. 56, 57). The Corrections Defendants' Brief in Opposition, pursuant to Pa.MDLR 7.6, is due on or before August 5, 2002. The Corrections Defendants, for the reasons stated in paragraph 21 *infra*, are requesting a Motion for Enlargement of Time to respond to Plaintiff's Motion for Sanctions on or before August 16, 2002.

Request for an Enlargement of Time Nunc Pro Tunc:

21. The Corrections Defendants, by and through the undersigned attorney, respectfully request an enlargement pursuant to Fed.R.Civ.P. 6(b) until August 16, 2002 to file and serve their Brief in Opposition to plaintiff's Motion to Compel. (Doc. 40).

22. Federal Rule of Civil Procedure 6(b) provides, in part, that "[w]hen by these rules . . . an act required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . order the period enlarged if request therefore is made before the expiration of the period originally prescribed . . . ."

23. As evidenced by the Motion for Enlargement of Time Nunc Pro Tunc simultaneously being filed with this Motion, counsel for the Corrections Defendants is seeking additional time to respond to Plaintiff's outstanding discovery matters.

24. As brief background, since the Court's denial of the Corrections Defendants' Motion for a Protective Order on May 20, 2002, the undersigned attorney was heavily involved in preparing for, and ultimately trying, a four day civil rights action in the matter of <u>Ogden v. Stepanik</u>, 96-CV-0435 (Caputo, J.) beginning June 10, 2002.

25. Upon his return to the Office the week of June 17, 2002, the undersigned

6

attorney worked on pressing matters in the Commonwealth Court of Pennsylvania, as well as, discovery matters in cases under this Honorable Court's jurisdiction.

26. During the week of July 1, 2002, the undersigned attorney's time was consumed in an emergency guardianship matter, In re Weaver, Centre CCP, Orphan's Court, No. 14-02-0268, that ultimately resulted in a hearing before the Honorable Richard Grine on July 8, 2002.

27. In fact, while counsel was in Centre County on July 8, 2002, he went to SCI-Rockview and personally met with Plaintiff Clark regarding the responses to his Interrogatories, as well as numerous other discovery matters. Counsel indicated to Plaintiff that the discovery responses would be forthcoming. Further, counsel inquired on whether the parties could reach an agreement on numerous issues raised in this Motion to Compel discovery regarding the request for production of documents.

28. As a sign of good-faith and in consultation with his client, the Corrections Defendants' counsel waived the copying costs surround Plaintiff's medical file.

29. Counsel intended to correspond with Plaintiff on these matters that week; however, on July 18, 2002 counsel incurred a serious sinus infection and was in and out of the Office a substantial period of time while he was

recovering.

30. During the week of July 22, 2002, in addition to seeking a permanent guardianship in In re Weaver, paragraph 28 *supra*, counsel did a comprehensive review of his litgatition files and found that the matter of responding to Plaintiff's interrogatories continued to be outstanding. Accordingly, counsel has made this his first priority during the week of July 29, 2002.

31. Second, as evidenced by the simultaneously filed Motions, counsel respectfully seeks leave to withdrawal their Motion for Summary Judgment without prejudice so that the parties may have additional time to discuss discovery issues and so that Plaintiff does not feel his discovery opportunities were thwarted. In this regard, counsel is also filing a Motion for a scheduling order from the Court setting a discovery and dispositive motion deadline in this matter. Finally, in an effort to further flesh-out Plaintiff's claims, the Corrections Defendants are seeking leave to depose Plaintiff during the remainder of the discovery period.

32. The Corrections Defendants' motion to withdrawal the Motion for Summary Judgment without prejudice, and motion to set discovery and dispositive motions deadlines will provide the parties with the opportunity to consult over the discovery disputes with the hope of mooting issues. If issues

8

remain, than discovery can continue until this Honorable Court resolve them.

33. Counsel for the Corrections Defendants respectfully requests this Honorable Court to grant them an enlargement of time pursuant to Fed.R.Civ.P. 6(b) until August 16, 2002.

34. Finally, if this Honorable Court grants the Corrections Defendants' Motions for Enlargement of Time Nunc Pro Tunc, then the issue regarding discovery sanctions will be moot.

35. Counsel has contacted counsel for the Wexford Defendants, James Young, Esquire regarding this Motion and can aver that he concurs in this Motion.

**WHEREFORE**, for the reasons set forth above, the Corrections Defendants respectfully request the Court to grant them an enlargement of time until August 16, 2002 to file their Brief in Opposition to Plaintiff's Motion for Sanctions (doc. 56).

                        Respectfully submitted,
                        Office of General Counsel

BY: _____
       John J. Talaber
       Assistant Counsel
       Pa. Department of Corrections
       55 Utley Drive
       Camp Hill, PA  17011
       (717) 731-0444
       Attorney No. 83279

Dated:  July 29, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK, :
:
Plaintiff, :
: Civil No. 01-0764
:
v. : (Judge William W. Caldwell)
:
LARRY LIDGETT, et al., :
:
Defendants. :

## PROOF OF SERVICE

The undersigned hereby certifies that the Corrections Defendants' Motion for an Enlargement of Time was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

William Clark, AY-5585          James D. Young, Esquire
SCI-Rockview                    Lavery, Faherty, Young & Patterson, PC
Box A                           The Kunkel Building
Bellefonte, PA 16823            301 Market Street, Suite 800
                                P.O. Box 1245
                                Harrisburg, PA 17108-1245

*Marilyn Jones*
Marilyn Jones
Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: July 29, 2002