IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,  :
    Plaintiff  :
                            :  CIVIL NO. 1:CV-01-0764
vs.  :
                            :  (Judge Caldwell)
MARTIN HORN, et al.,  :
    Defendants  :

M E M O R A N D U M

I. Introduction.

    William Clark, an inmate at SCI-Rockview, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his Hepatitis C infection in violation of the Eighth Amendment and state claims of negligence and medical malpractice. Clark has sued certain "Corrections Defendants": Martin Horn, former Secretary of the Pennsylvania Department of Corrections; Robert Meyers, Superintendent at SCI-Rockview; and Larry Lidgett, former SCI-Rockview Corrections Health Care Administrator. He has also named Wexford Health Sources, Inc. and Dr. John Symons, Wexford Medical Director, as defendants.

    There has been a flurry of motions in this case. The Corrections defendants have filed two motions nunc pro tunc seeking pardon for their untimely response to plaintiff's interrogatory requests and Clark's pending motion to compel related to his request for production of documents. The Correction defendants also seek an enlargement of time to file their brief in opposition

to plaintiff's recent motion for sanctions. These defendants also want leave to withdraw their motion for summary judgment and have the Court issue deadlines for more discovery and dispositive motions. Finally, before the Court is a joint defense motion for leave to depose Clark.

II. Discussion.

   1. Correction Defendants' *Nunc Pro Tunc* Motion for Enlargement of Time to Respond to Plaintiff's Interrogatories and Clark's Motion for Sanctions.

Pursuant to our order of May 20, 2002, denying the Corrections Defendants' motion for a protective Order, we directed Correction Defendants to respond to plaintiff's discovery within forty-five days of the order (doc. 36). Thus, the Correction Defendants' interrogatory responses were due by June 8, 2002. This date passed without the Corrections defendants fulfilling their discovery obligations. On July 22, 2002, Clark filed a motion for sanctions (doc. 56) highlighting this omission.

On July 29, 2002, counsel for the Corrections Defendants filed a *nunc pro tunc* motion for enlargement of time to serve Clark with the long-awaited answers to his interrogatories (doc. 58). Corrections counsel lists a multitude of reasons for his failure to comply with this Court's prior discovery order. As stated by defense counsel, and verified by this Court, indeed defense counsel was involved in the preparation and trial of another matter that

commenced shortly after the issuance of our May 22, 2002 order.[1] Defense counsel also reports other unrelated litigation obligations in Commonwealth Court and the Centre County Court of Common Pleas regarding an emergency guardianship matter. In further support of their *nunc pro tunc* request for an enlargement, Corrections defendants point out that on or about July 8, 2002, the date that his clients' interrogatory were due to Clark, defense counsel personally visited Clark at SCI-Rockview in a good-faith effort to informally resolve the ongoing discovery disputes in this matter without the need for further Court intervention.[2] One such discovery issue that was successfully resolved was defendants supplying Clark with a *gratis* copy of his medical records.[3] Unfortunately, little more was resolved and counsel fell ill before filing his response to the outstanding interrogatories.

Related to this interrogatory issue is that Corrections Defendants' Brief in Opposition to Clark's Motion for Sanctions is

---

[1] Assistant Counsel Talaber was engaged in trial on another corrections matter for several days before the Honorable Judge Caputo commencing June 10, 2002.

[2] Clark's Brief in Support of his motion for sanctions confirms the occurrence of this face-to-face meeting.

[3] As noted in our May 22, 2002 Order, the Federal Rules of Civil Procedure do not require defendants to provide indigent litigants with copies of identified documents. See Fed. R. Civ. P. 34. Nor is the Court required to provide pro se plaintiffs with financial support to cover copying costs. Thus, while defendants were required to produce Clark's medical record for his inspection and review, they were not obligated to provide him with a copy of same.

-3-

due on or before August 5, 2002 (doc. 64). While Clark may dispute defense counsel's "good faith efforts" during this meeting, the Court looks favorably on these ameliorative efforts. This being said, however, the Court does not look favorably on the Correction defendants' failure to seek a *timely* enlargement of time to provide its court-ordered discovery, which now is long overdue. However, upon consideration of defense counsel's other litigation responsibilities and his efforts to resolve this discovery issue, among others, directly with Clark, the Corrections defendants' *nunc pro tunc* motion for Enlargement of Time to Respond to Plaintiff's Interrogatories (doc. 58) and Motion for Enlargement of Time to respond to Clark's Motion for Sanctions (doc. 64) will be granted. However, Corrections defendants will be required to file with the Court a copy of the Certificate of Service accompanying their interrogatory responses indicating the manner and date of service of the same upon Clark. Plaintiff may file a reply brief within ten days of his receipt of the Correction Defendants' brief in opposition to his Motion for Sanctions.

