IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,
        PLAINTIFF

VS.

MARTIN HORN, ET AL,
        DEFENDANTS

NO. 1:CV-01-0764

(JUDGE CALDWELL)

JURY TRIAL DEMANDED

ORIGINAL

68
8/7/02

FILED
HARRISBURG, PA

AUG 0 6 2002

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

PLAINTIFFS BRIEF IN SUPPORT OF MOTION OF OPPOSITION TO
CORRECTIONS DEFENDANTS MOTION FOR ENLARGEMENT OF TIME TO FILE THEIR BRIEF
IN OPPOSITION TO PLAINTIFFS MOTION FOR SANCTIONS

NOW COMES PLAINTIFF, WILLIAM CLARK, AND RESPECTFULLY REQUESTS
THIS HONORABLE COURT: DENY CORRECTIONS DEFENDANTS "ENLARGEMENT
OF TIME" AND GRANT THIS "MOTION OF OPPOSITION".

STATEMENT OF CASE

A. IDENTITY OF THE PARTIES:

PLAINTIFF WILLIAM CLARK IS CURRENTLY INCARCERATED AT THE
STATE CORRECTIONAL INSTITUTION AT ROCKVIEW.

THE DEPARTMENT OF CORRECTIONS EMPLOYEES NAMED AS DEFENDANTS
("CORRECTIONS DEFENDANTS") ARE "MARTIN HORN, ROBERT MEYERS, AND
LARRY LIDGETT", BY AND THROUGH THEIR ATTORNEY, JOHN J. TALABER,
ASSISTANT COUNSEL FOR THE DEPARTMENT OF CORRECTIONS.

ADDITIONAL DEFENDANTS, NAMED "WEXFORD HEALTH SOURCES, INC.,
AND "WEXFORD MEDICAL DIRECTOR, DR. JOHN SYMONS", (WEXFORD DEFEN-
DANTS"), BY AND THROUGH THEIR ATTORNEY, JAMES D. YOUNG, ESQ.

B. RELEVANT PROCEDURAL HISTORY:

PLAINTIFF, FOR ECONOMY, WOULD ASK THE COURT TO REFER TO PLAIN-
TIFFS "MOTION FOR SANCTIONS" (DOC. 56) DATED JULY 17,2002.

ON JULY 29,2002, CORRECTIONS DEFENDANTS FILED THE FOLLOWING:

1. MOTION FOR DISCOVERY AND DISPOSITIVE DEADLINES.

2. MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS
   INTERROGATORIES NUNC PRO TUNC.

3. MOTION FOR AN ENLARGEMENT OF TIME TO FILE THEIR BRIEF IN
   OPPOSITION TO PLAINTIFFS MOTION TO COMPEL NUNC PRO TUNC.

4. MOTION TO WITHDRAW THEIR MOTION FOR SUMMARY JUDGEMENT.

5. JOINT MOTION AND BRIEF IN SUPPORT FOR LEAVE TO DEPOSE
   PRISONER.

6. MOTION FOR AN ENLARGEMENT OF TIME TO FILE THEIR BRIEF IN
   OPPOSITION TO PLAINTIFFS MOTION FOR SANCTIONS.

THIS PRESENT "MOTION OF OPPOSITION TO CORRECTIONS DEFENDANTS
MOTION FOR "ENLARGEMENT OF TIME" FOLLOWS, AND "BRIEF IN SUPPORT"
HEREIN.

ARGUMENT

SINCE JANUARY 2,2002, PLAINTIFF AVERS HE HAS BEEN TRYING TO
OBTAIN DISCOVERY GUARANTEED BY RULE 26, "GENERAL PROVISIONS GOVERN-
ING DISCOVERY; DUTY OF DISCLOSURE."- RULE 33, INTERROGATORIES TO
PARTIES (a)-(c)- RULE 34, "PRODUCTION OF DOCUMENTS..." (a)-(c),RULE 37.

"CORRECTIONS DEFENDANTS" ARE IN DEFAULT OF COURT OF MAY 20,2002,
AS WELL AS OTHER FILINGS.

PLAINTIFFS PENDING "MOTION TO COMPEL" FILED JUNE 2,2002 AND "MOTION
TO IMPOSE SANCTIONS" FILED JULY 17, 2002 OUTLINE PREJUDICE, AND THE

DISADVANTAGE CREATED BY "CORRECTIONS DEFENDANTS" IN THEIR ACTIONS AND INACTIONS, AND THE ABUSE IN THESE PROCEEDINGS.

