ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK, :
: 
Plaintiff, :
: Civil Action No. 01-CV-0764
v. :
: (Judge William W. Caldwell)
LARRY LIDGETT, et. al., :
: JURY TRIAL DEMANDED
Defendants. :

**THE CORRECTION DEFENDANTS'
BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SANCTIONS**

FILED
HARRISBURG, PA
AUG 20 2002
MARY E. D'ANDREA
Per_____ CLERK
Deputy Clerk

**STATEMENT OF THE CASE**

**A.   Identity of the Parties and Statement of Claim**

Plaintiff William Clark is an inmate currently incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview").[1] The Department of Corrections employees named as Defendants ("Corrections Defendants") are: (1) former Secretary of the Department, Martin Horn; (2) SCI-Rockview Superintendent, Robert Meyers; and (3) former Corrections Health Care Administrator, Larry Lidgett.[2] Additionally, Clark named as defendants the following that are represented in this action by attorney James D. Young: (1)

---
[1]   See Complaint (doc. 1), ¶ 2.
[2]   See Complaint, ¶¶ 3,4, 7.

Wexford Health Sources, Inc. ("Wexford"); and (2) Wexford Medical Director, Dr. John Symons.[3] Clark is suing the Defendants in their official and individual capacities.[4]

This is a 42 U.S.C. §1983 *pro se* action alleging deliberate indifference to the treatment of Clark's Hepatitis C ("HCV") condition in violation of his Eighth and Fourteenth Amendment rights to the United States Constitution.[5] Clark also has pendent state claims of medical malpractice and negligence.[6] Clark seeks declaratory and injunctive relief, as well as, compensatory and punitive damages.[7]

**B.    Relevant Procedural History**

    1.    Substantiative Matters

Clark filed his Complaint on May 21, 2001.[8] All Defendants waived service of summons on August 2, 2001.[9] On September 10, 2001, Defendants Wexford and Dr. Symons waived reply to the Complaint pursuant to 42 U.S.C. §1997(e).[10] On September 14, 2001, the Corrections Defendants also waived reply to the Complaint.[11] On March 25, 2002, the Corrections Defendants filed a Motion for

---

[3]    See Entry of Appearance (doc. 11).
[4]    See Complaint, ¶¶ 3-7.
[5]    See Complaint, ¶¶ 8-58.
[6]    See Complaint, p.1 "Preliminary Statement"
[7]    See Complaint, Relief Requested, pp. 10-11.
[8]    See Complaint (doc. 1).
[9]    See Waiver of Summons (doc. 12).
[10]   See Waiver of Reply to Complaint (doc. 13).
[11]   See Waiver of Reply to Complaint (doc. 14).

Summary Judgment, and later filed a Supporting Brief; however, through a motion filed on July 29, 2002, the Corrections Defendants requested leave to withdrawal their Motion, which the Court granted on August 6, 2002.[12] Through the request of the Defendants, the Court has set a discovery deadline in this matter for November 4, 2002, and set the deadline for dispositive motions, if any, for December 4, 2002.[13]

    2.   <u>Discovery Matters</u>

Outstanding discovery issues that will soon be ripe for Court resolution involve Plaintiff's Motion to Compel Discovery and Plaintiff's Motion for Sanctions.[14] Discovery events between the parties include the scheduled deposition of the Clark at SCI-Rockview on September 5, 2002, by counsel for all the parties. Finally, the Corrections Defendants will serve Clark a supplemental response to his First Request for Production of Documents regarding documents recently found that are responsive to his request; however, similar objections based on the Executive Documents Privilege will be raised with some of this material. Counsel anticipates serving a Supplemental Response pursuant to Fed.R.Civ.P.

---

[12]    See Motion for Summary Judgment (doc. 19); Brief in Support (doc.28); Statement of Material Facts (doc. 24) and Supporting Documents (doc. 26). See also Motion (doc. 62); memorandum and Order (docs. 65, 66).
[13]    See Memorandum and Order (docs. 65, 66).
[14]    See Plaintiff's Motion to Compel (doc. 40); Brief in Support (doc. 46); Plaintiff's Motion for Sanctions (doc. 56) Brief in Support (doc. 57); Memorandum and Order dated August 6, 2002 (docs. 65, 66).

26(e), and to provide Clark with free copies of the documents involved, on or before his September 5, 2002 Deposition.

