


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,

    Plaintiff,

    v.

LARRY LIDGETT, et al.,

    Defendants.

Civil No. 01-0764

(Judge William W. Caldwell)

FILED
HARRISBURG, PA
AUG 20 2002
MARY E. D'ANDREA
Per _____ Deputy Clerk

## SUPPORTING DOCUMENTS TO DEFENDANTS BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendants' Response to Plaintiff's First Request for
Production of Documents ................................................................. Exhibit A

Declaration of Jeffrey A. Beard, Ph.D. ............................................. Exhibit B

                       Respectfully submitted,
                       Office of General Counsel

BY: _____
               John J. Talaber
               Assistant Counsel
               Pa. Department of Corrections
               55 Utley Drive
               Camp Hill, PA  17011
               (717) 731-0444
               Attorney Id. No. 83279

Dated:  August 20, 2002

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CLARK, | : |
| Plaintiff, | : |
| | : Civil No. 01-0764 |
| v. | : |
| | : (Judge William W. Caldwell) |
| LARRY LIDGETT, et al., | : |
| Defendants. | : |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, Martin Horn, Robert Meyers, and Larry Lidgett, by and through their attorney, John J. Talaber, Assistant Counsel for the Pennsylvania Department of Corrections, in accordance with Federal Rules of Civil Procedure 26 and 34, hereby respond to Plaintiff's First Request for Production of Documents as follows:

**1. Please provide each and every copy of Plaintiff's request slips, or grievances and any and all responses to same from prison or medical department personnel relating to Plaintiff's questions or requests pertaining to his hepatitis C.**

1. **Response: Objection.** Defendants object to this request pursuant to Fed.R.Civ.P. 26(b)(2)(i) in that grievance material is obtainable from some other source that is more convenient; specifically, Plaintiff as an inmate within the Department of Corrections receives copies of his grievances and responses thereto.

By way of further response, the Department of Corrections, on behalf of the above-named Defendants, will produce for examination and inspection grievances and request slips maintained in Plaintiff's inmate file (DC-15) that is responsive to this request. Plaintiff will be given a reasonable amount of time to examine and inspect the above-referenced documents. Plaintiff must initiate this process by submitting an inmate request to the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan. Plaintiff, at the meeting with Mr. Rackovan or his designee, will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for the photocopies would be in accordance with Department of Corrections Policy DC-ADM 003 and its Procedure Manual.

> **2. Please provide copies of all prior draft criteria established by the Commonwealth of Pennsylvania Department of Corrections and/or Wexford Health Sources, Inc., and state whether or not they were ever approved, put in force, or used to make any determination for treatment of individuals with Hepatitis C.**

2. **Response: Objection.** The Defendants object to Plaintiff's request pursuant to Fed.R.Civ.P. 34(b) in that this request does not describe the items to be set-forth for examination and inspection with reasonable particularity; consequently, pursuant to Fed.R.Civ.P. 26(b)(1), this request does not appear to be reasonably calculated to lead to the discovery of admissible evidence for purposes of trial. By way of further response, the Defendants object to Plaintiff's request pursuant to Fed.R.Civ.P. 26(b)(5) because "all prior draft criteria established by the

2

Pennsylvania Department of Corrections and/or Wexford Health Sources, Inc." is overbroad and said documents are protected by the Executive Document Privilege. See Com. Ex rel. Unified Judicial System v. Vartan, 733 A.2d 1258 (Pa. 1999); see also Kerr v. United States Dist. Cr. For N. Dist. Of Cal., 426 U.S. 394, 405 (1976). Specifically, documents protected under the Executive Documents Privilege in the possession of the Department of Corrections include the following: (1) Hepatitis Task Force Agenda; (2) Hepatitis C Task Force Meeting Minutes; (3) non-adopted versions of policy and protocols; and (4) draft versions of Hepatitis C cost analysis.

By way of further answer, the Department of Corrections, on behalf of the above-named Defendants, will produce for examination and inspection medical journal articles, Hepatitis C education materials, final versions of the Department's Hepatitis C Protocol, and the known names and titles of individuals involved in the developing the Department's Hepatitis C Protocol. Plaintiff will be given a reasonable amount of time to examine and inspect the above-referenced documents. Plaintiff must initiate this process by submitting an inmate request to the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan. Plaintiff, at the meeting with Mr. Rackovan or his designee, will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for the photocopies would be in accordance with Department of Corrections Policy DC-ADM 003 and its Procedure Manual.

