IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| William Clark, | : | NO.: 1:CV-01-0764 |
| Plaintiff | | |
| vs. | : | (Judge Caldwell) |
| Martin Horn, et al., | | Jury Trial Demanded |
| Defendants | : | |

Brief In Support Of Motion For

Appointment Of Counsel

Now comes the Plaintiff, William Clark, pro se, and hereby requests this Honorable Court grant plaintiffs "Motion for Appointment of Counsel".

Statement Of Case

A. Identity Of The Parties:

Plaintiff William Clark is currently incarcerated at the State Correctional Institution at Rockview.

The Department of Corrections employees named as defendants("Corrections Defendants") are "Martin Horn, Robert Meyers, and Larry Lidgett", by and through their attorney, John J. Talaber, Assistant Counsel for the Department of Corrections.

Additional defendants, named "Wexford Health Sources, Inc.", and "Wexford Medical Director, Dr. John Symons", ("Wexford Defendants"), by and through their attorney, James D. Young, Esq.

B. Relevant Procedural History:

On December 1, 1999, plaintiff filed an "Official Inmate Grievance" (see DC-804 ROC-0706-99)

On August 10, 2001, plaintiff filed an "Official Inmate Grievance" (see DC-804-ROC-0641-01)

Plaintiff, William Clark, pro se, filed this Complaint on May 21, 2001. (see Complaint, Doc. 1)

On January 2, 2002, plaintiff served "Corrections Defendants" with: a request for Production of Documents, which plaintiff has corrected on June 11, 2002 (see Praecipe To Substitute).

On February 4, 2002, "Corrections Defendants" sought an Enlargement of Time to respond to plaintiffs aforementioned Discovery requests. (see Doc. 15)

The Court, by Order dated February 8, 2002, granted the "Corrections Defendants" Motion directing them to respond to plaintiffs Discovery requests on or before March 21, 2002. (see Doc. 16)

On March 21, 2002, "Corrections Defendants" served plaintiff with a Response to his Request for Production of Documents. (Doc. 19, Exhibit D)

On March 25, 2002, the "Corrections Defendants" filed a Motion for a Protective Order, with a Supporting Brief and Documents. (Doc. 17-19)

Additionally, that same day the "Corrections Defendants" filed a Motion for Summary Judgement. (Doc. 25)

On April 12, 2002, plaintiff filed "Brief in Opposition to Corrections Defendants' Motion for a Protective Order" and also enclosed letter to the Court explaining his legal aid problem.

On April 18, 2002, plaintiff initiated the Production of Medical Records to pursue the "Discovery Process".

On April 30, 2002, "Corrections Defendants" file "Corrections Defendants' Reply To Plaintiffs Brief In Opposition ToTheir Motion For A Protective Order". (hereafter "Corrections Defendants Reply")

On May 15, 2002, plaintiff filed "Plaintiff's Response".

On May 20, 2002, by Memorandum and Order, this Honorable Court denied the "Corrections Defendants" Motion for a Protective Order and directed defendants Horn and Lidgett to respond to plaintiffs Interrogatories within forty five (45) days.

This Honorable Court in Order has also afforded plaintiff thirty (30) days from receipt of defendants' Discovery Response to file an appropriate Response to Corrections Defendants Motion for Summary Judgement.

On June 2, 2002, "Plaintiff's Motion To Compel Discovery For Production Of Corrections Defendant's Documents" filed with this Honorable Court.

On June 11, 2002, plaintiff's "Brief In Support of Motion To Compel Discovery", was filed with this Honorable Court.

On July 17, 2002, plaintiff filed "Motion To Impose Sanctions Against Corrections Defendants.

On July 29, 2002, Corrections Defendants responded to "Plaintiffs Second Request For Production Of Documents. In addition, Corections Defendants filed the following: Motions: For Discovery and Dispositive Deadlines, Enlargement of Time to respond to plaintiffs' Interrogatories Nunc Pro Tunc, Enlargement of Time To File Their Brief In Opposition To Plaintiffs Motion To Compel Nunc Pro Tunc, To Withdraw Their Motion For Summary Judgement, Leave To Depose Prisoner and For An Enlargement Of Time To File Their Brief In Opposition To Plaintiff's Motion For Sanctions.

