IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| William Clark,<br>    Plaintiff | : | No. 1:CV-01-0764 |
| vs. | : | (Judge Caldwell) |
| Martin Horn, et al.,<br>    Defendants | : | Jury Trial Demanded |

PLAINTIFF"S BRIEF IN SUPPORT OF REPLY TO CORRECTIONS
DEFENDANTS OPPOSITION TO SANCTIONS FILED

Statement of Case

A. Identity of Parties:

Plaintiff, William Clark, is currently incarcerated at the State Correctional Institution at Rockview.

The Department of Corrections employees named as defendants ("Corrections Defendants") are, "Martin Horn, Robert Meyers, and Larry Lidgett", by and through their attorney, John J. Talaber, Assistant Counsel for the Department of Corrections.

Additional defendants, named "Wexford Health Sources, Inc." and "Wexford Medical Director, Dr. John Symons", (Wexford Defendants), by and through their attorney, James D. Young, Esq.

B. Relevant Procedural History:

Plaintiff for economy requests this Honorable Court refer to "Relevant History" as presented in "Plaintiff's Motion for Appointment of Counsel" filed on August 20, 2002.

Subsequently, "Corrections Defendants" filed "Nunc Pro Tunc": On August 20, 2002, "Brief in Opposition to Plaintiff's Motion for Sanctions" and "Brief in Opposition to Plaintiff's Motion to Compel Production of Documents".

On August 22, 2002, Plaintiff's Motion for Appointment of Counsel was filed by this Honorable Court.

### Argument

Plaintiff avers, it is well documented in these proceedings what has transpired since the onset of "this grievance".

As early as March 25, 2002, "Corrections Defendants" sought to sabotage "Discovery" and basically by-pass "Civil Judicial Rules and Procedures".

From the early stages, they have incorporated a "stratagem" that has been plaintiff's "dilemna" and the reasons for the present unresolved "motions" at hand, which plaintiff filed to divert and arrest "Corrections Defendants" actions.

All "Motions" and proceedings unresolved to this point are <u>evidence</u>, and of which this Honorable Court is in a position to resolve, and plaintiff trusts in the wisdom of this Court.

On August 20, 2002, Plaintiff filed "Motion and Brief in Support of Appointment of Counsel".

Plaintiff now files this present "Reply" to affirm and oppose the continuation of "Corrections Defendants" actions.

Plaintiff is sorely prejudiced and disadvantaged by "Corrections Defendants" "actions and inactions" and avers, it is the "Corrections Defendants" who have now:

1) Filed frivolous motions and Briefs August 20, 2002.

2) Have abused the Court as well as Plaintiff, as explained in "Plaintiffs previously filed Motions and Briefs".

3) By their continual attempt to inundate plaintiff by all their abusive actions, have further prejudiced him thereby.

<u>Corrections Defendants Arguments-I</u>

Corrections Defendants claim that Fed.R.Civ.P.26(a) was amended and therefor pursuant to 26(a)(1)(E)(iii), the Defendants are not required to provide initial disclosures to him, <u>IS ERRONEOUS.</u>

Plaintiff avers, the "Corrections Defendants" have now placed a hybrid twist to their abusive "stratagem" and Plaintiff requests this Honorable Court in their wisdom, resolve these actions and bring to a <u>halt</u> "Corrections Defendants" <u>frivolous</u> and <u>abusive</u> continuation of the <u>stratagem</u> they have <u>incorporated</u>.

Plaintiff avers, "Corrections Defendants" are in <u>litigation</u>, and have been in <u>"discovery"</u> as a result of, Rules of this Court as well as "Court Orders" and have failed to comply and have delayed <u>"Discovery"</u> and sabotaged these proceedings. "Corrections Defendants" are not exempt from this <u>"litigation"</u> and <u>"Discovery"</u>.

Plaintiff avers, all Motions filed since February 4, 2002, as well as this Honorable Courts Order <u>"denying"</u> "Corrections Defendants" <u>Motion for a Protective Order</u>, evince their duty and binding obligation of "Discovery".

