ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CLARK, | : | NO.: 1:CV01-0764 |
| Plaintiff | : | |
| | : | (JUDGE CALDWELL) |
| v. | : | |
| | : | |
| MARTIN HORN, et al., | : | JURY TRIAL DEMANDED |
| Defendants | : | |

### DEFENDANTS, WEXFORD HEALTH SOURCES, INC. AND JOHN SYMONS, M.D.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY:**

Plaintiff, William Clark, an inmate incarcerated at the State Correctional Institution-Rockview, initiated this civil action by filing a Complaint on or about May 21, 2001. Plaintiff's Complaint arises out of the conditions of his confinement at SCI-Rockview, including the medical treatment for Hepatitis C ("HCV") which he has received at that facility. Plaintiff's Complaint attempts to assert § 1983 claims for violation of his

Eighth and/or Fourteenth Amendment rights, and pendent state claims sounding in negligence.

The Complaint names Wexford Health Sources, Inc., the contracted medical provider at SCI-Rockview, and Wexford's Medical Director at SCI-Rockview, Dr. John Symons, as Defendants. Also named as Defendants are the following former and current employees of the Department of Corrections: Martin Horn (former Secretary of the Department); Robert W. Meyers (Superintendent); and Larry Lidgett (former Corrections Health Care Administrator).

According to the Complaint, Plaintiff alleges that he was first diagnosed as HCV positive in 1992, but was not informed of that diagnosis until October, 1999. On September 15, 2000, Plaintiff began receiving drug therapy (Interferon) treatment for his HCV. Clark complains that between October 1999 and September 2000, Defendants refused to provide him with a liver biopsy and treatment for HCV. Clark claims that the Defendants' failure to treat his HCV earlier allowed his liver to be further damaged. In his Complaint, Clark seeks declaratory and injunctive relief, as well as, compensatory and punitive damages.

All Defendants waived service of summons on August 2, 2001. On September 10, 2001, Defendants Wexford and Dr. Symons waived reply to Plaintiff's Complaint pursuant to 42 U.S.C. § 1997(e). On September 14, 2001, the Corrections Defendants also waived reply to the Complaint. On March 25, 2002, the Corrections Defendants filed a Motion for Summary Judgment which was withdrawn pursuant to this Honorable Court's August 6, 2002 Order. Plaintiff has filed Motions to Compel Discovery and a Motion for Sanctions which are currently pending for disposition.

On or about August 23, 2002, Plaintiff filed a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915 and a supporting Brief. The Wexford Defendants file this Brief in opposition to Plaintiff's Motion for Appointment of Counsel.

## II. QUESTION PRESENTED:

1. WHETHER PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL MUST BE DENIED, AS A MATTER OF LAW, FOR FAILURE TO SET FORTH SUFFICIENT SPECIAL CIRCUMSTANCES OR FACTORS THAT WOULD WARRANT APPOINTMENT OF COUNSEL?

   [SUGGESTED ANSWER: YES]

### III. ARGUMENT:

#### A. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL MUST BE DENIED, AS A MATTER OF LAW, FOR FAILURE TO SET FORTH SUFFICIENT SPECIAL CIRCUMSTANCES OR FACTORS THAT WOULD WARRANT APPOINTMENT OF COUNSEL.

Although incarcerated plaintiffs have no Constitutional or statutory right to appointment of counsel in a civil case, a district court does have the power and discretion to appoint counsel under 28 U.S.C. § 1915(d). Ray v. Robinson, 640 F.2d 1474, 1477 (3d Cir. 1981). However, the Third Circuit has stated that the appointment of counsel should be made:

> Only . . . upon the showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, . . . from (a) probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.

Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The Third Circuit has also ruled that, "in order to determine if appointment of counsel is warranted, courts first determine whether plaintiff's claim is meritorious." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If plaintiff's claim has some basis in law and fact, courts then look to the following factors: (1) whether plaintiff has the ability to present his case based on his education, work experience, litigation experience and

4

literacy; (2) whether plaintiff will be able to pursue the requested factual investigation; (3) whether credibility determinations are an important aspect of plaintiff's claims; and (4) the complexity of the legal issues in the case. Id. at 156.

In addition, courts also consider the practical aspect of appointing counsel when there is a lack of funds to pay for appointed counsel, but yet a growing numbers of persons seeking appointment of counsel. Id. at 157. Usually, courts will appoint counsel only when there is a showing of special circumstances. Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); Jones v. Hinton, 153 F.R.D. 570, 571 (E.D. Pa. 1994).

In this case, the Wexford Defendants assert that there are no special circumstances or factors which warrant the appointment of counsel. In the pleadings submitted by Plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. In fact, Plaintiff's Motions to Compel Discovery, for Sanctions and for Appointment of Counsel contain numerous citations to federal statutes, the Federal Rules of Civil Procedure and caselaw in support of Plaintiff's requests for relief. Furthermore, this Honorable Court's liberal construction of pro-se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's

5

apparent ability to litigate this action pro se, militate against the appointment of counsel.

With respect to the second factor under Tabron, it is important to note that pursuant to the Department of Corrections' administrative regulation (ADM-801), an inmate pursuing litigation over his medical treatment is afforded an opportunity to review and obtain copies of his prison medical chart. In this case, Plaintiff, proceeding pro se, has propounded Interrogatories and Requests for Production of Documents on the Defendants. Additionally, through discovery, Plaintiff has been provided with copies of his prison medical records and other documents relating to his claims. Thus, Plaintiff has the ability to pursue the requisite factual investigation of this matter.

Moreover, the legal issues are relatively uncomplicated and Plaintiff's pro se pleadings have demonstrated an understanding of the legal standard applicable to Eighth Amendment claims. Finally, Plaintiff cannot establish at this stage of the proceedings that credibility determinations will be an important aspect of this case.

Based upon the foregoing, Plaintiff has not alleged any facts establishing that he will suffer substantial prejudice if he continues to

prosecute this case on his own behalf. Moreover, Plaintiff has not pointed to any facts of record to establish the requisite "special circumstances" to warrant appointment of counsel pursuant to 28 U.S.C. § 1915(d). Consequently, Plaintiff's Motion for Appointment of Counsel must be denied as a matter of law.

## IV. CONCLUSION:

For the reasons advanced herein, Defendant, Wexford Health Sources, Inc. and John Symons, M.D., respectfully request that this Honorable Court deny Plaintiff's Motion for Appointment of Counsel.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: _____
James D. Young, Esquire
Atty No. 53904
301 Market St., Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Defendants,
Wexford Health Sources, Inc.
And John Symons, M.D

DATE: __9/9/02__

# CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this _9th_ day of September, 2002, I served a true and correct copy of the foregoing **Defendants, Wexford Health Sources, Inc. and John Symons, M.D.'s Brief in Opposition to Plaintiff's Motion for Appointment of Counsel** via U.S. First Class mail, postage prepaid, addressed as follows:

William Clark
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

John Talaber, Esquire
Office of Chief Counsel
PA Department of Corrections
55 Utley Drive
Camp Hill, PA 17011

_Linda L. Gustin_
Linda L. Gustin