IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CLARK, <br> Plaintiff | : No. 1: CV-01-0764 <br> : |
| vs. | : (Judge Caldwell) <br> : |
| MARTIN HORN, ET AL., <br> Defendants | : Jury Trial Demanded <br> : |

PLAINTIFF'S REPLY TO DEFENANTS, WEXFORD HEALTH SOURCES, INC.
AND JOHN SYMONS, M.D.'S BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR APPPOINTMENT OF COUNSEL.

STATEMENT OF CASE

FILED
HARRISBURG, PA
SEP 2 4 2002
MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

A. Identify of the parties:

Plaintiff, William Clark, is currently incarcerated at the State Correctional Institution at Rockview.

The Department of Corrections employees named as defendants ("Corrections Defendants") are "Martin Horn, Robert Meyers and Larry Lidgett", by and through their attorney, John J. Talaber, Assistant Counsel for the Department of Corrections.

Additional defendants, named "Wexford Health Sources, Inc., and "Wexford Medical Director, Dr. John Symons", (Wexford Defendants), by and through their attorney, James D. Young, Esq.

B. Relevant Procedural History:

Plaintiff for economy requests this Honorable Court refer to "Relevant History" as presented in "Plaintiff's Motion for Appointment of Counsel" filed on August 20, 2002.

## ARGUMENT

Plaintiff avers, in "motion for appointment of counsel" and "brief in support" thereof as well as documented proceedings previously filed in this Honorable Court affirmatively set forth the reasons and sufficent special circumstances or factors that warrant appointment of counsel and sound reasoning why plaintiffs "motion for appointment of counsel" should be granted.

Plaintiff is disadvantage and does not in fact have the ability to present his case properly nor the litigation experience necessary to perfect this grievance.

Plaintiff has no means nor understanding nor resources to pursue the requested factual investigation.

Plaintiff has not ever been able to overcome the basic discovery necessary let alone proceed to the more complex issues forth coming to perfect this grievance.

Plaintiff is disadvantage as presented in "brief in support of motion for appointment of counsel" and does not have the ability to investigate nor procure independent medical evaluations and witnesses, etc., that are and have been pertinent to a properly established proceeding of this HCV litigation. There are pertinent matters plaintiff is not even aware of, that prejudice him that only counsel would be able to provide for him to help overcome his disadvantage and to overcome the tactics he has been unable to overcome.

Plaintiff claims there is a showing of special circumstances and wisdom and discretion to appoint counsel under 28 U.S.C. §1915(d).

Plaintiff presents to this Honorable Court that Wexford Defendants by and through there attorney, James Young, have failed in their

2.

obligations to this Court and mostly have stood behind "Corrections Defendants," - have failed to answer properly and timely and now for the first time in these proceedings, have timely filed an "opposition to appointment of counsel."

Plaintiff offers what "Wexford Defendants" claim (page 6) "plaintiff propounded interrogatories and requests for production of documents on the defendants", were in fact prepared by para legal help whom the "Corr. Defendants" tactically have severed from plaintiff.

Plaintiff avers, an incomplete medical record is hardly the <u>entire necessity</u> "to pursue the requisite factual investigation of this matter" See page 6 "Wexford Defendants" Brief filed Sept. 9, 2002.

Plaintiff maintains the "legal issues" are extremely complex and does not even understand what "credibility determinations" mean in relation to this litigation. (See page 6). Evidently at some stage this will be pertinent and an important aspect of this case which plaintiff must have need of counsel to resolve such issues.

Plaintiff has suffered substantial prejudice already and is disadvantaged and continues to be at present, the previous filings and unresolved motions evince such.

In Amendment and Supplement to "motion for appointment of counsel" and or amendment and supplement to this "reply to opposition for appointment of counsel" plaintiff offers to this Honorable Court and avers:

Plaintiff has been severely prejudice and disadvantaged by "depositions" taken on Sept. 19, 2002 wherein;

    1) Plaintiff was intimidated and forced into "deposition"

3.

without counsel or legal help.

