JUDGE'S COPY

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
DEC 04 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

| | |
|---|---|
| WILLIAM CLARK, <br>     Plaintiff <br><br> v. <br><br> MARTIN HORN, Secretary, <br> Pennsylvania Department of <br> Corrections; ROBERT MEYERS, <br> Superintendent, State Correctional <br> Institution at Rockview; <br> WEXFORD HEALTH SOURCES, <br> INC., Health Care Provider at <br> the State Correctional Institution <br> at Rockview; JOHN SYMONS, <br> M.D., Medical Director, State <br> Correctional Institution at <br> Rockview; LARRY LIDGETT, <br> Health Care Administrator, <br> State Correctional Institution at <br> Rockview, <br>     Defendants: | NO.: 1:CV01-0764 <br><br><br><br> (JUDGE CALDWELL) <br><br><br><br> JURY TRIAL DEMANDED |

### DEFENDANTS, WEXFORD HEALTH SOURCES, INC. AND JOHN SYMONS, M.D.'S MOTION FOR SUMMARY JUDGMENT

AND NOW, come Defendants, Wexford Health Sources, Inc. and

John Symons, M.D., (hereinafter "Wexford Defendants" and/or "Moving

Defendants") by and through their attorneys, Lavery, Faherty, Young & Patterson, P.C., and file this Motion for Summary Judgment and in support thereof aver as follows:

1. Plaintiff, William Clark, an inmate incarcerated at the State Correctional Institution - Rockview initiated this civil action by filing a Complaint on or about May 21, 2001.

2. Plaintiff's Complaint arises out of the conditions of his confinement at SCI-Rockview, including the medical treatment for Hepatitis C ("HCV"), which he received at that facility.

3. Plaintiff's Complaint attempts to assert § 1983 claims for violation of his Eighth and/or Fourteenth Amendment rights, and pendent state claims sounding in negligence.

4. The Complaint names Wexford Health Sources, Inc., the contracted medical provider at SCI-Rockview, and Wexford's medical director at SCI-Rockview, John Symons, M.D. as Defendants. Also named as Defendants are the following former and current officials/employees of the Department of Corrections: Martin Horn (former secretary of the department); Robert W. Myers (superintendent); and Larry Lidgett (former corrections healthcare administrator).

5. According to the Complaint, Plaintiff alleges that he was first diagnosed as Hepatitis "C" (HCV) positive in 1992, but was not informed of that diagnosis until October, 1999. On September 15, 2000, Plaintiff began receiving drug therapy (Interferon) treatment for his HCV. Clark complains that between October 1999 and September 2000, Defendants refused to provide him with a liver biopsy and treatment for his HCV. Clark claims that the Defendants' failure to treat his HCV earlier allowed his liver to be further damaged.

6. In his Complaint, Clark seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

7. All Defendants waived service of summons on August 2, 2001. On September 10, 2001, Defendants, Wexford and Dr. Symons, waived reply to Plaintiff's Complaint pursuant to 42 U.S.C. § 1997(e).

8. Pursuant to Rule 56(c), Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.

9. There is no genuine issue of material fact and the Wexford Defendants are entitled to a judgment as a matter of law because Plaintiff

has failed to exhaust available administrative remedies prior to initiating this civil action.

10. There are no genuine issues of material fact and the Wexford Defendants are entitled to summary judgment as a matter of law on Plaintiff's claims pursuant to 42 U.S.C. § 1983 for alleged violations of his Eighth and/or Fourteenth Amendment rights.

11. There are no genuine issues of material fact and the Wexford Defendants are entitled to summary judgment as a matter of law on Plaintiff's pendent state tort law claims.

12. There are no genuine issues of material fact and the Wexford Defendants are entitled to summary judgment as matter of law on Plaintiff's claims for declaratory and/or injunctive relief.

13. There are no genuine issues of material fact and the Wexford Defendants are entitled to summary judgment as a matter of law on Plaintiff's claims for punitive damages.

WHEREFORE, Defendants, Wexford Health Sources, Inc. and John Symons, M.D., respectfully request that this Honorable Court grant their Motion for Summary Judgment and enter judgment in favor of Moving Defendants and against Plaintiff.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: _____
    James D. Young, Esquire
    Atty No. 53904
    301 Market St., Suite 800
DATE: __12/04/02__    P.O. Box 1245
    Harrisburg, PA 17108-1245
    Atty for Defendants,
    Wexford Health Sources, Inc.
    and John Symons, M.D

5

## CERTIFICATE OF SERVICE

I, Megan L. Renno, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 4th day of December, 2002, I served a true and correct copy of the foregoing **Defendants, Wexford Health Sources, Inc. and John Symons, M.D.'s Motion for Summary Judgment** via U.S. First Class mail, postage prepaid, addressed as follows:

William Clark
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

John Talaber, Esquire
Office of Chief Counsel
PA Department of Corrections
55 Utley Drive
Camp Hill, PA 17011

Megan L. Renno