```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

WILLIAM CLARK,                  :
                                :
    Plaintiff               :
                                :   CIVIL NO. 1:CV-01-0764
    vs.                     :
                                :   (Judge Caldwell)
MARTIN HORN, et al.,            :
                                :
    Defendants              :

**FILED**
HARRISBURG, PA

DEC 1 9 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

M E M O R A N D U M

I.   Introduction

William Clark, an inmate at SCI-Rockview, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his Hepatitis C infection in violation of the Eighth Amendment by failing to tell him about the infection for about four years. Procedurally, the case has reached the summary-judgment stage with separate motions having been filed by the "Corrections Defendants" and the "Wexford Defendants." (docs. 81 and 82). Plaintiff has not yet opposed the motions.

Of present concern is Clark's Motion for Appointment of Counsel (doc. 74). For the reasons discussed below, the Court will hold Clark's motion in abeyance until all parties have submitted their summary-judgment materials.

II.   <u>Discussion</u>

Clark filed a brief in support of his motion noting his indigent status, lack of legal training, complex discovery rules, and the need for an expert medical witness to support his Eighth Amendment claim.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. *Montgomery v. Pichak*, 294 F.3d 492, 499 (3d Cir. 2002), citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). The Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact <u>and</u> law." *Montgomery*, 294 F.3d at 499 (emphasis added).

Next, if plaintiff's claim overcomes this review, other factors to be examined are:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499, *citing Tabron*, 6 F.3d at 155-57.

In light of the foregoing standards, we initially note that Clark's motion fails to set forth any special circumstances or factors (at this point of the litigation) that would warrant appointment of counsel. *Tabron*, 6 F.3d at 155-56. In the pleadings submitted by plaintiff to date, Clark has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action *pro se*, militate against the appointment of counsel. To date, Clark has very ably represented his case before the Court in clear and concise arguments. He has conducted discovery, and pursued complex

-3-

discovery disputes. Based on his submissions which demonstrate his ability to present factual and legal claims to date, it appears that Clark has a firm grasp of at least the basics of the in-depth medical issues surrounding the treatment of his Hepatitis C condition, and what his expectations of "appropriate" treatment for this condition would entail. Thus, the Court cannot say, at least at this point, that the Plaintiff will suffer substantial prejudice if he is forced to proceed with the prosecution of this case on his own at this point.

However, with that being said, the Court is also mindful of the potentially complex medical issues in this case and the requisite elements of a successful Eighth Amendment medical claim. In *Rouse v. Plantier*, 182 F.3d 192 (3d Cir.1999), the Third Circuit set forth the standard necessary to establish a claim for deliberate indifference to a prisoner's medical needs. The Court stated:

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id.* at 106, 97 S.Ct. 285. Therefore, to succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious.... It is well-settled that claims of negligence or medical malpractice, without

>some more culpable state of mind, do not
>constitute "deliberate indifference."

*Id.* at 196-197 (some internal citations, quotations and quoted cases omitted).

While the seriousness of Clark's condition can be inferred, this alone does not necessitate the need for appointment of counsel. *See Christy v. Robinson*, 216 F.Supp.2d 398, 413 (D. N.J. 2002). Without the ability to also demonstrate the defendants' deliberate indifference to his medical condition, Clark's Eighth Amendment claim will fail. Thus, the Court is leery at this juncture of using the precious and limited resource of appointed counsel in a case where plaintiff may or may not be able to demonstrate the defendants' deliberate indifference. Thus, it is the decision of this Court to hold Clark's motion for appointment of counsel in abeyance until he has responded to defendants' motions for summary judgment.

Plaintiff is reminded that he must comply with the requirements of the Local Rules of the Middle District which require him file a separate statement of material facts controverting the statement filed by the defendants in support of their motions for summary judgment, unless all material facts set forth by defendants will be treated as undisputed, per M.D. Pa. LR

-5-

56.1.[1]  Furthermore, Clark must file a brief in opposition to each summary judgment motion.  After the motions are resolved the Court will be in a better position to determine Clark's need for counsel in this matter.

                                      */s/ William W. Caldwell*
                                      William W. Caldwell
                                      United States District Judge

Date:   December 19, 2002

---

[1] M.D. Pa LR 56.1 provides in relevant part as follows: "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."