IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,  :  NO. 1:CV-01-0764
    PLAINTIFF
                            (JUDGE CALDWELL)

VS.  :

                          JURY TRIAL DEMANDED

MARTIN HORN, ET AL,
    DEFENDANTS  :

FILED
HARRISBURG,

JAN 0 2 2003

Motion for Enlargement Time to file "Statement
of Material Facts and Summary Judgement"

MARY E. D'ANDREA, C
Per_____

Now comes the Plaintiff, William Clark, pro se, and hereby requests this Honorable Court grant Plaintiff's "Motion for Enlargement of Time to file Statement of Material Facts", as well as "Motions for Summary Judgement".

Statemement of Case

A. Identity of Parties:

    Plaintiff, William Clark, is currently incarcerated at the State Correctional Institution at Rockview.

    The Department of Corrections employees named as Defendants ("Corrections Defendants") are "Martin Horn, Robert Meyers and Larry Lidgett", by and through their attorney, John J. Talaber, Assistant Counsel for the Department of Corrections.

    Additional Defendants, named "Wexford Health Sources, Inc. and Wexford Medical Director, Dr. John Symons", ("Wexford Defendants"), by and through their attorney, James D. Young, Esq.

B. Relevant Procedural History:

    On December 3, 2002, "Defendant's Joint Motion for Enlargement of Time" was filed.

    On December 4, 2002, "Corrections Defendant's Motion for Summary Judgement" was filed.

    On December 4, 2002, "Defendant, Wexford Health Sources, Inc. and John Symons, Medical Director's Motion for Summary Judgement" was filed.

    On December 20, 2002, plaintiff received Court Order granting "Defendant's Joint Motion for an Enlargement of Time" (Doc. 80)

Defendants ordered to file Statement of Material Facts, supporting Brief and documents in support of their Motion for Summary Judgement within 10 days of the date of said Order.

On December 21, 2002, plaintiff received Court Order denying as moot "Wexford Defendants" Enlargement of Time based on Court Order of December 17, 2002, granting all defendants a (10) ten day enlargement of time.

On December 21, 2002, plaintiff received Court Order denying "Motion to Compel Discovery for Production of "Corrections Defendant's" Documents", "Motion to Compel Discovery of Weford Defendants" and "Motion for Sanctions".

On December 21, 2002, plaintiff received Court Order that "Motion for Appointment of Counsel" will be held in abeyance pending a decision on defendant's Summary Judgement motions.

C. Request for Enlargement of Time:

Plaintiff seeks leave and respectfully requests an Enlargement of Time until January 15, 2003, to file and serve respective "Motions for Summary Judgement" and "Statements of Material Fact".

This Honorable Court is aware of the numerous changes and filings as well as "Court Orders" most recently received.

Plaintiff was awaiting rulings on pending motions, which occurred on December 18, 2002, and most especially anticipated a ruling on "Motion for Appointment of Counsel" to be granted.

Plaintiff affirms, for the reasoning mentioned in "Brief in Support of Motion for Appointment of Counsel". Plaintiff will need this enlargement and leave to properly present these said motions, as well as maintain his position in this litigation.

Plaintiff requests and pleads in his pro se status that he is sincere and these proceedings are made in "good faith".

Further, plaintiff is anticipating Summary Judgement Briefs and the workload that is demanded to answer them. He had also hopefully anticipated Appointment of Counsels expertise and help on these crucial matters.

Plaintiff avers, he is inundated in his lack of expertise in these crucial and complex issues.

Some of these issues still deal with discovery he has not been able to accomplish.

Plaintiff in good faith, and in all the inundation, requests this Honorable Court to consider his lack of understanding in these matters, and grant this Enlargement of Time with leave, so he may have time in which to research and properly present said motions.

Plaintiff notes to this Court, that the institutional library has been "hit or miss" since before the Christmas holidays. It has not been "open regularly" and plaintiff is only allowed one visit per day, approximately two hours per day, when it is open.

Plaintiff avers, there are other unresolved issues concerning this litigation and expects these Motions will help to clarify and affirm and maintain his position in this present litigation.

Plaintiff avers, his lack of energy and present state of mind concerning Hepatitis C and dealing with the disease and side effects related to the treatment, places him at a disadvantage and asks the Court to consider this also, so he may have the time to present this stage of this litigation, which is crucial, properly before the Court.

Plaintiff finds much to be desired in his capacity and for numerous reasons requests this Court grant this Enlargement of Time and leave to present Motions, Statement of Material Facts and Motion for Summary Judgement, until January 15, 2003.

**WHEREFORE,** FOR THE REASONS SET FORTH ABOVE, SO PLAINTIFF MAY PROPERLY PRESENT THIS LITIGATION, PLAINTIFF REQUESTS THIS HONORABLE COURT GRANT HIM AN "ENLARGEMENT OF TIME" UNTIL JANUARY 15, 2003, TO FILE THE RESPECTIVE "STATEMENTS OF MATERIAL FACTS" AND "MOTIONS FOR SUMMARY JUDGEMENT".

DATE: December 30, 2002

Respectfully Submitted,

William Clark, pro se
Box A     AY-5585
Bellefonte, Pa. 16823

# CERTIFICATE OF SERVICE

I, William Clark, certify I have this day served upon the indicated persons, "Plaintiff's Motion for Enlargement of Time and Motion for Summary Judgement", by placing same in the United States Mail, postage prepaid, addressed as follows:

| | |
|---|---|
| JAMES D. Young, ESQ. | JOHN J. TALABER, ESQ. |
| 301 MARKET ST., SUITE 800 | OFFICE OF CHIEF COUNSEL |
| P.O. BOX 1245 | 55 UTLEY DRIVE |
| HARRISBURG, PA. 17108-1245 | CAMP HILL, PA. 17011 |

DATE: December 30, 2002

Respectfully Submitted,

*William Clark* (signature)

William Clark
Box A    AY-5585
Bellefonte, Pa. 16823