IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,
    Plaintiff

vs.

MARTIN HORN, et al,
    Defendants

NO: 1:01-CV-0764

(JUDGE CALDWELL)

JURY TRIAL DEMANDED

FILED
HARRISBURG, PA
FEB 25 2003
MARY E. D'ANDREA, CL
Per _____ Deputy Clerk

PLAINTIFF'S MOTION IN OPPOSITION TO
CORRECTIONS DEFENDANT'S SUMMARY JUDGEMENT/
AND PLAINTIFF'S SUMMARY JUDGEMENT

Now comes Plaintiff, William Clark, Pro Se, and hereby in support of "Motion In Opposition To Corrections Defendant's Summary Judgement/And Plaintiff's Summary Judgement", represents the following:

Plaintiff respectfully requests this Honorable Court, in light of Plaintiff's failing health, and lack of resources and funds, to please consider pertinent information by referring to "Brief In Support Of This Motion", as fully set forth herein.

WHEREFORE, for the reasons set forth herein and Plaintiff's "Statement Of Material Facts", Plaintiff respectfully requests this Honorable Court Grant Plaintiff's "Motion In Opposition To Corrections Defendant's Summary Judgement/And Plaintiff's Summary Judgement".

Date Mailed: February 24, 2003

Respectfully Submitted,

William Clark, Pro Se

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CLARK,<br>　　Plaintiff | : | NO: 1:01-CV-0764 |
| vs. | : | (JUDGE CALDWELL) |
| | : | JURY TRIAL DEMANDED |
| MARTIN HORN, et al,<br>　　Defendants | : | |

PLAINTIFF'S BRIEF IN SUPPORT OF OPPOSITION TO
CORRECTIONS DEFENDANT'S SUMMARY JUDGEMENT/
PLAINTIFF'S SUMMARY JUDGEMENT

Now comes Plaintiff, William Clark, Pro Se, and hereby in opposition to Corrections Defendant's Summary Judgement/and in Support of Plaintiff's Summary Judgement, represents the following:

Plaintiff requests this Honorable Court to consider and Hold, "Plaintiff's Brief in Support of Opposition to Wexford Defendant's Summary Judgement/Plaintiffs Summary Judgement", (hereafter Wexford Brief), and "Plaintiff's Statement of Material Facts", as fully set forth herein and annexed hereto, as the claims set forth are correlated and Both are in concert; In Their Claims of Summary Judgement, as well as Their Actions and Inactions concerning the Deprivation of Plaintiff's Constitutional Rights.

STATEMENT OF CASE

Identity of the Parties: See Wexford Brief

Procedural History: See Wexford Brief

Questions Presented

　A. Standard of Review.

　B. Opposition To Corrections Defendant's Summary Judgement.

　C. Whether Plaintiff is entitled to Summary Judgement as a Matter Of Law, Due to Corrections Defendant's Failure In Their Administration to have in effect the Proper Means necessary to efficaciously treat and provide appropriate care consistent with methods and procedures available to the general community.

(1)

D. Whether Plaintiff is entitled to Summary Judgement as a Matter Of Law, according to record, Material Facts, as well as Other Claims set forth of Record In Evidence to establish "Deliberate Indifference" to Plaintiff's serious Medical Needs.

E. Whether Corrections Defendant's Deprived Plaintiff of Constitutional Right to Due Process and damages should be annexed thereto.

<u>Deliberate Indifference</u>: See Wexford Brief (Page 4,et.seq.) and Statement of Material Facts.

Plaintiff respectively, in relation to Corrections Defendants, in concert and/or indifference with Wexford Defendants, represents:

Plaintiff, in clarification to #5, Plaintiff's Statement of Material Facts, and other claims concerning Tests, Blood Tests, Indicators of said Tests, and Follow-Up Blood Work throughout Plaintiffs MEDICAL Treatment while incarcerated have not been presented and litigated by an Expert Medical Witness to show the abscence, lack of, and disregard thereof, in relation to Plaintiffs care.

