

ORIGINAL

⊃ ᵗₒ Cⁱ   PT

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLARK,              :     NO.: 1:CV01-0764
           Plaintiff      :
                    :                                        FILEC
                    :                                        HARRISBUR
         v.                 :
                    :     (JUDGE CALDWELL)             MAR 1 4 2i
MARTIN HORN, Secretary,     :
Pennsylvania Department of  :                                 MARY E. D'ANDRE
Corrections, et al.,        :     JURY TRIAL DEMANDED Per _____ Deputy (
            Defendants     :

## WEXFORD DEFENDANTS' COUNTERSTATEMENT
## OF MATERIAL FACTS

AND NOW, come Defendants, John Symons, M.D. and Wexford

Health Sources, Inc. (hereinafter "Wexford Defendants"), and file this

Counterstatement of the Material Facts, incorporating by reference the

averments of paragraphs 1 through 49 of the Wexford Defendants'

Statement of Undisputed Material Facts and further aver as follows:

    1.      Admitted.

    2.      Admitted in part, denied in part. It is admitted only that in

October, 1999, Plaintiff requested HIV and Hepatitis C testing. By way of

further answer, it is denied that Plaintiff was complaining of constant fatigue and/or listlessness as alleged.  To the contrary, when he was initially seen at the Hepatitis C clinic, Plaintiff denied fatigue, weight loss, abdominal pain, jaundice or other symptoms associated with his Hepatitis C.  On the numerous prior occasions when Plaintiff was evaluated and/or treated by Dr. Symons, Plaintiff failed to voice any such complaints. (Symons Dec. pars. 12-13, 16)

3.    Admitted.  By way of further answer, the liver profile conducted on October 15, 1999 confirmed the presence of HCV antibodies and showed that Plaintiff's liver enzymes were slightly elevated.  (Symons Dec. par. 14)

4.    Denied as stated.  See response to paragraph 3 of Plaintiff's Statement of Material Facts.  By way of further response, this paragraph fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

5.    Denied.  It is admitted only that the liver profile conducted on the Plaintiff in 1992 showed that Plaintiff's liver enzymes were slightly elevated.  The liver profile testing was repeated in 1996 and Plaintiff's liver enzymes were normal.  By way of further response, the Wexford

2

Defendants were not the contracted medical providers at SCI-Rockview in 1992. (Symons Dec. pars. 2, 25; Plaintiff's Exhibit B-1, pg.2)

6.    Admitted.  On November 10, 1999, Dr. Symons saw Plaintiff and had a lengthy discussion with him at that time concerning his Hepatitis C condition.  (Symons Dec. par. 15)

7.    Admitted.  By way of further answer, see response to paragraph 6.

8.    Admitted.  By way of further answer, see response to paragraph 6.

9.    Denied.  It is denied that HCV is the sole cause of psoriasis and it is denied that Plaintiff's psoriasis was ever diagnosed as being caused by his Hepatitis "C" condition.  Moreover, Plaintiff was being treated for psoriasis long before the onset of his Hepatitis "C" complaints.  (Symons Dec. pars. 12-13)

10.    Admitted in part, denied in part.  It is admitted only that Plaintiff was seen at the Hepatitis "C" clinic on December 1, 1999.  The remaining averments of paragraph 10 are denied.  By way of further answer, in the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate medical attention in accordance with

3

acceptable medical standards for his Hepatitis "C" condition while he was incarcerated at SCI-Rockview. (Symons Dec. pars. 8-11, 16; Rowe Dec. par. 13)

11.    Admitted in part, denied in part.  It is admitted only that Plaintiff filed Grievance No. ROC-0706-99 on or about December 1, 1999. The substance of Plaintiff's grievance is denied and Grievance Coordinator, Jeffrey Rackovan's response to that grievance is incorporated herein by reference. (Plaintiff's Exhibit B-1)

12.    Denied.  In the professional medical opinions of Dr. Symons and Dr. Rowe, Mr. Clark was provided with reasonable and appropriate medical attention in accordance with acceptable medical standards and at no time material hereto were the Wexford Defendants ever deliberately indifferent to any serious medical need of the Plaintiff. (Symons Dec. pars. 8-11; Rowe Dec. par 13)  By way of further response, paragraph 12 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

13.    Admitted in part, denied in part.  It is admitted that Plaintiff filed Grievance ROC-0641-01.  By way of further response, Wexford's Utilization Review Department, using community guidelines for healthcare

4

management criteria of medical necessity, determined that a liver biopsy was not medically warranted and offered an alternative plan to perform alpha fetoprotein testing and a viral genotype. In the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate medical attention in accordance with acceptable medical standards on his Hepatitis "C" condition while incarcerated at SCI-Rockview.  By way of further response, paragraph 13 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record. (Symons Dec. par. 30; Rowe Dec. par. 8)

