IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CLARK, | : |
| Plaintiff, | : |
| | : Civil Action No. 01-CV-0764 |
| v. | : |
| | : (Judge William W. Caldwell) |
| LARRY LIDGETT, et. al., | : |
| | : JURY TRIAL DEMANDED |
| Defendants. | : |

**CORRECTIONS DEFENDANTS' NUNC PRO TUNC
<u>MOTION FOR AN ENLARGEMENT OF TIME</u>**

Defendants Martin Horn, Robert Meyers, and Larry Lidgett ("Corrections Defendants"), by and through their attorney, John J. Talaber, Assistant Counsel, respectfully request this Honorable Court to grant them an enlargement of time *nunc pro tunc* until April 30, 2003, to file the Corrections Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment, and to file a response to Plaintiff's Statement of Material Facts. The following averments are made in support of this Motion:

<u>Parties and Nature of Action:</u>

1. Plaintiff William Clark is an inmate currently on parole; however, this action concerns events while he was incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview").

2. Clark named the following Department of Corrections employees as Defendants ("Corrections Defendants"): (1) former Secretary of the Department, Martin Horn; (2) SCI-Rockview Superintendent, Robert W. Meyers; and (3) former SCI-Rockview Corrections Health Care Administrator, Larry Lidgett.

3. Additionally, Clark named as Defendants the contracted medical provider at SCI-Rockview: (1) Wexford Health Sources, Inc ("Wexford'); and (2) Wexford Medical Director, Dr. John Symons. James D. Young, Esquire, represents both parties in this action.

4. This is a 42 U.S.C. § 1983 action alleging deliberate indifference to the treatment of Clark's Hepatitis C condition in violation of his Eighth Amendment rights under the United States Constitution. Clark also has pendent state claims of negligence and medical malpractice. Clark seeks compensatory and punitive damages, as well as, declaratory and injunctive relief.

Relevant Procedural History:

5. Pending before this Honorable Court is the Correction Defendants' Motion for Summary Judgment.

6. On or about February 25, 2003, Clark filed a combined pleading in opposition to the Correction Defendants' Motion for Summary Judgment and also sought summary judgment in his favor.

7. The Correction Defendants' Brief in Opposition to Clark's Motion for Summary Judgment, as well as their response to his Statement of Material Facts, was due on March 17, 2003.

Request for an Enlargement of Time Nunc Pro Tunc:

8. The Correction Defendants, by and through the undersigned attorney, respectfully request an enlargement pursuant to Fed.R.Civ.P. 6(b) until April 30, 2003 to file and serve their Brief in Opposition to Clark's Motion for Summary Judgment, and to respond to Clark's Statement of Material Facts.

9. Fed.R.Civ.P. 6(b) provides, in relevant part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

10. "[A] finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good-faith by the parties seeking the enlargement and also must appear that there was a reasonable basis for not complying within the specified period." Four Seasons Securities Laws Litigation v. Bank of

America, 493 F.2d 1288, 1290 (10th Cir. 1974)(finding that because the defendant acted in good faith and there was no indication that the tardiness was part of a strategy designed to gain a tactical advantage, there was no prejudice suffered to the plaintiff from the enlargement of time.)

11. The undersigned attorney respectfully requests that the Court deem the Corrections Defendants' delay in filing the Brief in Opposition to Clark's Motion for Summary Judgment and Statement of Material Facts a result of excusable neglect in this situation.

12. On February 28, 2003, counsel for the Corrections Defendants was informed that his father (age 58) has cancer (later diagnosed as lung cancer) that has moved to the bones throughout his body. Prior to this date the diagnosis was rheumatoid arthritis.

13. On Monday, March 3, 2003, counsel spent the day with his father that culminated into admitting him into the hospital, where he remains at the time of this filing.

14. The physicians and specialists treating counsel's father have informed him that the prognosis is poor, and that his father most likely has a few weeks to a month left.

15. As a result, counsel has spent a significant amount of time away from the Office with his father, but works on his caseload as time permits in the

evenings and on weekends.

16. However, counsel anticipates that over the next few weeks he will continue to be away from the Office to assist Hospice in taking care of his father, and that ultimately, he will be out of the Office at least a week sometime in April to take care of family obligations related to his father's illness.

17. Based on forgoing, counsel for the Corrections Defendants respectfully requests this Honorable Court to excuse his one (1) day delay in seeking this enlargement.

18. Counsel has contacted counsel for the Wexford Defendants, James Young, Esquire, who is aware of and agrees to enlargements of time related to counsel's family situation.

**WHEREFORE**, for the reasons set forth above, the Corrections Defendants respectfully request the Court to grant them an enlargement of time *nunc pro tunc* until April 30, 2003 their Brief in Opposition to Clark's Motion for Summary Judgment and to respond to his statement of material facts.

Respectfully submitted,
Office of General Counsel

BY:   s/ John J. Talaber
      Assistant Counsel
      Department of Corrections
      Office of Chief Counsel
      55 Utley Drive
      Camp Hill, PA  17011
      Phone (717) 731-0444
      Fax     (717) 975 2217
      Jtalaber@state.pa.us
      PA 83279

Dated:  March 19, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CLARK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 01-0764 |
| | : | |
| v. | : | (Judge William W. Caldwell) |
| | : | |
| LARRY LIDGETT, et al., | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## PROOF OF SERVICE

The undersigned hereby certifies that the Corrections Defendants' Motion for an Enlargement of Time Nunc Pro Tunc was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

William Clark
Luzerne Treatment Center
600 E. Luzerne Street
Philadelphia, PA  19124

Service by Electronic Case Filing:

James D. Young, Esquire

s/ John J. Talaber
John J. Talaber
Assistant Counsel

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  March 20, 2003