# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CLARK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 01-0764 |
| | : | |
| v. | : | (Judge William W. Caldwell) |
| | : | |
| LARRY LIDGETT, et al., | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | Filed Via Electronic Case Filing |

## CORRECTIONS DEFENDANTS' COUNTERSTATEMENT OF MATERIAL FACTS

The Corrections Defendants, Martin Horn, Robert Meyers, and Larry Lidgett, by and through their attorney, John J. Talaber, Assistant Counsel for the Pennsylvania Department of Corrections, file this Counterstatement of Material Facts, incorporating by reference the averments of paragraphs 1 through 136 of the Corrections Defendants' Statement of Material Facts and further aver as follows:

1. ADMITTED in part and DENIED in part.  It is admitted that prior to March 10, 2003, Plaintiff was incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview").  By way of further response, Plaintiff's was released on parole from SCI-Rockview on March 10, 2003, and is residing at

   the Luzerne Treatment Center, 600 E. Luzerne Street, Philadelphia, Pennsylvania, 19124.  (Plaintiff's Notice of Change of Address (doc. 113 )).

2. ADMITTED in part and DENIED in part.  It is ADMITTED only that in October 1999, Plaintiff requested HIV and Hepatitis C testing.  By way of further answer, it is DENIED that Plaintiff was complaining of constant fatigue and/or listlessness as alleged.  To the contrary, when he was initially seen at the Hepatitis C clinic, Plaintiff denied fatigue, weight loss, abdominal pain, jaundice or other symptoms associated with his Hepatitis C.  On numerous prior occasions when Plaintiff was evaluated and/or treated by Dr. Symons, Plaintiff failed to voice any such complaints.  (Symons Declaration. ¶¶12-13, 16; Clark Deposition, pp. 66-67).

3. ADMITTED.  By way of further answer, the liver profile conducted on October 15, 1999 confirmed the presence of HCV antibodies and showed that Plaintiff's liver enzymes were slightly elevated.  (Symons Declaration, ¶14).

4. DENIED as stated.  See response to ¶ 3 of Plaintiff's Statement of Material Facts.  By way of further response, this paragraph fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

5.  DENIED. It is admitted only that the liver profile conducted on the Plaintiff in 1992 showed that Plaintiff's liver enzymes were slightly elevated. The liver profile testing was repeated in 1996 and Plaintiff's liver enzymes were normal. By way of further response, the Wexford Defendants were not the contracted medical providers at SCI-Rockview in 1992. (Symons Declaration, ¶¶ 2,25; Plaintiff's Exhibit B-1, p. 2; Clark Deposition, p.63).

6.  ADMITTED. On November 10, 1999, Dr. Symons saw Plaintiff and had a lengthy discussion with him at that time concerning his Hepatitis C condition. (Symons Declaration, ¶15).

7.  ADMITTED. By way of further answer, see response to paragraph 6.

8.  ADMITTED. By way of further answer, see response to paragraph 6.

9.  DENIED. It is denied that Hepatitis C in the sole cause of psoriasis and it is denied that Plaintiff's psoriasis was ever diagnosed as being caused by his Hepatitis C condition. Moreover, Plaintiff was being treated for psoriasis long before the onset of his Hepatitis C complaints. (Symons Declaration, ¶¶ 12-13).

10. ADMITTED in part and DENIED in part. It is admitted only that Plaintiff was seen at the hepatitis C clinic on December 1, 1999. The remaining averments of paragraph 10 are denied. By way of further answer, in the professional opinions of Drs. Symons and Rowe, Plaintiff receive reasonable

3

and appropriate medical attention in accordance with acceptable medical standards for his Hepatitis C condition while he was incarcerated at SCI-Rockview. (Symons Declaration, ¶¶ 8-11, Rowe Declaration, ¶13). Moreover, it is the opinion of Dr. Berel B. Arrow, Assistant Medical Director for the department of Corrections that within a reasonable degree of medical certainty, Plaintiff received appropriate treatment for his Hepatitis C condition. (Dr. Arrow Declaration, p. 11, ¶49).

11. ADMITTED in part and DENIED in part. It is admitted only that Plaintiff filed grievance No. ROC-0706-99 on or about December 1, 1999. The substance of Plaintiff's grievance is denied and Grievance Coordinator, Jeffrey Rackovan's response to that grievance is incorporated herein by reference. (Plaintiff's Exhibit B-1).