    2.    <u>Correction Defendants' *Nunc Pro Tunc* Motion for Enlargement of Time to Respond to Plaintiff's Motion to Compel.</u>

Presently pending before the Court is Clark's June 5, 2002, motion to compel related to the Corrections defendants' response to his March 2002 Request for Production of Documents (doc. 40). Clark filed a brief in support of his motion on June 18, 2002 (doc. 47). Under Local Rule 7.6, the Corrections defendants' brief in

-4-

opposition to the motion was due by July 5, 2002. On July 29, 2002, the Corrections defendants' filed a *nunc pro tunc* motion for enlargement of time to file their brief in opposition to Clark's motion to compel (doc. 59).

In support of their motion, the Corrections defense counsel again cited other competing unrelated litigation obligations and his efforts to directly resolve this dispute with plaintiff as evidence of meriting the *nunc pro tunc* relief sought by the present motion. Additionally, since the Corrections Defendants have also filed a motion to withdraw their motion for summary judgment, which will be addressed below, they argue plaintiff will not be prejudiced by this untimely response or late response to discovery matters.

For the reasons cited earlier in this memorandum, the Court will grant the Correction Defendants' Motion for Enlargement of Time to file their Brief in Opposition to Plaintiff's Motion to Compel *nunc pro tunc* (doc. 59). Corrections defendants will have ten days from the date of this order to file a brief in opposition to Clark's Motion to Compel. No additional enlargements will be granted. Plaintiff may file a reply brief within ten days of his receipt of the Correction Defendants' brief in opposition to his Motion to Compel.

3. <u>Correction Defendants' Motion to Withdraw their Motion For Summary Judgement</u>.

As noted earlier, the Corrections defendants seek leave to withdraw their March 25, 2002, Motion for Summary Judgment (doc. 62). To date, due to unresolved discovery issues, plaintiff has yet to respond to the Corrections defendants' motion for summary judgment. Presently pending before the Court is a request for enlargement of time filed by Clark for an additional thirty days to respond to this motion (doc. 53). Among other reasons, plaintiff bases his request on his need to review defendants' discovery responses. Unquestionably, Clark would be severely disadvantaged at attempting to respond to the pending dispositive motion without the opportunity to review the requested and court-ordered discovery. The Corrections defendants have suggested that the withdrawal of their summary judgment motion would remove any possible prejudice to Clark in attempting to respond to the dispositive motion at this point amidst this clouded period of discovery. We agree. Furthermore, the Correction defendants note that they, and the Wexford defendants, seek the opportunity to depose Clark which "could aid the parties in resolving this dispute, or in the alternative, to prepare for summary judgment." (Doc. 62). Based upon this Court's agreement that Clark would be severely disadvantaged at attempting to respond to the Correction defendants' motion for summary judgment during the pendency of on-going discovery disputes, we will grant the Corrections defendants' motion to withdraw their Motion for Summary Judgment. The parties

-6-

will be permitted to file new motions for summary judgment in due course.

    4.   <u>Correction Defendants' Motion for Discovery and Dispositive Motions Deadlines</u>.

The Corrections defendants' motion for Discovery and Dispositive Motions Deadlines (doc. 63) is granted. The parties will complete all discovery in this matter by Monday, November 4, 2002. Either party may file a dispositive motion on or before Wednesday, December 4, 2002. Absent exigent circumstances, these deadlines will not be extended. The parties are advised that absent the filing of dispositive motions on or before December 4, 2002, the parties are deemed ready for trial.

    5.   <u>Wexford and Corrections Defendants' Joint Motion for Leave to Depose Plaintiff</u>.

Finally, pending before the Court is the Defendants' Joint Motion for Leave to Depose Prisoner. Upon consideration of defendants' motion requesting leave of Court to take the deposition of the inmate Plaintiff, the motion (doc. 60) is hereby granted.[4]

We will issue an appropriate order.

*(signature)*
WILLIAM W. CALDWELL
United States District Judge

Date: August 6, 2002

---

[4] Federal Rule of Civil Procedure 30(a) provides that a party must obtain leave of Court prior to taking the deposition of a person confined in prison.

-7-