"CORRECTIONS DEFENDANTS" TRACK RECORD OF "ENLARGEMENT OF TIME" FOR INTERROGATORIES, AS WELL AS OTHER "FLANKING MANEUVERS" EXPOSE AND EVINCE THEIR "STRATAGEM" THROUGHOUT THESE PROCEEDINGS. THEIR PRESENT ACTIONS ARE A REPEAT PRESENTATION.

"CORRECTIONS DEFENDANTS" ACTIONS AND INACTIONS ARE ALSO IN VIOLATION AND DEFAULT OF THE CIVIL JUDICIAL PROCEDURES AND RULES, AND AT PRESENT MAY VERY WELL BE IN CONTEMPT OF COURT. THEIR STRATA-GEM IS CONSISTENT AND NOW ARE TRYING TO MANEUVER AROUND THEIR FAIL-URE TO COMPLY WITH THESE PROCEEDINGS.

ON ONE HAND "CORRECTIONS DEFENDANTS" WANT TO ENLARGE TIME FOR REPLY TO SANCTIONS(WHICH IS A DIRECT RESULT OF THEIR DISREGARD AND FAILURE TO ANSWER AND ABIDE BY THIS HONORABLE COURTS ORDERS), EM-BELLISHED WITH "EXCUSES"- AND THEN AMONG OTHER MANIPULATIVE TACTICS SAY THESE MOTIONS WOULD NOT PREJUDICE OR DISADVANTAGE PLAINTIFF, AND THEN DIRECTLY PROCEED TO ASK FOR "DEADLINES", AMONG OTHER "PLOYS".

PLAINTIFF AVERS "CORRECTIONS DEFENDANTS" MOTIONS PLOYS, HAVE CONSISTENTLY MANIFESTED INTO DELAYS AND UNANSWERED DISCOVERY, THEY HAVE "BAFFLED" THESE PROCEEDINGS, WHICH IS THE DIRECT REASON FOR PENDING "MOTIONS TO COMPEL" AND "MOTIONS FOR SANCTIONS".

AS "CORRECTIONS DEFENDANTS" MODE OF PROCEDURE CONTINUES RATHER THAN "FILE AN OPPOSITION TO MOTION FOR SANCTIONS" AND PREFERABLY FOLLOWING CIVIL JUDICIAL PROCEDURE AND RULES AND THIS HONORABLE COURTS ORDERS, THEY ALTERNATELY DISREGARD SAID RULES AND ORDERS AND PROCEED WITH THE SAME STRATAGEM, WHEREIN, INSTEAD OF:

1) ANSWERING INTERROGATORIES, THEY ATTEMPT AND PROCEED TO

LAY AN ELABORATE SMOKE SCREEN TO COVER AND MANIPULATE, TO MOLD THESE PROCEEDINGS TO THEIR AGENDA.

2) AND BEING IN DEFAULT - "UNTIMELY" FILING (MOTION  FOR AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS INTERROGATORIES NUNC PRO TUNC AND MOTION FOR AN ENLARGEMENT OF TIME TO FILE THEIR BRIEF IN OPPOSITION TO PLAINTIFFS MOTION TO COMPEL NUNC PRO TUNC.).

3) RATHER THAN FILE A TIMELY RESPONSE TO "PLAINTIFFS MOTION FOR SANCTIONS", THEY CLAIM "NO TIME AVAILABLE" AND PROCEED TO FILE SIX (6) MOTIONS AFOREMENTIONED.

4) THROUGH THIS STRATAGEM, AGAIN ATTEMPT TO PREJUDICE, DISADVANTAGE AND OVERBURDEN PLAINTIFF AND THEREBY ATTEMPT TO DELAY AND THWART THESE PROCEEDINGS.

PLAINTIFF VEHEMENTLY OPPOSES "CORRECTIONS DEFENDANTS" "ENLARGE-MENT OF TIME", AS WELL AS ALL SIX(6) MOTIONS AFOREMENTIONED HEREIN.

PLAINTIFF OPPOSES ACTIONS AND INACTIONS AS OUTLINED HEREIN. FILINGS TO THIS HONORABLE COURT SINCE APRIL 12,2002 SPEAK FOR THEM-SELVES.

PLAINTIFF REQUESTS THIS HONORABLE COURT "PROTECT PLAINTIFF" FROM FURTHER ABUSES, IN BELIEF THIS WOULD CAUSE THESE PROCEEDINGS TO BECOME "FAIR". ACCORDING TO RULE 37(b)(2)(c), "CORRECTIONS DEFENDANTS" MOTIONS OF JULY 29,2002 SHOULD BE DISMISSED IN LIGHT OF FACTS CONTAINED HEREIN.