**C.    Statement of Alleged Facts**

In November 1984, Clark was committed to the State Correctional Institution at Graterford ("SCI-Graterford") for a term of imprisonment of five (5) to fifteen (15) years.[15] Sometime in 1989, Clark was paroled from SCI-Graterford to a Community Corrections Center; however, in early 1992, Clark was recommitted to SCI-Graterford as a technical parole violator.[16] Clark avers that upon his return to SCI-Graterford in 1992, a blood sample was drawn, and a notation was made in his medical record that was infected with HCV, yet he was not advised or cautioned by "Department health care workers" of his positive status.[17] Clark claims that in 1992, the medication Interferon was available to treat his HCV condition, but at that time the Department of Corrections evaluate him for treatment.[18] Clark was re-paroled in late 1992.[19]

Sometime in 1995 Clark was "returned to prison" but was released in April 1996, and once again, alleges that he was not "advised or cautioned by Department

---

[15]   See Complaint, ¶ 8.
[16]   See Complaint, ¶¶ 9-10.
[17]   See Complaint, ¶¶ 10-14.
[18]   See Complaint, ¶ 17, 19.
[19]   See Complaint, ¶ 15.

4

health care workers regarding his having HCV.[20] Clark alleges that the failure to inform him of his HCV prevented him "from receiving treatment in his community, causing him to damage his liver further through activities harmful to those with HCV, and precluding notice so that he would not accidentally spread HCV to others . . . ."[21]

In late 1996, Clark was re-incarcerated and transferred to SCI-Rockview.[22] Clark avers that "[a]t no time between late 1996 and October 1999, was he advised of or cautioned by the Department health care workers as to his having HCV."[23] As noted in the paragraph above, Clark avers this lack of knowledge of his HCV resulted in not being able to pursue treatment, further damage to his liver, and he could not prevent the accidental spread of HCV to others.[24]

In October 1999, Clark states that he requested the SCI-Rockview medical department to give him a AIDS and HCV test; after the test, Clark was informed that he was HCV positive, and at some point prior to October 1999, that he also had both hepatitis A and B.[25] Further, Clark avers that he first learned through examination of Department of Correction's medical records that he was infected

---

20  See Complaint, ¶¶ 20-23.
21  See Complaint, ¶ 22.
22  See Complaint, ¶ 25.
23  See Complaint, ¶ 26, 28.
24  See Complaint, ¶ 27.
25  See Complaint, ¶¶ 30, 31.

with HCV as early as 1992, and claims that he was never informed of this prior to October 1999.[26]

Soon thereafter, Clark inquired about treatment for his HCV, and avers that he was told that "despite the large number of HCV positive inmates currently in the state prison system, the Department did not at that time have a treatment protocol for HCV, and, therefore, Plaintiff would not be receiving Interferon or any other medication to treat his HCV."[27] Clark claims that the failure of the Department and SCI-Rockview, between 1992 and 1999, in not having a HCV treatment protocol in place, resulted in his lack of being able to pursue treatment, damage to his liver, and preventing the accidental spread of HCV to others.[28]

Clark avers that "[t]he Centers for Disease Control has determined that people who have tested positive for HCV should have a liver biopsy to determine the exact HCV genotype, to determine the feasibility of treatment, and to assess the amount and extent of liver damage."[29] Clark complains that between October 1999 and September 2000, despite making "several verbal and written requests to Defendants Horn, Meyers, Wexford, Symons, and Lidgett that he be provided with a liver biopsy and be treated for his HCV . . . " the requests were refused.[30] Clark

---

[26] See Complaint, ¶ 32.
[27] See Complaint, ¶ 33.
[28] See Complaint, ¶ 34.
[29] See Complaint, ¶ 35.
[30] See Complaint, ¶ 36.

also avers that he exhausted his administrative remedies through the Department's grievance process but his requests were once again refused.[31]

Clark avers that on September 15, 2000, eight years after the Department first became aware of his HCV, he began receiving treatment through the drug Interferon to potentially clear the virus.[32] However, Clark avers that the Center for Disease Control has determined that early detection and treatment in the only proper course for HCV, and that early treatment increases the success rate for clearing the virus and minimizing damage to the liver.[33] Clark submits that the failure of the Defendants to treat his HCV earlier allowed his liver to be further damaged. Additionally, Clark argues that following Center for Disease Control recommendations, he should have been given a liver biopsy, but not treated with the drug Interferon.[34]

Overall, Clark claims that the Corrections Defendants were deliberately indifferent to his serious medical needs because: (1) between 1992 and 1999, they failed to notify or failed to have in place a notification protocol to ensure the Clark was informed he had HCV; (2) between 1992 and 1999, they failed to have in place a HCV treatment protocol; and (3) between 1992 and March 2001, they failed to have in place a HCV protocol that would require Clark to receive a liver

---

[31] See Complaint, ¶ 37, 43.
[32] See Complaint, ¶ 38.
[33] See Complaint, ¶ 39.
[34] See Complaint, ¶¶ 39-42.