3. Please state the date each such draft criteria was completed, and the names of any and all individuals who worked on, assisted, or in any way, shape, or form contributed to the creation of said guidelines drafts.

3. **Response:** See Response 2, *supra*.

4. Please provide a copy of the current Hepatitis C treatment protocol, and provide the date it was implemented, including any copies of revisions, the dates of each revision, the names of any and all individuals who worked on, assisted, or in any way, shape, or form contributed to the creation of said protcol(s).

4. **Response:** See Response 2, *supra*.

5. Please provide a copy of each and every evaluation for eligibility for the Interferon/Ribavirin treatment protocol which was performed on Plaintiff with regards to his hepatitis C.

5. **Response:** See Response 6, *infra*.

6. **Please provide a copy of Plaintiff's complete medical record.**

6. **Response: Objection.** The Defendants object to Plaintiff's request for his complete medical record maintained in the possession of the Department of Corrections pursuant to Fed.R.Civ.P. 26(b)(5), as some of the documents contained therein are protected by the Executive Document Privilege. See Com. Ex rel. Unified Judicial System v. Vartan, 733 A.2d 1258 (Pa. 1999); see also Kerr v. United States Dist. Ct. for N. Dist. Of Cal., 426 U.S. 394, 405 (1976). Specifically, the Defendants object to producing the following documents maintained in Plaintiff's medical file in the possession of the Department of Corrections: (1) Psychology reports; (2) suicide risk indicators checklist for RHU/SMU; (3)

cumulative adjustment record (DC-14); (4) psychology/psychiatry department referral forms; (5) psychiatric/psychological questionnaire/referral from; and (6) psychology 90-day RHU review form.

By way of further response, the Defendants will provide to Plaintiff for his review and/or copying all medical documents, correspondence reports, diagnostic test results and x-rays the Department of Corrections has in its possession. . Plaintiff will be given a reasonable amount of time to examine and inspect the above-referenced documents. Plaintiff must initiate this process by submitting an inmate request to the Litigation Coordinator at SCI-Rockview, Jeffrey Rackovan. Plaintiff, at the meeting with Mr. Rackovan or his designee, will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for the photocopies would be in accordance with Department of Corrections Policy DC-ADM 003 and its Procedure Manual.

        Respectfully submitted,
        Office of General Counsel

BY: _____
        John J. Talaber
        Assistant Counsel
        Department of Corrections
        55 Utley Drive
        Camp Hill, PA  17011
        (717) 731-0444
        Attorney Id. No 83279

Date: March 21, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,                :
                              :
    Plaintiff,             :
                              :    Civil No. 01-0764
                              :
v.                            :    (Judge William W. Caldwell)
                              :
LARRY LIDGETT, et al.,        :
                              :
    Defendants.            :

## PROOF OF SERVICE

The undersigned hereby certifies that the Defendants' Response to Plaintiff's First Request for Production of Documents was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

William Clark, AY-5585
SCI-Rockview
Box A
Bellefonte, PA 16823

_/s/ John J. Talaber_
John J. Talaber
Assistant Counsel

PA Department of Corrections
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444
Dated: March 21, 2002

EXHIBIT
B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| WILLIAM CLARK, | : |
| --- | --- |
| Plaintiff, | : |
| | : Civil Action No. 01-CV-0764 |
| v. | : |
| | : (Judge William W. Caldwell) |
| LARRY LIDGETT, et. al., | : |
| | : JURY TRIAL DEMANDED |
| Defendants. | : |

### DECLARATION OF JEFFREY A. BEARD, Ph.D.

I, **JEFFREY A. BEARD**, Ph.D., declare under penalty of perjury in accordance with 28 U.S.C. § 1746 that the following facts are true and correct based upon my personal knowledge, information and belief:

Background Information:

1. I am the Secretary of the Pennsylvania Department of Corrections ("Department"). I have held this position since December 30, 2000, and was confirmed by the Senate on February 15, 2001.

2. I graduated from Pennsylvania State University with a bachelor's degree in psychology, and later earned a master and doctorate degree in counseling.

3. Prior to my appointment as Secretary, I held the positions of Executive Deputy Secretary, and Deputy Commissioner dating back to May 1994. I was first employed with the Department in June 1972 at the State

Correctional Institution at Rockview ("SCI-Rockview") as a Corrections counselor, and later became a Classification and Treatment Supervisor, Deputy Superintendent, and in 1989 was appointed as Superintendent of the State Correctional Institution at Camp Hill.