On August 2, 2002, "Corrections Defendants" Horn, Meyers and Lidgett responded to Plaintiffs First Set Of Interrogatories.

On August 4, 2002, plaintiff filed "Motion Of Opposition for Enlargement of Time to file their Brief In Opposition to Motion For Sanctions".

On August 6, 2002, Court granted all motions filed by "Corrections Defendants" on July 29, 2002.

## Argument

Since January, 2, 2002, Plaintiff avers, he has been trying to obtain Discovery guaranteed by Rule 26, "General Provisions governing discovery; Duty of Disclosure".

Rule 33; Interrogatories to Parties(a)-(c) (of which he has just received),

Rule 34;"Production of Documents..."(a)-(c)

Plaintiff has in "good faith" attempted throughout the period of time since his loss of "paralegal" help wherein "Corrections Defendants" cut him off from said help by Mr. Lassen, to proceed through these complex proceedings.

ALL motions filed by plaintiff since "Plaintiff's Response" filed May 15, 2002, explains and displays his troubles and lack of experience, thus showing how he has been prejudiced and disadvantaged by the Defendants actions and inactions wherein he has been baffled and thwarted of pertinent process and proceedings necessary for the minimal presentation of the actual claims.

Plaintiff is disadvantaged and has been inundated as documented in prior motions to this Honorable Court, and lacks knowledge and expertise to correct and amend properly the initial defects and subsequent aggravating factors connected to the initial grievance.

Plaintiffs inability to present his case, as well as the history of the proceedings "thus far" evince his need for Counsel. Rayes v. Johnson, 969 F.2d 700.

<u>Tabron v. Grace</u>, 6 F.3d 147(3rd Cir.1993). Plaintiffs lack of resources and unfamiliarity with Discovery rules and tactics place him at a significant disadvantage. As well as his lack of energy and present state of mind concerning his Hepatitis C, he is also dealing with the many side effects related to the treatment of the drugs pegolated interferon and ribavarin.

Plaintiff will be significantly disadvantaged by the "abscence of counsel" at a <u>"Deposition"</u>, and asks this Honorable Court to place said <u>"Depositions, in Abeyance"</u> until such time Counsel is available. Also at such time of Depositions, that "Defendants" be ordered to furnish transcripts to plaintiff of said depositions. Plaintiffs resources are extremely limited.

Plaintiff avers, Counsel is also essential to "proper depositions" needed for plaintiff of both "Corrections Defendants" and "Wexford Defendants".

Plaintiff avers, the complexity and difficulty of this case weighed against the expertise of plaintiff displays his need for counsel. See Hodge v. Police Officers, 802 F.2d 58(2nd Cir.1986).

Plaintiff is disadvantaged in his ability to investigate and collect other discovery as well as procure medical evaluation and insight necessary to present and perfect his claims.

Plaintiff finds much to be desired in his capacity to obtain what is necessary, as well as other discovery and "Depositions" to be obtained by him.

Plaintiff avers, he is in need of "Counsel" on many levels. Plaintiff is in poor health and sickly more times than not. There has been no consideration on "Defendants" part in this litigation as to the on-going day to day basis of his overall health and physical and mental state which the Hepatitis C virus (HCV) disease creates.

Plaintiff offers, as additional need for "counsel", the need to "amend" the original complaint drawn up by Robert Lassen stating "record from 1992 medical file showed HCV positive, when plaintiff, in his original grievance (Exh. 1, Doc. 26) states otherwise. Plaintiff also has many "supplements" of subsequent events including, but not limited to the following: no genotype or biopsy was done prior to initial treatment of 9/15/2000, high iron levels, confirmed by Dr. Symons, can have negative effect on the very potent treatment of Interferon and ribavarin. Plaintiff endured approx. 6 months of side effects of treatment, including nausea, incessant itching and headaches, flu-like symptoms, chills, numbness of fingers, etc., only to find out he should have been phlebotomized to lower high iron counts, prior to treatment. As a result, plaintiff did not respond to treatment. Plaintiff has never been advised of the extent of damage to his liver even though an ultrasound in 2000 showed possible cirrhosis, either by the medical staff at Rockview or at Graterford. He has never been referred to an outside specialist nor had explained to him what high levels of lymphocytes, hemoglobin or alpha fetoprotein mean to his condition. Phlebotomies were done prior to this latest treatment with pegolated.