Plaintiff offers, as has been the case and track record, "Corrections Defendants" would try to submit "Summary Judgement" with no proper Discovery and vehemently now proclaim "Plaintiff is not to be provided with <u>anything</u>." This very attitude is what incited this "grievance" concerning medical care.

Corrections Defendants fail in their "tunnel vision stratagem" to interpret Rule 26(a) wherein 26(a)1,...<u>or to the extent otherwise stipulated or directed by Order</u>...and throughout Rule 26, the words "unless otherwise stipulated, directed by the Court or Court Order appear, as well as actual Discovery rules according to Rule 26.

See May 20, 2002, Court Order: The denial of Protective Order evinces their claims to be "erroneous".

Plaintiff avers, again "Corrections Defendants" in their delay and continued tactics, have produced now more of the same delay and attempt to project their frivolous actions onto plaintiff, and now claim he is <u>due no Discovery</u>. "Corrections Defendants" are "overboard" and "out of line" and plaintiff should be protected from even having to answer these last Motions filed by "Corrections Defendants".

### Corrections Defendants Argument-II

"Corrections Defendants" theory and argument is flawed, and their actions documented and presented to this Honorable Court throughout these proceedings, <u>disclaim their contentions.</u>

Their Theory and Argument is erroneous in that, the "Motion to Compel" as well as "Motion for Sanctions", have not been addressed.

Plaintiff has been disadvantaged and prejudiced and there has been no resolution to "proper Discovery", hereby affirming plaintiffs need for "Appointment of Counsel" and resolution by this Honorable Court.

"Corrections Defendants" self serving "waiver of copying charges" contained to "solely" some 400 pages of Medical Records, by no means satisfies the "Motion to Compel", nor their continued actions in these proceedings.

Plaintiff offered to make arrangements to pay in "installments" for his Medical Record and Mr. Talabers response through Mr. Rackovan, Litigation Coordinator at S.C.I.Rockview was "Mr. Clark, I contacted the Department's Office of Chief Counsel but

they are not willing or interested in entering into any type of payment plan. As I have told you previously, your best option is to petition the judge to intervene. He may or may not but it's worth a try. See "Supplement to Brief in Support of Motion to Compel Discovery for Production of Corrections Defendants Documents", Exhibit 3, filed June 16, 2002.

This small "waiver of charges", used as a self-serving token, manifests itself now as a "bargaining chip" and "diversion" to satisfy the "present jeopardy" they have placed themselves in the pattern of.

Another same "good faith/bargaining chip"-"meeting at Rockview", proved to be nothing more than "false words" and "empty gestures" to delay and buy time, and thereby set the stage to manipulate the Court into numerous Motions, two(2) of which were untimely "nunc pro tunc" in a further scheme to evade their "present jeopardy".

Plaintiff avers, there are documents missing in the "Medical Record", of note specifically, "A Release- claiming to the side effects of the drugs Interferon and Ribavarin, amongst many others, that death could occur. Also other issues, see Page 4, "Motion to Impose Sanctions".

Corrections Defendants strategically try to enhance their "generosity" of the "waiver of charges" to include interrogatories.

Interrogatories are not an extra expense, but are part of "Discovery". "Corrections Defendants" complete theory and argument is <u>"absurd"</u> and plaintiff requests this Honorable Court to resolve this continued abuse in favor of the Plaintiff.

Plaintiff claims:

1) the issues surrounding the "Motion to Compel" and "Motion

for Sanctions" are not resolved and therefore cannot be "moot" as erroneously claimed by "Corrections Defendants". These issues are explicitly outlined in aforementioned filings.

2) "Corrections Defendants" erroneously claim they have been "reprimanded" through the August 6, 2002 Order.

3) the pertinent issues and abuses of these proceedings have not been addressed and therefore cannot be considered "moot".

This present "redundant" filing is evidence that plaintiff is compelled "to oppose" and use unnecessary resources and is prejudiced by their "frivolous Nunc Pro Tunc" filings.

4) Plaintiff reaffirms his need for Counsel and the claims set forth herein.

Plaintiff attempts to answer only because "Corrections Defendants" are "out of Hand" in their actions and "opposition".

Plaintiff cannot properly nor financially also answer "Opposition to Compel" and has been sick and having trouble coping with the present "Interferon and Ribavarin" treatments.