2) Plaintiff objected to "Depositions" and was physically and mentally disadvantaged.

3) Plaintiff was "sick" as a result of Interferon, Ribavarin, and "Zoloft," and in effect "Drugged".

4) As a result of the Drugs, plaintiff was not in any state to give "depositions" and in fact vaguely remembers answering or participating properly. In fact, plaintiff has answered some questions wrong and in at least one instance for sure concerning payment to para legal help, remembered afterwards he has receipts of money paid for said work. All this was the result of the intimidation of the Defendants and Plaintiffs lack of legal help - legal counsel and Plaintiff's state of mind.

5) "Defendants" compelled and forced plaintiff to answer questions that had no direct bearing on litigation concerning who types & helps plaintiff.

Retribution on the institutional level is their reasoning and stratagem.

6) As a result of one question at least concerning "who types my legal work" - 4 hours after the "Depositions" took place - Plaintiff was "shook down" under the guise of an "investigative shake down" for drugs and alleged stolen typewriter wherein Plaintiff's cellmates typewriter was confiscated. This is just one more example of "tactical stratagem" on corrections Defendants part and further substantiates Plaintiff's need for counsel.

7) Plaintiff has asked this Honorable Court and has filed

4.

"motion for appointment of counsel" wherein "Defendants" have been placed on notice that "Plaintiff has asked this Honorable Court to hold "Depositions" in abeyance until such time as "motion for appointment of counsel" has been ruled on. "Defendants" have totally disregarded this request.

Plaintiff is physically sick and as a result of the combination of drugs is not in a state of mind to be placed in "Deposition."

Plaintiff objects to the actions and inactions of "Defendants" and asks this Honorable Court to nullify and dismiss any said "Depositions" as "erroneous" and taken under "Duress," and unfit physical condition.

Plaintiff was "intimidated" and "forced" under duress to "answer as well as "not answer"" properly because of the conditions he was prejudiced by as well as Plaintiff's " physical and mental" condition and state of mind at the "Deposition".

The overall circumstances and conditions surrounding the Depostition on Sept. 19, 2002 is evidence that Plaintiff was disadvantaged and prejudiced and in fact is prejudiced and will continue to be disadvantaged without proper counsel to proceed and protect Plaintiff in this present litigation.

These continual prejudicial actions by the "Defendants" warrant consideration of Appointment of Counsel and evince special circumstances to protect Plaintiff in these proceedings.

The aforementioned reasons maintain another "sound reasoning" for Appointment of Counsel and affirms Plaintiff's position in this Reply and in "Motion for Appointment of Counsel."

Plaintiff is severly disadvantaged and prejudiced by both

5.

"defendants" actions and inactions.

Wherefore, Plaintiff prays, the clarity and wisdom of this Honorable Court, and respectfully requests this Honorable Court Grant Plaintiff's Motion for Appointment of Counsel; grant and resolve the unsettled Motions; grant Plaintiff's "Motion to Impose Sanctions Against Corrections defendants" or grant such relief to Plaintiff appropriate as this Honorable Court feels is warranted and necessary to resolve and preserve the integrity of these proceedings.

Respectfully submitted,

William Clark, Pro se
Box A   AY-5585
Bellefonte, PA 16823-0820

Date: 9/20/02

6.

CERTIFICATE OF SERVICE

I, William Clark, certify I have this day served upon the indicated person(s) the attached petition, by placing same in the United States Mail, Postage Prepaid, addressed as follows:

James D. Young, Esq.
301 Market Street, Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245

John J. Talaber, Esq.
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

Date: 9/20/02

Respectfully submitted,

William Clark, Pro se
Box A  AY-5585
Bellefonte, PA 16823-0820

INMATE MAIL
PA DEPT OF
CORRECTIONS

BOX A AY-5585
BELLEFONTE, PA. 16823

OFFICE OF THE CLERK
U.S. DISTRICT COURT
228 WALNUT ST.
P.O. BOX 983
HARRISBURG, PA. 17108

FIRST CLASS MAIL