These claims include, but are not limited to excessive risk to Plaintiffs health of what was known or should have been known or indicated by tests, fluctuating levels (or counts), as well as skin disorder and a host of other symptoms related to HCV. Also included as set forth in aforementioned filings:

1. There were no provisions for care. (Policy-Protocol)
2. There were provisions - but inadequate.
3. There were provisions - but denied.
4. There were provisions - but administered incorrectly in relation to Tests (Levels & Counts).

Plaintiff avers, Corrections Defendants are involved in this litigation and responsible in a number of ways for Plaintiffs care and treatment, in that Correction Defendants:

1. Are the sole benefactor in relation to Plaintiff's Care and the organization and implementation of such care rests on Their Administration Thereof.

2. Are responsible to Implement and Secure Health Care appropriate, proper, and consistent with that which meets the currently accepted "standard of care" in the Community.

3. Must provide adequate resources and must be "dedicated" to providing that care.

4. Incarcerate Plaintiff, and He is not at liberty to, nor able to secure and provide Care on His Behalf.

5. Are responsible for the conditions of Confinement and The Administration concerning Medical Treatment of Plaintiff.

(2)

6. They are responsible For Denial of Plaintiffs Administrative Remedy and securing of such Procedures, Processes and Care presented in This Complaint in connection with Wexford Defendants.

7. Are connected to Wexford Defendants, and their actions and inactions, in that they secure their Services and Oversee their services and care, and Fund such care.

8. Corrections Defendants are Responsible for Denial of Plaintiffs Constitutional Right of Legal Help. JOHNSON v. AVERY, 89 S.CT. 747, WOLFF v. McDONALD, 94 S.CT. 2984.

(See also, FARMER v. BRENNAN, 114 S.CT.1970 at 1976-77.)

Claims set forth in this CONTINUING Complaint and (those forthcoming) AFFIRM Corrections Defendants should not prevail with Qualified Immunity defense nor Motion For Summary Judgement.

## QUALIFIED IMMUNITY

DOE v. McMILLAN, 93 S.CT.2018 - Section 1 of the Civil Rights Act of 1871, the predecessor of §1983, said nothing about immunity for State officials.

Section 1 of Civil Rights Act of 1871, 17 Statute 13, provided in pertinent Part: "Any person who, under color of any law, statute, ordinance, regulation, custom or usage of any State, shall subject or cause to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privelages or immunities secured by the Constitution of the United States, shall, any such law, statute, ordinance, regulation, custom or usage of the State to the contrary notwithstanding, be liable to the party injured in any action of law.

It mandated that any person, who under color of State law, subjected another to the deprivation of Constitutional Rights, would be liable to the injured party in action at law.

The purpose of §1 of the Civil Rights Act was not to abolish immunities at Common Law, PIERSON V. RAY, 87 S.CT.1213, but to insure that Federal Courts would have jurisdiction of Constitutional Claims against State officials, D.C. v. Carter, 93 S.CT. at 607.

The claims set forth in this continuing Complaint, as well as those set forth herein, AFFIRM Corrections Defendants should not prevail with a Qualified Immunity defense, should be denied Summary Judgement, and Plaintiff should be granted Summary Judgement and/or this proceeding should be set for Jury Trial and Counsel appointed to prepare the processes necessary to proceed.

Plaintiff claims Corrections Defendants Qualified Immunity should fail wherein Corrections Defendants have no license to conduct their official Administration

as set forth in Plaintiffs claims and they should, in their official capacity know, and be expected to know what conduct will violate Plaintiffs Rights.

## DUE PROCESS

As early as June 11, 2002, in "Plaintiffs Brief in Support of Motion to Compel Discovery For Production of Corrections Defendants Documents", Plaintiff presented to this Court:

1. Corrections Defendants Prejudicial actions and illegal action of severing Him from Legal Help, whom Defendants realized was Plaintiffs "LINK" to Medical Witness and outside source of "Help" to perfect the present litigation.