14.    Admitted.    By way of further response, the Wexford Defendants incorporate by reference the averments of their response to paragraph 13 of Plaintiff's fact statement. By way of further response, paragraph 14 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

15.    Admitted in part, denied in part.  It is admitted that Wexford's Utilization Review Department proposed an alternative plan to do alpha fetaoprotein testing and genotyping.   The remaining averments of paragraph 15 are denied.  by way of further answer, utilizing community

5

guidelines for healthcare management criteria of medical necessity, Wexford's Utilization Review Department determined that a liver biopsy was not medically warranted.  (Rowe Dec. pars. 7 and 8)

16.    Denied.  Wexford's Utilization Review Department, utilizing community guidelines for healthcare management criteria of medical necessity, determined that a liver biopsy was not medically warranted and approved an alternative plan to do alpha fetoprotein testing and genotyping on the Plaintiff.  In the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate medical attention in accordance with acceptable medical standards for his Hepatitis "C" condition while incarcerated at SCI-Rockview.  By way of further response, paragraph 16 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.  (Symons Dec. pars. 8-11; Rowe Dec. pars. 7-8, 13)

17.    Denied.  Wexford's Utilization Review Department, utilizing community guidelines for healthcare management criteria of medical necessity, determined that a liver biopsy was not medically warranted and approved an alternative plan to do alpha fetaoprotein testing and genotyping on the Plaintiff. By way of further answer, in the professional

6

opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate medical attention in accordance with acceptable medical standards for his Hepatitis "C" condition while he was incarcerated at SCI-Rockview. By way of further response, paragraph 17 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record. (Symons Dec. pars. 8-11; Rowe Dec. pars. 7-8, 13)

18.    Denied.    It is denied that a liver biopsy was medically warranted in July, 2001.    By way of further answer, the Wexford Defendants incorporate by reference their response to paragraph 16 as if fully set forth at length herein. (Rowe Dec. pars. 7-8)

19.    Admitted in part, denied in part. It is admitted that in January, 2000, the Department of Corrections and its contracted medical providers implemented a protocol addressing all of the issues involved in the identification, education, treatment and follow-up care of all inmates, statewide, who tested positive for Hepatitis "C".    By way of further response, treatment was available to inmates with Hepatitis "C" including medications such as Interferon, either monotherapy or dual therapy. However, the medications had limited effectiveness, had significant side

7

effects and there were various contraindications for taking those medications. It is also important to note that prior to January, 2000, Plaintiff did not voice any complaints concerning fatigue, abdominal pain, jaundice or any other symptoms from his Hepatitis "C" condition. (Symons Dec. pars. 12, 17; Rowe Dec. pars. 9-12)

20.    Admitted in part, denied in part. It is admitted only in the fall of 1998, the Department of Corrections established a task force to address the issue of Hepatitis "C" identification and treatment for the inmate population. By way of further answer, as the contracted Medical Director at SCI-Rockview, Dr. Symons was not responsible nor did he have any personal involvement with the preparation and/or drafting of the protocol for Hepatitis "C" identification and treatment developed by the Pennsylvania Department of Corrections. (Symons Dec. par. 11; Rowe Dec. par. 9)

21.    Denied.  Inmate Clark admitted in his deposition testimony that he was examined, evaluated and treated on an ongoing basis between October, 1999 and September, 2000, including blood work, psychiatric evaluations, an ultrasound, and periodic monitoring by SCI-Rockview medical staff prior to being placed on the Interferon drug therapy. (Clark

8

Dep. pp. 103-105; Symons Dec. pars. 16-25) By way of further response, paragraph 21 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

22.    Admitted in part, denied in part. It is admitted that in January, 2000, the Department of Corrections and its contracted medical providers implemented a protocol addressing all of the issues involved in the identification, education, treatment and follow-up care of all inmates, statewide, who tested positive for Hepatitis "C". By way of further response, treatment was available to inmates with Hepatitis "C" including medications such as Interferon, either monotherapy or dual therapy. However, the medications had limited effectiveness, had significant side effects and there were various contraindications for taking those medications. It is also important to note that prior to January, 2000, Plaintiff did not voice any complaints concerning fatigue, abdominal pain, jaundice or any other symptoms from his Hepatitis "C" condition. (Symons Dec. pars. 12, 17; Rowe Dec. pars. 9-12)

23.    Denied. In the professional medical opinions of Dr. Symons and Dr. Rowe, Mr. Clark was provided with reasonable and appropriate

9

medical attention in accordance with acceptable medical standards and at no time material hereto were the Wexford Defendants ever deliberately indifferent to any serious medical need of the Plaintiff. (Symons Dec. pars. 8-11; Rowe Dec. par. 13)  By way of further response, paragraph 23 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