12. DENIED. In the professional medical opinions of Dr. Symons and Dr. Rowe, Mr. Clark was provided with reasonable and appropriate medical attention in accordance with acceptable medical standards and at no time material hereto were the Corrections Defendants or the Wexford Defendants ever deliberately indifferent to any serious medical need of the Plaintiff. (Symons Declaration, ¶¶ 8-11, Rowe Declaration, ¶13; Arrow Declaration, p.11, ¶49). By way of further response, paragraph 12 of Plaintiff's

       Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

13      ADMITTED in part and DENIED in part. It is admitted that Plaintiff filed Grievance ROC-0641-01. By way of further response, Wexford's Utilization Review Department, using community guidelines for healthcare management criteria of medical necessity, determined that a liver biopsy was not medically warranted and offered an alternative plan to perform alpha-fetoprotein testing and viral genotype. In the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate medical attention in accordance with acceptable medical standards on his hepatitis C condition while incarcerated at SCI-Rockview. By way of further response, paragraph 13 of Plaintiff's statement of Material Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record. (Symons Declaration, ¶30; Rowe Declaration, ¶8).

14.     ADMITTED. By way of further response, the Corrections Defendants incorporate by reference the averments of their response to paragraph 13 of Plaintiff's Statement of Facts. By way of further response, paragraph 14 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

15. ADMITTED in Part and DENIED in part. It is admitted that Wexford's Utilization Review Department proposed an alternative plan to do alpha fetaprotein testing and genotyping. The remaining averments of paragraph 15 are denied. By way of further answer, utilizing community guidelines for healthcare management criteria of medical necessity, Wexford's Utilization Review Department determined that a liver biopsy was not medically warranted. (Rowe Declaration, ¶¶ 7-8).

16. DENIED. Wexford's Utilization Review Department, utilizing community guidelines for healthcare management criteria of medical necessity, determined that a liver biopsy was not medically warranted and approved an alternative plan to do alpha fetoprotein testing and genotyping on the Plaintiff. In the professional opinions of Drs. Symons, Rowe, and Arrow that Plaintiff received reasonable and appropriate medical attention in accordance with acceptable medical standards for his Hepatitis C condition while incarcerated at SCI-Rockview. By way of further response, paragraph 16 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record. (Symons Declaration, ¶¶ 8-11; Rowe Declaration, ¶¶ 7-8, 13; Arrow Declaration, p. 11, ¶49).

17. DENIED. Wexford's Utilization Review Department, utilizing community guidelines for healthcare management criteria of medical necessity, determined that a liver biopsy was not medically warranted and approved an alternative plan to do alpha fetaprotein testing and genotyping on the Plaintiff. By way of further answer, in the professional opinions of Drs. Symons, Rowe, and Arrow that Plaintiff received reasonable and appropriate medical attention in accordance with acceptable medical standards for his Hepatitis C condition while he was incarcerated at SCI-Rockview. By way of further response, paragraph 17 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record. (Symons Declaration, ¶¶ 8-11; Rowe Declaration, ¶¶ 7-8, 13; Arrow Declaration, p. 11, ¶49).

18. DENIED. It is denied that a liver biopsy was medically warranted in July 2001. By way of further answer, the Corrections Defendants incorporate by reference their response to paragraph 16 as if fully set forth at length herein (Rowe Declaration, ¶¶ 7-8).

19. ADMITTED in part and DENIED in part. It is admitted that in January 2000, the Department of Corrections and its contracted medical providers implemented a protocol addressing all of the issues involved in the identification, education, treatment and follow-up care of all inmates,

7

statewide, who tested positive for Hepatitis C. By way of further response, treatment was available to inmates with Hepatitis C including medications such as Interferon, either monotherapy or dual therapy. However, the medications had limited effectiveness, had significant side effects, and there various contraindications for taking those medications. It is also important to note that prior to January 2000, Plaintiff did not voice any complaints concerning fatigue, abdominal pain, jaundice, or any other symptoms from his Hepatitis C condition. (Symons Declaration, ¶¶ 12,1 7; Rowe Declaration, ¶¶ 9-12; Arrow Declaration, pp. 7-11, ¶¶ 31-49).

20. ADMITTED in part and DENIED in part. It is admitted only in the fall of 1998, the Department of Corrections established a task force to address the issue of Hepatitis C identification and treatment for the inmate population. By way of further answer, as the contracted Medical Director at SCI-Rockview, Dr. Symons was not responsible nor did he have any personal involvement with the preparation and/or drafting of the protocol for Hepatitis C identification and treatment developed by the Pennsylvania Department of Corrections. (Symons Declaration, ¶11; Rowe Declaration, ¶9; Declaration of Jeffrey A. Beard, Ph.D., pp. 4-5, ¶¶ 12, 13).