PLAINTIFF HAS, TO THE BEST OF HIS ABILITY AND IN "GOOD FAITH" PRESENTED HIS PLIGHT AND THAT WHICH HE HAS BEEN COMPELLED TO ENDURE.

PLAINTIFF HAS IN "GOOD FAITH" ATTEMPTED AS OUTLINED IN "MOTION TO COMPEL", FILED JUNE 2,2002 AND "BRIEF IN SUPPORT" THEREOF, FILED JUNE 11,2002 TO CONFER AND SECURE WITHOUT COURT ACTION THAT WHICH HE HAS BEEN COMPELLED TO FILE THEREAFTER.

PLAINTIFF HAS NO DOUBT "CORRECTIONS DEFENDANTS" HAVE CONFERRED

AND CONCUR WITH THEIR "MOTION FOR AN ENLARGEMENT OF TIME" AND THEIR STRATAGEM TO SUPERCEDE" (MOTIONS TO COMPEL AND IMPOSE SANCTIONS) IN AN ATTEMPT TO "MOOT" THESE "MOTIONS", AS WELL AS ANY DISCOVERY AND IN SO DOING, ATTEMPT TO "SWEEP AWAY" THIS PRESENT LITIGATION.

PLAINTIFF IS INUNDATED IN THESE COMPLEXITIES AND HAS NOT HAD TIME OR THE RESOURCES TO ATTEND TO OTHER PERTINENT ISSUES NOR THE EXPERTISE TO PROCEED UNDER THE CIRCUMSTANCES.

ACCORDING TO RULE 37(b)(2)(b)(c)(d), PLAINTIFF SEEKS SPECIAL RELIEF AGAINST "CORRECTIONS DEFENDANTS" RECENT ABUSES, UNDER 37(b)(2)(c).

WHEREBY PLAINTIFF REQUESTS THIS HONORABLE COURT:

1) DENIES "CORRECTION DEFENDANTS" MOTION FOR ENLARGEMENT OF TIME.

2) GRANTS PLAINTIFFS MOTION TO COMPEL DISCOVERY.

3) 3) GRANTS PLAINTIFFS MOTION FOR SANCTIONS.

4) DISMISSES **ALL** "CORRECTIONS DEFENDANTS" MOTIONS FILED JULY 29,2002

5) FINDS "CORRECTIONS DEFENDANTS" IN DEFAULT OF THESE PROCEED-
   INGS FOR THIS MOST PRESENT ABUSE.

PLAINTIFF ALSO REQUESTS THAT THIS HONORABLE COURT EXPEDITE THE DISPOSITION OF THE PLAINTIFFS PENDING MOTIONS.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS HONORABLE COURT GRANT **ALL** HIS "REQUESTS AND MOTIONS" OR, GRANT SUCH RELIEF AS THIS HONORABLE COURT FEELS IS WARRANTED AND NECESSARY TO PRESERVE THE INTEGRITY OF THESE PROCEEDINGS.

DATE MAILED: 8/4/02

RESPECTFULLY SUBMITTED:

WILLIAM CLARK, PRO SE

## CERTIFICATE OF SERVICE

I, WILLIAM CLARK, CERTIFY I HAVE THIS DAY SERVED UPON THE INDICATED PERSONS "PLAINTIFFS MOTION AND BRIEF IN SUPPORT OF MOTION OF OPPOSITION TO CORRECTIONS DEFENDANTS MOTION FOR AN ENLARGEMENT OF TIME TO FILE THEIR BRIEF IN OPPOSITION TO PLAIN-TIFF'S MOTION FOR SANCTIONS", BY PLACING SAME IN THE UNITED STATES MAIL, POSTAGE PREPAID, ADDRESSED AS FOLLOWS:

JAMES D. YOUNG, ESQ.
301 MARKET ST., SUITE 800
P.O. BOX 1245
HARRISBURG, PA. 17108-1245

JOHN J. TALABER, ESQ.
OFFICE OF CHIEF COUNSEL
55 UTLEY DRIVE
CAMP HILL, PA. 17011

DATE MAILED: 8/4/02

RESPECTFULLY SUBMITTED:

WILLIAM CLARK, PRO SE
BOX A    AY-5585
BELLEFONTE, PA. 16823