7

biopsy for proper diagnosis prior to being treated with the drug Interferon.[35]

Similarly, Clark makes the same allegations against Wexford and Dr. Symons.[36]

---

[35] See Complaint, ¶¶ 44-46, 56-58.
[36] See Complaint, ¶¶ 50-55.

## STATEMENT OF QUESTIONS INVOLVED

I. SHOULD THE COURT ORDER THE DEFENDANTS TO COMPLY WITH THE MANDATORY INITIAL DISCLOSURE REQUIREMENTS OF FED.R.CIV.P. 26 BECAUSE PRO SE PRISONER CASES ARE EXEMPT FROM INTIAL DISCLOSURE?

   SUGGESTED ANSWER:    NO.

II. SHOULD THE COURT SANCTION THE CORRECTIONS DEFENDANTS REGARDING THEIR UNTIMELY RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS?

   SUGGESTED ANSWER:    NO.

## ARGUMENT

I. **THE COURT SHOULD NOT ORDER THE DEFENDANTS TO COMPLY WITH THE MANDATORY INITIAL DISCLOSURE REQUIREMENTS OF FED.R.CIV.P. 26 BECAUSE PRO SE PRISONER CASES ARE EXEMPT FROM INTIAL DISCLOSURE.**

Fed.R.Civ.P. 26(a) was recently amended and now includes an exemption for initial disclosures in "actions brought without counsel by a person in custody of the United States, as state, or a state division . . . ."[37] Clark does not have counsel in his 42 U.S.C. § 1983 action against the Corrections Defendants. Further, Clark is a prisoner incarcerated under the care, custody and control of the Commonwealth of Pennsylvania at SCI-Rockview. Therefore, pursuant to Fed.R.Civ.P. 26(a)(1)(E)(iii), the Defendants are not required to provide initial disclosures to him, and this motion to compel and for sanctions on this ground is patently frivolous.

---

37    See Fed.R.Civ.P. 26(a)(1)(E)(iii).

## II. THE COURT SHOULD NOT SANCTION THE CORRECTIONS DEFENDANTS REGARDING THEIR UNTIMELY RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS.

Fed.R.Civ.P. 37(a)(4)(A) allows that if a motion to compel is granted or if the disclosure or request discovery is provided after the motion was filed:

> The court shall, after affording an opportunity to be heard, require the party or deponent whose conducted necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Here, Clark argues that the Defendants do not have any substantial justification for failing to comply with Rules of Discovery and this Honorable Court's Order regarding Clark's Interrogatories. The issue of the Corrections Defendants untimely interrogatory responses, by and through their attorney, was thoroughly discussed in this Honorable Court's August 6, 2002 Order granting the Corrections Defendants Motion to submit the Responses *nunc pro tunc*. Additionally, the Corrections Defendants have waived any copying charges to the documents in response to Clark's Request for Production of Documents and his Interrogatories. Finally, the Corrections Defendants have withdrawn their pending Motion for Sumamary Judgment with the approval of the Court. Therefore, the issues Clark raises in his Motion for sanctions are now moot and counsel for the

11

Court has reprimanded the Corrections Defendant's attorney through the August 6, 2002 Order. Additional sanctions, especially in the amount Clark requests, are not necessary. Counsel for the Corrections Defendants falls on the mercy of this Honorable Court.

## CONCLUSION

**WHEREFORE**, for the abovementioned reasons, the Corrections Defendants' respectfully request that the Court deny Plaintiff's Motion for Sanctions.

>                         Respectfully submitted,
>                         Office of General Counsel
>
> BY: _____
>     John J. Talaber
>     Assistant Counsel
>     Pa. Department of Corrections
>     55 Utley Drive
>     Camp Hill, PA  17011
>     (717) 731-0444
>     Attorney Id. No. 83279

Dated: August 20, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,                              :
                                            :
    Plaintiff,                             :
                                            :    Civil No. 01-0764
                                            :
v.                                          :    (Judge William W. Caldwell)
                                            :
LARRY LIDGETT, et al.,                      :
                                            :
    Defendants.                            :

**PROOF OF SERVICE**

The undersigned hereby certifies that the Corrections Defendants' Brief in Opposition to Plaintiff's Motion for Sanctions was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

| | |
|---|---|
| William Clark, AY-5585<br>SCI-Rockview<br>Box A<br>Bellefonte, PA  16823 | James D. Young, Esquire<br>Lavery, Faherty, Young & Patterson, PC<br>The Kunkel Building<br>301 Market Street, Suite 800<br>P.O. Box 1245<br>Harrisburg, PA  17108-1245 |

                                                                                       Marilyn Jones
                                                                                       Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  August 20, 2002