4. I am responsible in a supervisory capacity for the overall management and operation of the Department in fulfilling its mission of protecting the public by confining persons committed to our custody in safe, secure facilities, and providing opportunities for inmates to acquire the skills and values necessary to become productive law abiding citizens; while respecting the rights of crime victims.

5. Geographically, the Department is comprised of twenty-five (25) state correctional institutions, fifteen (15) community correction centers, and one (1) motivational boot camp that are located throughout the Commonwealth.

6. I am responsible in a supervisory role for the safety and security of the Department's approximately current complement of 15,000 employees, and an inmate population of thirty-nine thousand two-hundred eighty three (39,283) persons (as of July 31, 2002). I directly supervise five Deputy Secretaries who also oversee the operation of the Department.

7. As the administrative head of this Department, have the authority to invoke

Executive Documents Privilege, or as it is otherwise known, the Deliberative Process Privilege on behalf of the Department.

Parties and the Department:

8. Plaintiff William Clark is an inmate in the custody of the Department.

9. Plaintiff is suing the former Secretary of the Department, Martin F. Horn; SCI-Rockview Superintendent Robert Meyers, and former Corrections Health Care Administrator at SCI-Rockview, Larry Lidgett, in their individual capacities alleging deliberate indifference in violation of Clark's constitutional rights relating to his treatment for Hepatitis C.

10. The Department of Corrections is not a defendant in Plaintiff's 42 U.S.C. §1983 civil rights action. However, in cases where a Department employee (or former employee) is named as a defendant in a civil lawsuit, and his actions are deemed to be within the scope of employment while he utilized a good-faith exercise of authority, the Commonwealth provides legal counsel and indemnification for any possible damages resulting from the lawsuit. Here, Defendants Horn, Meyers and Lidgett have been provided with a commonwealth attorney, the Department is supplying the resources for their defense, and absent any bad-faith, will indemnify them in this action.

11. Plaintiff, through his First Request for Production of Documents, seeks:

3

"copies of all prior draft criteria established by the Pennsylvania Department of Corrections and/or Wexford Health Sources, Inc., and state whether or not they were ever approved, put in force, or used to make any determination for treatment of individuals with Hepatitis C." The Defendants have provided Plaintiff with documents responsive to this request; however, there are documents that are in the possession of the Department relating to the request. For purposes of this case only, the Department is waiving the need for Plaintiff to subpoena the information pursuant to Fed.R.Civ.P. 45, and is responding through the Defendants in this action.

The Department's Hepatitis C Information:

12. Secretary Horn, in the fall of 1998, established a task force to address the issue of Hepatitis C identification and treatment for the inmate population. The Hepatitis C Task Force was comprised of members of a multi-disciplinary group that included staff from: the Bureau of Health Care, various corrections institutions, representatives of the psychology field, representatives from the Department contracted medical vendors (including Wexford), representatives of the Department of Health; and representatives of the Department of Welfare. The members were charged with the responsibility of working as a team to identify all the issues involved in the

4

identification, education, treatment, and follow-up care of those inmates who tested positive for Hepatitis C. They were also charged with the responsibility to insure that the care provided in treating Hepatitis C positive inmates was consistent with community standards.

13. The Hepatitis C Task Force has met since early 1999, and continues to meet to fulfill its obligations.

14. In 2001, the Department incurred approximately 4.7 million dollars in expenses to treat inmates with the Hepatitis C virus, and this year anticipates incurring at least 5.6 million dollars for Hepatitis C treatment to the affected inmate population.

15. Accordingly, numerous documents have been generated and exchanged among the task force members. In particular, the Department of Corrections has copies of the (a) the Hepatitis C Task Force Agenda; (b) the Hepatitis C Task Force Meeting Minutes; (c) draft versions of the Hepatitis C Protocol; and (d) correspondence between senior members of the Department involving the deliberative process in developing Department Policies for the Hepatitis C issue.

16. I have reviewed the aforementioned documents. Nowhere in the documents sought by Plaintiff does there appear to be evidence that the Defendants

acted in an improper or unconstitutional manner toward him.

17. Instead, the documents in paragraph 15, *supra*, constitute confidential deliberations of policy-making opinions, recommendations, or advice. The documents that I reviewed were made before the deliberative process was completed for each version of the Hepatitis C Protocol, Department Policies relating to Hepatitis C, and final agency budget submission to the General Assembly.