Plaintiff has been waiting over 2½ months for a second ultrasound ordered by Dr. Symons.

Plaintiff acknowledges Mr. Talaber may have had a sinus problem, however, plaintiff still affirms in their claims of "lack of time available", rather than file timely responses, they proceeded to inundate plaintiff further and, in fact, file six (6) motions.

Plaintiff avers, this instant petition and grievance initiated from their lack of granting a necessary "liver biopsy", which not only was beneficial and appropriately necessary for "Corrections Defendants" and "Wexford Defendants" to ascertain plaintiff's state of health and whether it was appropriate to proceed in a certain direction or mode of action, but it was and has been a "mental" need for plaintiff.

Plaintiff avers, Dr. Symons ordered a "liver biopsy" two (2) times, on separate occasions and they have been <u>denied</u> both times. Plaintiff has yet to find out who is responsible for the "denials" of what the Medical Doctor, in this case Dr. Symons, who is responsible for the direct needs of the plaintiffs, had in fact ordered.

<u>Nelson v. Redfield Lithography Printing</u>, 728 F.2d 1003(8th Cir.1984).

Plaintiff has made a good faith effort to retain counsel (see Exhibits 3,C,D&E) and has been unsuccessful.

Plaintiff claims, Counsel will properly organize and investigate, as well as secure "Medical Witnesses" which are necessary at this stage to present and perfect plaintiff's claims.

Plaintiff has a serious medical problem which: 1) was not addressed at the early stages properly by "Defendants", 2) "Defendants" failed to have or implement a proper protocol when, in fact HCV was diagnosed and prior to that, a protocol to further test, in the event lab results show "high enzyme levels" in concurrence with other elevated levels pointing to the real possibility of HCV infection, and

3) broader implications of the lack of treatment (and outbreak of HCV at Rockview)

and Plaintiff's condition left unattended will be pursued at trial.

Harris v. Thigpen, 941 F.2d 1495(11th Cir.1991). See "Plaintiff's Response", filed May 15, 2002, Page 3.

Smith v. Jenkins, 919 F.2d 90(8th Cir. 1990). See "Plaintiff's Response", page 6- "...or medical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care, at 93.

Plaintiff in this case, was entitled to prove his case by establishing that "Defendants" course of treatment, or lack thereof, so deviated from professional standards that it amounted to "deliberate indifference".

See also Degido v. Pung, 920 F.2d 525(8th Cir.1990), "Plaintiff's Response", page 6. "It is sufficient to show that defendants have disregarded a known or obvious risk that is very likely to result in the violations of a Prisoner's Constitutional Rights".

Plaintiff has yet to obtain "proper discovery" and implement procedures essential to "perfecting and organizing" what will be needed to present and clarify his claims properly, to include plaintiff's second "grievance", filed August 10,2001.

As mentioned in Plaintiff's "Brief In Support Of Motion To Impose Sanctions Against Corrections Defendants", plaintiff has been "effectively blocked" and "Defendants have sought to nullify discovery and the events which have transpired since have shown plaintiff's plight in trying to obtain "discovery" and proceed in presenting properly his grievance. "Wexford Defendants" are equally involved and responsible.

Plaintiff has much more to offer and does not know whether this is the time, however, he has made a "good faith" effort to present his claims and avers, this is not frivolous and his claims have merit.

Wherefore, Plaintiff respectfully requests, due to all the unattended pertinent processes that must be established and the complexity and difficulty that plaintiff is unable to meet, Plaintiff requests this Honorable Court grant his "Motion For

...

Appointment Of Counsel" and appoint Counsel so he may not be disadvantaged and prejudiced in his presentation of this meritorious petition.

Date Mailed: 8/20/02

Respectfully Submitted,

*William Clark*

William Clark, pro se
Box A     AY-5585
Bellefonte, Pa. 16823