Plaintiff avers, his "Motion to Compel Discovery" should not be "moot" and "Corrections Defendants" stratagem and argument is unfounded, however should the Court require further response in order that plaintiff will not be prejudiced further, plaintiff requests an "Enlargement of Time" to reply to said "Opposition to Plaintiff's Motion to Compel", "or held in abeyance pending Appointment of Counsel".

Plaintiff is "ill" and was recently "laid in medically" as a result of side effects of Interferon and Ribavarin.

The actions which Plaintiff has been subjected to show: the continued disregard, as well as their claim now that D.O.C. holds records and "Corrections Defendants" are not party to them. Plaintiff cannot begin to fathom this claim.

Now "Corrections Defendants" would simply ask for "denial of all other Discovery" by "mooting" all filings that have been an attempt to proceed and secure "Discovery" pertinent to show their disregard for plaintiff's "Health and Care".

Plaintiff offers, requested "Discovery", to note, "Protocols" would show when "Corrections Defendants" began to address HCV- how long it took to implement a Protocol, when in fact, "a need" and "established diagnosis" were a "primary priority" to implement a protocol. "Corrections Defendants" failed to provide for the "Health and Care" of the individual when faced with the facts of an "immediate need".

The fact of the abscence of protocol and treatment necessary is merit to proceed to trial and evidence Plaintiffs "Motion to Compel" is not frivolous. See "Plaintiff's Response" of May 15, 2002.

These "Discovery" documents are a pertinent part of evidence which "Corrections Defendants" would try to "secure and hold" from this Honorable Court and have thus far "denied and delayed" as well as other documents mentioned.

In their process to "thwart Discovery" this present Motion and reasons for Sanctions has transpired.

"Corrections Defendants" denial, postponement and disregard of "Human Rights" have now turned into an "elaborate scheme" to continue to "disregard and deny" that which is necessary to present and proceed to trial.

"Corrections Defendants" continue to try to "shield" themselves from the inevitable "discovery" with erroneous claims to Executive Privelege" and elaborate abuses of Plaintiff as well as this Honorable Court's Rules and Procedures, and Orders.

Plaintiff avers, as claimed in earlier filings, that this

Honorable Court can view "in camera" that which is in dispute, if any such "discovery" should be "considered as such". See "Plaintiff's Response" filed May 15, 2002, as well as the merit substantiated therein.

Plaintiff's need for Counsel at this time is evident, sound reasoning, and tantamount to an imprejudiced proceeding, perfection of grievance, and necessary elements to proceed to trial.

"Corrections Defendants" have filed frivolous motions, failed to file timely, and abide by "Court Orders", Civil Judicial Rules and Procedure, have been in "Contempt of Court" and abusive in their actions which have prejudiced and severely disadvantaged plaintiff.

Plaintiff reaffirms, the loss of time, aggravation, costs and resources he has been compelled to endure as outlined in previous filings, are substantial reasons for Sanctions against "Corrections Defendants".

Wherefore, Plaintiff prays, the clarity and wisdom of this Honorable Court, and respectfully requests this Honorable Court grant and resolve the unsettled Motions; grant Plaintiff's "Motion to Impose Sanctions Against Corrections Defendants" or grant such relief to Plaintiff appropriate as this Honorable Court feels is warranted and necessary to resolve and preserve the integrity of these proceedings.

Date Mailed: 9/3/02

Respectfully Submitted,

William Clark, pro se
Box A     AY-5585
Bellefonte, Pa. 1682

## CERTIFICATE OF SERVICE

I, William Clark, certify I have this day served upon the indicated person(s) "Plaintiff's Reply and Brief in Support of Reply to Corrections Defendants Opposition to Sanctions Filed", by placing same in the United States Mail, postage prepaid, addressed as follows:

James D. Young, Esq.
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, Pa.   17108-1245

John J. Talaber, Esq.
Office of Chief Counsel
55 Utley Drive
Camp Hill, Pa.   17011

Date Mailed: 9/3/02

Respectfully Submitted,

William Clark, pro se
Box A      AY-5585
Bellefonte, Pa. 16823