2. Plaintiffs need of Expert Medical Evaluations necessary to this instant Complaint.

3. Both Defendants "stratagem" to thwart Plaintiff from proceeding in His pro se status. (See Wexford Brief, Page 5, #18-#22)

Plaintiff claims that in the process of this present litigation, and directly connected thereto, Corrections Defendants did maliciously and intentionally trigger and deprive Plaintiff of His Constitutional Rights, namely Due Process Rights, to legal help from Mr. Lassen, prejudicing and disadvantaging Him thereby causing Him mental, emotional, inundation and undue further monetary burden and proper access to this Court and the present litigation in order that they could deprive Plaintiff of the proper processes to perfect said litigation.

WOLFF V. McDONALD, 94 S.CT. 2963 at 2985, quoting AVERY V. JOHNSON, 89 S.CT. at 751, "the Court emphasized....it is fundamental that access of prisoners to the Courts for the purpose of presenting their complaints may not be denied or obstructed."

The right to access the Courts, upon which AVERY was premised is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to judiciary allegations concerning violations of fundamental Constitutional Rights.

Plaintiff avers, these actions and inactions are a direct result and directly connected to this Complaint an further evidence of Corrections Defendants Indifference and disregard for Constitutional Safeguards & Protections and Plaintiff affirms these violations should be addressed as they are directly related to His litigation, a deprivation concerning this litigation has been brought before this Court and triggered in the process and is properly before this Court to consider.

Plaintiff was restricted, deprived of pursuing legal aid and given direct orders pursuant to "severe restraint" and misconduct if He contacted Mr. Lassen, who was at liberty and pursuing HCV litigation against Corrections Defendants.

Plaintiff avers, the very fact Corrections Defendants knew of the HCV problems in prison, conducted meetings concerning the implementation of Protocol as early as 1998, in relation to Plaintiffs claims, exhibit Their awareness, what Medical Care was proper, the Care Available to the Community, and their failure to implement such was ethically and legally inappropriate and would be in Violation of Plaintiffs Constitutional Rights.

Plaintiff reaffirms His need of Counsel and Expert Medical Witnesses, but also avers, that the "Material Facts" are sufficiently substantial on His behalf to have Summary Judgement "GRANTED" in his favor.

Plaintiff avers, in the least, more than enough Merit is exhibited to "Defeat" Defendants "Motion For Summary Judgement" and warrant Plaintiff's Request for Counsel and that this Honorable Court "ORDER" this instant matter proceed to Jury Trial.

Plaintiff's "Petition For Appointment Of Counsel", as well as "Material Facts and this instant Brief In Support Of Opposition To Summary Judgement/Plaintiff's Summary Judgement", presents Merit to be decided in Plaintiff's Favor.

## CONCLUSION

**WHEREFORE,** the reasons set forth herein and Plaintiffs' "Statement Of Material Facts", "Brief In Support Of Motion To Compel Discovery", "Motion For The Appointment Of Counsel" and the previously requested referral to "Wexford Brief", Plaintiff respectfully requests this Honorable Court GRANT Plaintiff's "Motion In Opposition To Corrections Defendants Summary Judgement/And Plaintiff's Summary Judgement".

Date Mailed: February 24, 2003

Respectfully Submitted,

*William Clark*
William Clark, Pro Se
Box A    AY-5585
Bellefonte, Pa. 16823

(5)

## CERTIFICATE OF SERVICE

    Plaintiff, William Clark, Pro Se, hereby certifies that the "captioned" matter, "Plaintiff's Motion In Opposition To Corrections Defendants Summary Judgement/And Plaintiff's Summary Judgement", and Brief In Support Thereof", was served upon the persons listed below, U.S. First Class Mail, postage prepaid, addressed as follows:

John J. Talaber, Esq.  
Office of Chief Counsel  
PA. Dept. of Corrections  
55 Utley Drive  
Camp Hill, Pa. 17011

James D. Young, Esq.  
301 Market Street, Suite 800  
P.O. Box 1245  
Harrisburg, Pa. 17108-1245

_____  
William Clark, Pro Se

Date Mailed: February 24, 2003