24.    Denied. In the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate care within acceptable medical standards for his Hepatitis "C" condition while incarcerated at SCI-Rockview. (Symons Dec. pars. 8-11; Rowe Dec. par. 13)  By way of further response, paragraph 24 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

25.    Denied. In the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate care within acceptable medical standards for his Hepatitis "C" condition while incarcerated at SCI-Rockview. (Symons Dec. pars. 8-11; Rowe Dec. par. 13)  By way of further response, paragraph 25 of Plaintiff's Statement of Facts fails to

conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

26.    Admitted in part, denied in part.  It is admitted that in January, 2000, the Department of Corrections and its contracted medical providers implemented a protocol addressing all of the issues involved in the identification, education, treatment and follow-up care of all inmates, statewide, who tested positive for Hepatitis "C".  By way of further response, treatment was available to inmates with Hepatitis "C" including medications such as Interferon, either monotherapy or dual therapy.  However, the medications had limited effectiveness, had significant side effects and there were various contraindications for taking those medications.  It is also important to note that prior to January, 2000, Plaintiff did not voice any complaints concerning fatigue, abdominal pain, jaundice or any other symptoms from his Hepatitis "C" condition. (Symons Dec. pars. 12, 17; Rowe Dec. pars. 9-12)

27.    Denied.  In the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate care within acceptable medical standards for his Hepatitis "C" condition while incarcerated at SCI-Rockview.  (Symons Dec. pars. 8-11; Rowe Dec. par. 13)  By way of

further response, paragraph 27 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

28.    Admitted in part, denied in part.  It is admitted only that Plaintiff is not an attorney.  The remaining averments of paragraph 28 are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.  By way of further response, Plaintiff has not pointed to any special circumstances warranting appointment of counsel in this matter.

29.    Admitted in part, denied in part. It is admitted only that Plaintiff is not a medical doctor.  By way of further answer, it is denied that Plaintiff has had limited access to his medical records and other pertinent documents in this case.  To the contrary, in discovery, Plaintiff received copies of his medical records along with voluminous other documents.

30.    Denied.  These averments are denied as a conclusion of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

31.    Denied.  These averments are denied as a conclusion of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

32.    Denied.  In the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate medical attention within acceptable medical standards for his Hepatitis "C" condition while incarcerated at SCI-Rockview.  By way of further response, Wexford's Utilization Review Department, utilizing community guidelines for healthcare management criteria of medical necessity, determined that a liver biopsy was not medically warranted and proposed an alternative plan to do alpha fetoprotein testing and genotyping.  (Symons Dec. pars. 8-11; Rowe Dec. pars. 7-8, 13)

33.    Denied.  In the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate medical attention in accordance with acceptable medical standards for his Hepatitis "C" condition while incarcerated at SCI-Rockview.

34.    Denied.  It is denied that Plaintiff voiced any complaints concerning fatigue, weight loss, abdominal pain, jaundice and/or other

13

symptoms from his Hepatitis "C" condition at any time prior to his referral to the Hepatitis "C" clinic on December 1, 1999. (Symons Dec. pars. 12-15)

35.    Denied.    The consultation request for a liver biopsy was submitted to Wexford's Utilization Review Department which determined that said procedure was not medically warranted and an alternative plan to do alpha fetoprotein testing and genotyping was transmitted to and scheduled by the facility. (Rowe Dec. par. 8)

36.    Denied.    It is denied that Exhibit "G" constitutes competent summary judgment evidence. By way of further response, decisions made with respect to outside consultations and/or treatments for inmates are made on the basis of medical necessity. (Rowe Dec. par. 5)

37.    Denied.    These averments constitute conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure. By way of further answer, it is specifically denied that Plaintiff exhausted all available administrative remedies prior to initiating this civil action as required by the Prison Litigation Reform Act, as amended.

38.    Denied.    These averments constitute conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure. By way of further answer, it is specifically denied that Plaintiff

14

exhausted all available administrative remedies prior to initiating this civil action as required by the Prison Litigation Reform Act, as amended.

39.    Denied.  It is denied that Plaintiff's claims have arguable merit and/or that Plaintiff has demonstrated the requisite special circumstances to warrant court-appointed counsel and/or expert witnesses.

40.    Denied.  These averments are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.  By way of further response, in the professional opinions of Drs. Symons and Rowe, inmate Clark was provided with reasonable and appropriate medical attention in accordance with acceptable medical standards for his Hepatitis "C" condition while incarcerated at SCI-Rockview.

15

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 14th day of March, 2003, I served a true and correct copy of the foregoing **Wexford Defendants' Counterstatement of Material Facts** via U.S. First Class mail, postage prepaid, addressed as follows:

William Clark
Luzerne Treatment Center
600 E. Luzerne Street
Philadelphia, PA  19124


John Talaber, Esquire
Office of Chief Counsel
PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011


_Linda L. Gustin_
Linda L. Gustin