21. DENIED. Inmate Clark admitted in his deposition testimony that he was examined, evaluated, and treated on an ongoing basis between October,

1999 and September, 2000, including blood work, psychiatric evaluations, an ultrasound, and periodic monitoring by SCI-Rockview medical staff prior to being placed on the Interferon drug therapy. (Clark Deposition, pp. 103-105; Symons Declaration, ¶¶ 16-25). By way of further response, paragraph 21 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

22. ADMITTED in part and DENIED in part. It is admitted that in January 2000, the Department of Corrections and its contracted medical providers implemented a protocol addressing all of the issues involved in the identification, education, treatment, and follow-up care of all inmates, statewide, who tested positive for Hepatitis C. By way of further response, treatment was available to inmates with hepatitis C including medications such as Interferon, either monotherapy or dual therapy. However, the medications had limited effectiveness, had significant side effects and there were various contraindications for the taking of those medications. It is also important to note that prior to January 2000, Plaintiff did not voice any complaints concerning fatigue, abdominal pain, jaundice or any other symptoms from his hepatitis C condition. (Symons Declaration, ¶¶ 12, 17; Rowe Declaration, ¶¶ 9-12; Arrow Declaration, pp. 7-11, ¶¶ 31-49).

23. DENIED. In the professional medical opinions of Dr. Symons and Dr. Rowe, Mr. Clark was provided with reasonable and appropriate medical attention in accordance with acceptable medical standards and at no time material hereto were the Corrections Defendants or the Wexford Defendants ever deliberately indifferent to any serious medical need of the Plaintiff. (Symons Declaration, ¶¶ 8-11; Rowe Declaration, ¶13; Arrow Declaration, p. 11, ¶49). By way of further response, paragraph 23 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

24. DENIED. In the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate medical care within acceptable medical standards for his hepatitis C condition while incarcerated at SCI-Rockview. (Symons Declaration, ¶¶ 8-11; Rowe Declaration, ¶13; Arrow Declaration, p.11, ¶49). By way of further response, paragraph 24 of Plaintiff's Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

25. DENIED. In the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate care within acceptable medical standards for his Hepatitis C condition while incarcerated at SCI-Rockview. (Symons Declaration, ¶¶ 8-11; Rowe Declaration, ¶13; Arrow Declaration,

p. 11, ¶49). By way of further response, paragraph 25 of Plaintiff's Statement of Facts fails to conform to the requirements of local Rule 56.1 in that it does not contain any citation to the record.

26. ADMITTED in part and DENIED in part. It is admitted that in January 2000, the Department of Corrections and its contracted medical providers implemented a protocol addressing all of the issues involved in the identification, education, treatment, and follow-up care of all inmates, statewide, who tested positive for Hepatitis C. By way of further response, treatment was available to inmates with hepatitis C including medications such as Interferon, either monotherapy or dual therapy. However, the medications had limited effectiveness, had significant side effects and there were various contraindications for the taking of those medications. It is also important to note that prior to January 2000, Plaintiff did not voice any complaints concerning fatigue, abdominal pain, jaundice or any other symptoms from his hepatitis C condition. (Symons Declaration, ¶¶ 12, 17; Rowe Declaration, ¶¶ 9-12; Arrow Declaration, pp. 7-11, ¶¶ 7-49).

27. DENIED. In the professional opinions of Drs. Symons, Rowe, and Arrow, Plaintiff received reasonable and appropriate care within acceptable medical standards for his Hepatitis C condition while incarcerated at SCI-Rockview. (Symons Declaration, ¶¶ 8-11; Rowe Declaration, ¶13; Arrow Declaration,

p. 11, ¶49). By way of further response, paragraph 27 of Plaintiff Statement of Facts fails to conform to the requirements of Local Rule 56.1 in that it does not contain any citation to the record.

28. ADMITTED in part and DENIED in part. It is admitted only that Plaintiff is not an attorney. The remaining averments of paragraph 28 are conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil procedure. By way of further response, Plaintiff has not pointed to any special circumstance warranting appointment of counsel in this matter.