18. The materials in paragraph 15, *supra*, contain the frank exchange of ideas, notes, suggestions, proposals, and opinions that occurred during the deliberation of the Department's Hepatitis C issues. It is my opinion that permitting the confidential deliberations to become public would greatly inhibit the operation of this agency in its ability to develop future policies by limiting participants to an exchange of ideas, suggestions, proposals, and opinions in a non-confidential format. Overall, the quality of administrative decisions in operating this agency would suffer and staff would be less likely to place their ideas, suggestions, proposals, and opinions in a form that would be disclosed to the general public prior to the final form of the policy, protocol, or budget submission.

19. I therefore am invoking the Executive Documents/Deliberate Process

Privilege permitting the government to withhold documents, such as listed in paragraph 15, *supra*, that contain confidential deliberations of policymaking, and open discussions reflecting opinions, recommendations or advice.

20. However, recognizing the need for public disclosure of how the Department is responding to Hepatitis C in the prison population, and of the basis of the Department's policies, I am authorizing the disclosure of any factually based statistical information, reports, studies, and outside Hepatitis C related research to Plaintiff pursuant to his Request.

<u>Plaintiff's Medical Record:</u>

21. Plaintiff, through his request for production of documents, requests "a complete copy of his medical records."

22. The Department, and not the named Defendants, has in its possession a Medical Record containing documents relating to Plaintiff's medical treatment while incarcerated under the care, custody, and control of the agency.

23. Contained within the Department's Medical Record are a: (a) psychological evaluation for outside clearance dated March 26, 1998; (b) psychological evaluation for parole dated December 30, 1998; (c) psychological evaluation for parole dated November 2, 1999; and (d) psychological report and clinical

assessment dated February 12, 2001.

24. Plaintiff's request calls for documents provided by numerous correction treatment personnel, including psychiatrists and psychologists. These documents enable the appropriate officials to record their impressions, evaluations, and recommendations with respect to the plaintiff's program and case management.

25. The value of these entries lies in the candid nature of the responses. If these files were readily available to inmates or to the public, corrections staff would tend to refrain from entering their honest opinions and frank evaluations. Consequently, those making decisions regarding the plaintiff would not have the benefit of candid observations from staff in the field.

26. Additionally, if a prisoner knows how staff will evaluate him and how particular responses are likely to be interpreted, he will be capable of manipulating the resulting diagnosis. As a result, the inmate's situation will not be assessed accurately, and a valid course of rehabilitative treatment cannot be prescribed. Preservation of the confidential nature of treatment-related information is critical to ensure the cooperation of all inmates involved in any course of treatment.

27. These subsequent inaccuracies could also result in completely improper

institutional placement, and the inmate or others may be exposed to danger. The inaccuracies could also result in premature release from custody on parole, thereby exposing the community at large to danger.

28. The cumulative effect of disclosing these documents would be that necessary documentation would not occur, and the inmate file would fail to be an effective and candid record of the inmate's adjustment and the risk posed by the inmate to the institution and the public. If inmate files were routinely made available to inmates, it would be detrimental to the treatment and safety of the inmates, the safety of the staff, the security and order of the institution, and would significantly increase the difficulty of prison administration and inmate treatment.

29. Nowhere in the documents sought by Plaintiff does there appear to be evidence that Defendants acted in an improper or unconstitutional manner toward him.

30. I am invoking the Executive Documents/Deliberate Process Privilege permitting the government to withhold documents, such as listed in paragraph 23, *supra*, that contain confidential opinions, recommendations or advice because such disclosures would compromise the security and penological mission of the institution.

_____          _____8/16/02_____
JEFFREY A. BEARD, Ph.D.                                  DATE
Secretary
Pennsylvania Department of Corrections

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK, :
:
Plaintiff, :
: Civil No. 01-0764
:
v. : (Judge William W. Caldwell)
:
LARRY LIDGETT, et al., :
:
Defendants. :

## PROOF OF SERVICE

The undersigned hereby certifies that the Supporting Documents to Correction Defendants' Brief in Opposition to Plaintiff's Motion to Compel was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

William Clark, AY-5585　　　　　　　James D. Young, Esquire
SCI-Rockview　　　　　　　　　　　　Lavery, Faherty, Young & Patterson, PC
Box A　　　　　　　　　　　　　　　 The Kunkel Building
Bellefonte, PA  16823　　　　　　　  301 Market Street, Suite 800
　　　　　　　　　　　　　　　　　　P.O. Box 1245
　　　　　　　　　　　　　　　　　　Harrisburg, PA  17108-1245

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Marilyn Jones
　　　　　　　　　　　　　　　　　　Clerk Typist 2

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  August 20, 2002