29. ADMITTED in part and DENIED in part. It is ADMITTED only that Plaintiff is not a medical doctor. By way of further answer, it is denied that Plaintiff has had limited access to his medical records or other pertinent documents in this case. To the contrary, in discovery, Plaintiff received free copies of his medical records along with voluminous other documents.

30. DENIED. These averments are denied as a conclusion of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

31. DENIED. These averments are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure.

32. DENIED. In the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate medical attention within acceptable medical standards for his Hepatitis C condition while incarcerated at SCI-

Rockview. By way of further response, Wexford's Utilization Review Department, utilizing community guidelines for healthcare management criteria of medical necessity, determined that a liver biopsy was not medically warranted and proposed an alternative plan to do alpha-fetoprotein testing and genotyping. (Symons Declaration, ¶¶ 8-11; Rowe Declaration, ¶¶ 7-8, 13).

33. DENIED. In the professional opinions of Drs. Symons and Rowe, Plaintiff received reasonable and appropriate medical attention in accordance with acceptable medical standards for his Hepatitis C condition while incarcerated at SCI-Rockview. (Symons Declaration, ¶¶8-11; Rowe declaration, ¶13; Arrow Declaration, p.11, ¶49.)

34. Denied. It is denied that Plaintiff voiced any complaints concerning fatigue, weight loss, abdominal pain, jaundice and/or other symptoms from his Hepatitis C condition at any time prior to his referral to the Hepatitis C clinic on December 1, 1999. (Symons Declaration, ¶¶ 12-15).

35. DENIED. The consultation request for a liver biopsy was submitted to Wexford's Utilization Review Department which determined that said procedure was not medically warranted and an alternative plan to do alpha fetoprotein testing and genotyping was transmitted to and scheduled by the facility. (Rowe Declaration, ¶8).

36. DENIED. It is denied that Exhibit G constitutes competent summary judgment evidence. By way of further response, decisions made with respect to outside consultation and/or treatments for inmates are on the basis of medical necessity. (Rowe Declaration, ¶5).

37. DENIED. These averments constitute conclusions of law to which no response is necessary pursuant to the federal Rules of Civil Procedure. By way of further answer, it is specifically denied that Plaintiff exhausted all available administrative remedies prior to initiating this civil action as required by the Prison Litigation Reform Act, as amended.

38. DENIED. These averments constitute conclusions of law to which no response is necessary pursuant to the federal Rules of Civil procedure. By way of further answer, it is specifically denied that Plaintiff exhausted all available administrative remedies prior to initiating this civil action as required by the Prison Litigation Reform Act, as amended.

39. DENIED. It is denied that Plaintiff's claims have arguable merit an/or that Plaintiff has demonstrated the requisite special circumstances to warrant court-appointed counsel and/or expert witnesses.

40. DENIED. These averments are denied as conclusions of law to which no response is necessary pursuant to the Federal Rules of Civil Procedure. By way of further response, in the professional opinions of Drs. Symons, Rowe,

and Arrow that inmate Clark was provided with reasonable and appropriate medical attention in accordance with acceptable medical standards for his Hepatitis C condition while incarcerated that SCI-Rockview. (Symons Declaration, ¶¶ 8-11; Rowe Declaration, ¶13; Arrow Declaration, p. 11, ¶49).

                                                Respectfully submitted,
                                                Office of General Counsel


                          BY:   s/ John J. Talaber
                                    Assistant Counsel
                                    Department of Corrections
                                    Office of Chief Counsel
                                    55 Utley Drive
                                    Camp Hill, PA  17011
                                    Phone (717) 731-0444
                                    Fax (717) 975-2217
                                    JTalaber@state.pa.us
                                    PA 83279

Dated:  April 30, 2003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CLARK, : | |
| : | |
| Plaintiff, : | |
| : | Civil No. 01-0764 |
| : | |
| v. : | (Judge William W. Caldwell) |
| : | |
| LARRY LIDGETT, et al., : | JURY TRIAL DEMANDED |
| : | |
| Defendants. : | |

### PROOF OF SERVICE

The undersigned hereby certifies that the Corrections Defendants' Counterstatement of Material Facts was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

William Clark
Luzerne Treatment Center
600 E. Luzerne Street
Philadelphia, PA  19124

Service by Electronic Case Filing:

James D. Young, Esquire

　　　　　　　　　　　　　　　　　　　　s/ John J. Talaber
　　　　　　　　　　　　　　　　　　　　John J. Talaber
　　　　　　　　　　　　　　　　　　　　Assistant Counsel

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  April 30, 2003